Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MERRITT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS PLC, JAMES E STALEY, TUSHAR MORZARIA, C.S. VENKATAKRISHNAN, and ANNA CROSS,<br><br>Defendants. | Case No. 2:23-cv-09217-MEMF-KSx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID SAMUEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br>CLASS ACTION<br><br>JUDGE: Maame Ewusi-Mensah Frimpong<br>HEARING: May 30, 2024<br>TIME: 10:00 a.m.<br>CTRM: 8B |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID SAMUEL FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-09217-MEMF-KSx

Movant David Samuel ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for the class of all purchasers of Barclays PLC ("Barclays" or the "Company") securities between July 22, 2019 and October 12, 2023, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) approving The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

This action was commenced by Rosen Law on November 1, 2023 against Defendants Barclays PLC, James E. ("Jes") Staley, Tushar Morzaria, C.S. Venkatakrishnan, and Anna Cross ("Defendants"). Dkt. No. 1. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

According to the complaint, Defendant Barclays is a British universal bank. Dkt. No. 1 ¶ 7. Barclays is incorporated in England and its head office is located at 1 Churchill Place, London, E14 5 HP, England. *Id* ¶ 8 . Barclays' American Depositary Receipts ("ADRs" or "ADR") trade on the New York Stock Exchange ("NYSE") under the ticker symbol "BCS". *Id.*

This action concerns links between Defendant Staley, the former CEO of Barclays, and Jeffrey Epstein ("Epstein"), a notorious criminal. *See generally Id*. at ¶¶ 7-8, 23, 63. According to the complaint, Defendant Staley worked at J.P. Morgan prior to becoming CEO of Barclays, during which time he met Epstein. *See Id.* at ¶ 23. After this relationship became publicized, the British Financial Conduct

1

Authority (the "FCA") opened a regulatory investigation into Staley and Epstein's relationship. *See Id.* at ¶ 27.

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Contrary to his public assertions, Jes Staley had a close relationship with Jeffrey Epstein; (2) Staley was reportedly aware of Jeffrey Epstein's criminal activities and may have even sexually assaulted a victim who had previously been trafficked by Jeffrey Epstein; (3) Staley's close, personal relationship with Jeffrey Epstein, and potential criminal activity, if discovered, could bring reputational, legal, and financial harm to Barclays; (4) as a result, Barclays response to the FCA's inquiry regarding Staley's relationship with Epstein was materially false; (5) Barclays, having become aware of information contradicting its response to the FCA's inquiry, then failed to update the response so that it would be accurate, or otherwise take any meaningful action; and (6) that as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times. *Id.* at ¶ 63.

On November 1, 2021, after market hours, Barclays filed a current report on Form 6-K with the SEC, announcing Defendant Staley's departure from Barclays as a result of preliminary conclusions by the FCA into his relationship with Epstein. *See Id.* at ¶ 64 .

On this news, the price of Barclays ADRs fell by $0.25 per ADR, or 2.23%, to close at $10.93 per ADR on November 2, 2021. *See Id.* at ¶ 65.

On November 12, 2021, before the domestic market closed, the *Financial Times* published an article entitled "Jes Staley exchanged 1,200 emails with Epstein that included unexplained phrases." This article provided a detailed description of Defendant Staley's relationship with Epstein, and revealed how Barclays' Board became aware of email correspondence between Epstein and Staley in late 2019,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID SAMUEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-09217-MEMF-KSx

and how Barclays was given Staley and Epstein's email correspondence. *See Id.* at ¶ 66.

On this news, the price of Barclays ADRs went down by $0.05 per ADR, or 0.469%, to close at 10.62 on November 12, 2021. *Id.* at ¶ 67.

Then, after market hours on March 8, 2023, relating to the litigation *Jane Doe 1 v. JPMorgan Chase Bank, N.A.,* 22-v-10019-JSR (S.D.N.Y.), JPMorgan Chase Bank ("J.P. Morgan") filed a third-party complaint against Defendant Staley for indemnity, contribution, breach of fiduciary duty, and breach of the faithless servant doctrine in the event that it was found liable in that matter. This complaint detailed allegations that Defendant Staley had been aware of, observed, and possibly actively participated in Epstein's criminal activities. *See* Dkt. No. 1 ¶¶ 68-71

On this news, the price of Barclays ADRs went down by $0.29, or 3.59%, to close at $7.77 on March 9, 2023, and then an additional $0.24 per ADR, or 3.08%, to close at $7.53 on March 10, 2023. *Id.* at ¶ 72.

On October 12, 2023, the FCA published an announcement on its website entitled "FCA decides to fine and ban James Staley." This announcement detailed how Defendant Staley had "recklessly approved a letter sent by Barclays to the FCA, which contained two misleading statements, about the nature of his relationship with Jeffrey Epstein and the point of their last contact." *Id.* at ¶ 73.

On this news, Barclays' ADRs fell $0.39 per ADR, or 4.98%, to close at $7.43 per ADR on October 12, 2023, damaging investors. *Id.* at ¶ 74.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *See Id.* ¶ 75.

## ARGUMENT

**II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

3

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant is Willing to Serve as Class Representative**

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial

interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $10,573 in connection with his purchases of Barclays securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion

5

for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased Barclays securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

6

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has over fifteen years of investing experience and is a retired serial entrepreneur, having previously had several companies in fields as diverse as retail and waste remediation. Movant lives in Tamarin, Mauritius.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen

7

Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  January 2, 2024                      Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             /s/ Laurence M. Rosen
                                             Laurence M. Rosen, Esq. (SBN 219683)
                                             355 South Grand Avenue, Suite 2450
                                             Los Angeles, CA 90071
                                             Telephone: (213) 785-2610
                                             Facsimile: (213) 226-4684
                                             Email: lrosen@rosenlegal.com

                                             *Counsel for Movant and [Proposed] Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID SAMUEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-09217-MEMF-KSx

# **CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for David Samuel, certifies that this brief contains 2,180 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 2, 2024

/s/ Laurence M. Rosen

9

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen. On January 2, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID SAMUEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 2, 2024.

/s/ Laurence M. Rosen
Laurence M. Rosen

10