ROBBINS GELLER RUDMAN
   & DOWD LLP
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>BARCLAYS PLC, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:      February 22, 2024<br>TIME:      10:00 a.m.<br>CTRM:    8B, 8th Floor<br>JUDGE:   Hon. Maame Ewusi-Mensah Frimpong |

## I.    INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers of Barclays PLC ("Barclays" or the "Company") publicly traded securities between July 22, 2019 and October 12, 2023, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its top executive officers.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Teamsters Local 237 Additional Security Benefit Fund and Supplemental Fund for Housing Authority Employees (the "Teamsters Funds") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Teamsters Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

Barclays is a British universal bank.  Barclays American Depositary Receipts ("ADR") trade on the New York Stock Exchange under the ticker BCS.

As the complaint alleges, defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) contrary to his false public assertions, the Company's former Group Chief Executive ("CEO") James E. "Jes" Staley had a very close relationship with American financier and sex offender Jeffrey Epstein; (2) Staley was reportedly aware of Epstein's criminal activities and may have even sexually assaulted a victim who had previously been trafficked by

- 1 -

Jeffrey Epstein; (3) Staley's close, personal relationship with Epstein, and potential criminal activity, if discovered, could bring reputational, legal, and financial harm to Barclays; (4) as a result, Barclays' response to the British Financial Conduct Authority's ("FCA") inquiry regarding Staley's relationship with Epstein was materially false; (5) Barclays, having become aware of information contradicting its response to the FCA's inquiry, then failed to update the response so that it would be accurate, or otherwise take any meaningful action; and (6) that as a result, defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

The complaint alleges that these misleading statements and omissions artificially inflated the price of Barclays securities, and later, when defendants' prior misrepresentations and fraudulent conduct were disclosed to the market, including on November 1, 2021, and October 12, 2022, Barclays ADR price fell significantly. As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Barclays ADRs, class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Teamsters Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on November 1, 2023 via *Business Wire*. *See* Declaration of Michael

- 2 -

Albert in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Albert Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).   The Teamsters Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1.   This Motion Is Timely

The November 1, 2023 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by January 2, 2024.  *See* Albert Decl., Ex. A.  Because the Teamsters Funds' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2.   The Teamsters Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Teamsters Funds purchased 38,392 shares of Barclays ADRs and suffered more than $112,383 in losses as a result of defendants' alleged misconduct.  *See* Albert Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Teamsters Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

- 3 -

4853-6193-3978.v1

### 3.      The Teamsters Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at \*5 (C.D. Cal. Jan. 21, 2011) (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citation omitted).  Here, like all other class members, the Teamsters Funds: (1) purchased Barclays securities during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. *See* Albert Decl., Exs. B, C.  "The typicality requirement thus appears to be satisfied because [their] claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at \*6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id.*  Here, the Teamsters Funds' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims.  The Teamsters Funds' interests are aligned with the interests of the putative class.  And, as

- 4 -

4853-6193-3978.v1

institutional investors, the Teamsters Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). The Teamsters Funds are related funds benefitting members and beneficiaries affiliated with Teamsters Local 237, a union of over 20,000 New York City employees who work in government agencies and several municipalities, libraries, and schools on Long Island.[1]

Finally, the Teamsters Funds have selected qualified counsel to represent them and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the Teamsters Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.    The Court Should Approve the Teamsters Funds' Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Teamsters Funds have selected Robbins Geller.[2]

---

[1]    For additional information about the Teamsters Funds' operations, history, and financials, *see* https://www.local237.org/benefits.

[2]    For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

4853-6193-3978.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon their counsel's extensive experience and proven track record in securities class actions, the Teamsters Funds' selection of counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Teamsters Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Teamsters Funds respectfully request

4853-6193-3978.v1

that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: January 2, 2024   Respectfully submitted.

          s/ Michael Albert
          MICHAEL ALBERT

ROBBINS GELLER RUDMAN
 & DOWD LLP
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 7 -

4853-6193-3978.v1

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Teamsters Local 237 Additional Security Benefit Fund and Supplemental Fund for Housing Authority Employees, certifies that this brief contains 1,872 words, which complies with the word limit of L.R. 11-6.1.

DATED:  January 2, 2024

s/ Michael Albert
MICHAEL ALBERT

- 8 -

4853-6193-3978.v1