ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>   vs.<br><br>BARCLAYS PLC, et al.,<br><br>                 Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>CLASS ACTION<br><br>THE TEAMSTERS FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION<br><br>DATE:     May 30, 2024<br>TIME:     10:00 a.m.<br>CTRM:   8B, 8th Floor<br>JUDGE:  Hon. Maame Ewusi-Mensah Frimpong |

4893-1446-0574.v1

## I.    INTRODUCTION

On January 2, 2024, two competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Teamsters Local 237 Additional Security Benefit Fund and Supplemental Fund for Housing Authority Employees (the "Teamsters Funds"); and (2) David Samuel.  Based on information contained in the lead plaintiff motions, the Teamsters Funds are the "most adequate plaintiff" within the meaning of the PSLRA as they possess the "largest financial interest in the relief sought by the class" and "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with over 38,392 Barclays PLC American Depositary Receipts purchased and $112,383 in losses incurred during the Class Period (July 22, 2019-October 12, 2023), the Teamsters Funds' financial interest "in the relief sought by the class" is undeniably more than Mr. Samuel's.



In accordance with the PSLRA, the Teamsters Funds are therefore entitled to a strong presumption that they are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy.  *See* ECF 18 at 4-5; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  That presumption can only be rebutted "upon proof" that the Teamsters Funds are inadequate or atypical.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  There are no facts, let

- 1 -

4893-1446-0574.v1

alone any "proof," suggesting that the Teamsters Funds are somehow unfit to represent the class.

To the contrary, the Teamsters Funds – institutional investors with experience serving as fiduciary and as lead plaintiff in securities litigation – are a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members.  In addition, the Teamsters Funds have chosen counsel with decades of experience litigating securities class actions.  Accordingly, the Teamsters Funds are the "most adequate plaintiff" pursuant to the PSLRA.

Because the Teamsters Funds have the largest financial interest and satisfy the Rule 23 requirements, the Teamsters Funds respectfully request that the Court grant their lead plaintiff motion and deny the competing motion by Mr. Samuel.

## II.   ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'" *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Cavanaugh*, 306 F.3d at 729).  The first step – publication of the pendency of this Action – has been completed.  *See* ECF 19-1.  In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if*** the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

- 2 -

4893-1446-0574.v1

**A.**    **Only The Teamsters Funds Qualify for the "Most Adequate Plaintiff" Presumption**

**1.**    **The Teamsters Funds Have the Largest Financial Interest**

The second step consists of identifying the presumptive lead plaintiff.  During this second stage of the three-step lead plaintiff inquiry, "'the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'"  *In re Cheetah Mobile, Inc. Sec. Litig*., 2021 WL 99635, at *2 (C.D. Cal. Jan. 12, 2021) (quoting *Cavanaugh*, 306 F.3d at 730).  While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4.   Most district courts consider various factors, of which loss is considered the most important.  *See Cheetah Mobile*, 2021 WL 99635, at *3 ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [loss above any other factors]"); *Roberti*, 2014 WL 12845727, at *2 (looking to loss as the proxy for financial interest).  Examining each movant's trading, it is apparent that the Teamsters Funds possess the largest loss, regardless of the accounting methodology used to calculate losses.  However, if the Court was to consider other factors such as: "(1) gross shares purchased; (2) net shares purchased; [and] (3) net funds expended" (*Cheetah Mobile*, 2021 WL 99635, at *3), the Teamsters Funds are *still* the movant with the largest financial interest in the relief sought by the class:

|  | **Factor 1** | **Factor 2** | **Factor 3** |
|---|---|---|---|
| **Movant** | Total Shares Purchased During CP | Net Shares Purchased During CP | Net Funds Expended During CP |
| Teamsters Funds | 38,392 | 38,392 | $386,087 |
| Mr. Samuel | 11,500 | 11,500 | $92,798 |

- 3 -

4893-1446-0574.v1

In sum, the Teamsters Funds possess the largest financial interest. Pursuant to the PSLRA's process, "further inquiry must focus on [the Teamsters Funds] alone and be limited to determining whether [they] satisf[y] the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

### B. The Teamsters Funds Also Satisfy the Rule 23 Requirements

Because the Teamsters Funds possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. As evidenced by the information provided by the Teamsters Funds in their lead plaintiff application, there is no question that they are both typical of the putative class and adequate. *See* ECF 18 at 4-5. The Teamsters Funds satisfy the typicality requirement as their claims are essentially identical to those of all other class members and rely on the same factual and legal arguments. *Id.* The Teamsters Funds are adequate because, *inter alia*, their interests are aligned with those of other class members because all class members purchased Barclays securities and were negatively impacted by defendants' alleged wrongdoing. Moreover, the Teamsters Funds are sophisticated institutional investors with experience serving as a fiduciary. *Id* at 5 n.1. As such, the Teamsters Funds are not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing. In addition, the Teamsters Funds selected a lead counsel that is highly qualified to prosecute this securities fraud class action. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828-MWF-SK, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (Approving $100

- 4 -

4893-1446-0574.v1

million settlement in a securities class action filed against Stamps.com and finding that: "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy.").

Because the Teamsters Funds have the largest financial interest and satisfy Rule 23's requirements, they are the presumptively the "most adequate plaintiff."

### C. Mr. Samuel's Motion Should Be Denied Because He Lacks the Largest Financial Interest and Cannot Rebut the Presumption in the Teamsters Funds' Favor

To rebut the presumption in favor of the Teamsters Funds' appointment as lead plaintiff, the PSLRA requires Mr. Samuel submit "proof" that the Teamsters Funds "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. Because Mr. Samuel has smaller losses than the Teamsters Funds and cannot rebut the presumption that the Teamsters Funds are the most adequate plaintiff, his motion must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider Mr. Samuel's motion "if and ***only if*** [the Teamsters Funds are] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added). Because the Teamsters Funds are "both willing to serve and satisf[y] the requirements of Rule 23," Mr. Samuel's motion should be denied. *Id.* at 730.

## III.   CONCLUSION

The Teamsters Funds suffered the greatest loss and demonstrated their ability to satisfy Rule 23's typicality and adequacy requirements. The Teamsters' Funds' motion should be granted.

- 5 -

4893-1446-0574.v1

DATED: January 16, 2024

Respectfully submitted

ROBBINS GELLER RUDMAN
& DOWD LLP
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Teamsters Local 237 Additional Security Benefit Fund and Supplemental Fund for Housing Authority Employees, certifies that this brief contains 1,373 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 16, 2024

s/ Michael Albert
MICHAEL ALBERT

- 6 -

4893-1446-0574.v1