PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

SCOTT D. MUSOFF (admitted *pro hac vice*)
scott.musoff@skadden.com
BORIS BERSHTEYN (admitted *pro hac vice*)
boris.bershteyn@skadden.com
LARA A. FLATH (admitted *pro hac vice*)
lara.flath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (212) 735-2000

Attorneys for Defendants Barclays PLC and Nigel Higgins

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS, <br><br> Defendants. | CASE NO.: 2:23-cv-09217-MEMF-KS <br><br> **(1) REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS BARCLAYS PLC'S AND NIGEL HIGGINS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> **(2) DECLARATION OF LARA A. FLATH; and** <br><br> **(3) [PROPOSED] ORDER (lodged under separate cover).** <br><br> Date: March 20, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8B <br> Judge: Hon. Maame Ewusi-Mensah Frimpong <br><br> Complaint Filed: November 1, 2023 <br> Amended Complaint Filed: August 12, 2024 |

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE NO.: 2:23-cv-09217-MEMF-KS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Barclays PLC and Nigel Higgins ("Defendants") respectfully request that the Court consider, in connection with Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion"), Exhibits 1 through 8 attached to the accompanying Declaration of Lara A. Flath (the "Flath Declaration"):

Exhibit 1: A true and correct copy of a July 22, 2019 *New York Times* article titled "Jeffrey Epstein's Deep Ties to Top Wall Street Figures."

Exhibit 2: A true and correct copy of a February 13, 2020 press release issued by Barclays PLC and filed with the SEC as a Form 6-K titled "Director effective assessment: disclosure of regulatory investigation."

Exhibit 3: A true and correct copy of a November 1, 2021 press release issued by Barclays PLC and filed with the SEC as a Form 6-K titled "Board changes."

Exhibit 4: A true and correct copy of a November 12, 2021 *Financial Times* article titled "Jes Staley exchanged 1,200 emails with Epstein that included unexplained phrases."

Exhibit 5: A true and correct copy of a November 28, 2021 *The Mail on Sunday* article titled "Barclays boss calls top shareholders to warn messages between Jeffrey Epstein and former boss Jes Staley are 'uncomfortable' reading."

Exhibit 6: A true and correct copy of a March 4, 2023 *Financial Times* article titled "Why the Jeffrey Epstein scandal continues to haunt JPMorgan and Barclays."

Exhibit 7: A true and correct copy of the Financial Conduct Authority's Decision Notice ("FCA Decision") dated May 30, 2023 and published October 12, 2023.

Exhibit 8: A true and correct copy of excerpts of the 2022 Form 20-F Annual Report filed with the SEC by Barclays PLC on February 15, 2023.

Each of these Exhibits may be properly considered by the Court in connection with Defendants' Motion because each Exhibit is (i) incorporated by reference in, and integral to, the Amended Class Action Complaint (the "Complaint" or "AC"), and (ii) subject to judicial notice.

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE NO.: 2:23-cv-09217-MEMF-KS

DATED: October 30, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Lara A. Flath_____
LARA A. FLATH

Attorneys for Defendants
Barclays PLC and Nigel Higgins

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE NO.: 2:23-cv-09217-MEMF-KS

In assessing claims of alleged securities fraud, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)[1]; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201" both "permit district courts to consider materials outside a complaint").

Defendants respectfully request that the Court consider Exhibits 1-8 to the Flath Declaration because each Exhibit is incorporated by reference in the AC and subject to judicial notice.

## I.    THE COURT SHOULD CONSIDER EXHIBITS 1-8 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

The Court may properly consider Exhibits 1-8 because each is incorporated by reference in the Complaint. In the context of a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents whose contents . . . are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated in part on other grounds as stated in S. Ferry LP, No. 2 v. Killinger,* 542 F.3d 776 (9th Cir. 2008). The doctrine "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). In a federal securities case such as this one, if the document "contains [one of the] alleged misrepresentation[s]," the document necessarily "forms the basis of the claim, and can be considered as incorporated by reference into the complaint. *Id.* at 1005. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

---

[1] Unless otherwise specified, all emphases, internal citations, quotation marks, and alterations are omitted.

REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE NO.: 2:23-cv-09217-MEMF-KS

The Court may consider Exhibits 1-8 incorporated by reference for two reasons. *First*, each Exhibit is referenced—if not quoted—in the following paragraphs of the Complaint.

| Exhibit No. and Description | Paragraph(s) of the AC |
|---|---|
| Ex. 1: July 22, 2019 *New York Times* article | ¶¶ 14, 52-53, 57. |
| Ex. 2: February 13, 2020 press release | ¶¶ 22, 28, 68-69, 80. |
| Ex. 3: November 1, 2021 press release | ¶¶ 27, 46, 83, 90-91. |
| Ex. 4: November 12, 2021 *Financial Times* article | ¶¶ 85, 86, 90-91. |
| Ex. 5: November 28, 2021 *The Mail on Sunday* article | ¶¶ 87, 91. |
| Ex. 6: March 4, 2023 *Financial Times* article | ¶¶ 62 n.3, 96. |
| Ex. 7: FCA Decision Notice | ¶¶ 29, 56(c)-(f), 60, 91(a), 91(c), 105, 111-12. |
| Ex. 8: Barclays' 2022 Annual Report | ¶¶94, 100-01. |

Because the Complaint references Exhibits 1-8 "extensively," that provides a sufficient basis for consideration by the Court. *Khoja*, 899 F.3d at 1002; s*ee also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (incorporating by reference document cited multiple times in complaint).

*Second*, Exhibits 1-8 form the basis of plaintiffs' claims. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038. Specifically, Exhibits 1-5 and 8 contain certain of the allegedly false or misleading statements at issue and thus "form[] the basis of the plaintiff's claim," making each properly incorporated by reference. *Khoja*, 899 F.3d at 1002; *see also id.* at 1004 (holding that document containing alleged misstatement necessarily "formed the basis of the scheme" and was properly incorporated by reference); *Apple Inc.*, 2020 WL 2857397, at *5 (incorporating by reference SEC filings because "Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims").

The remaining two exhibits, Exhibits 6-7, also form the basis of plaintiffs' claims because plaintiffs cite those documents in attempting to plead the falsity of the alleged misstatements. (AC

¶¶ 29, 56(c)-(f), 91(a), 91(c), 96.) Thus, the Court can consider them in their entirety, including for the important purpose of placing plaintiffs' quotations from these Exhibits in context. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("The rationale of the 'incorporation by reference' doctrine" is that "a reader must absorb a printed statement in the context . . . in which it appears"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in *Khoja* prevents th[e] Court from analyzing an alleged false statement in context"). Plaintiffs also rely on Exhibit 6 to allege that an October 12, 2023 press release by Barclays PLC served as a corrective disclosure—an additional reason that it forms the basis of plaintiffs' claims. (*See* AC ¶ 111.)

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-8

Although the Court's inquiry could end because each Exhibit is incorporated by reference, each document is also judicially noticeable and thus fairly considered by the Court at this stage of the proceedings. *See Caballeros, Inc. v. Centruro, S.A.P.I. DE C.V.*, No. 2:21-cv-08442-MEMF-PVC, 2024 WL 4113527, at *3 (C.D. Cal. Sept. 4, 2024) (Frimpong, J.) (taking judicial notice when no party appears to question the authenticity of any of the documents and they are relevant to the questions at issue in the motion to dismiss). Exhibits 1-8 are the proper subjects of judicial notice for the following reasons.

*First*, the Court can take judicial notice of Exhibits 2-3 and 8 because they were filed with the Securities and Exchange Commission. Courts regularly take judicial notice of a company's SEC filings. *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings properly subject to judicial notice on motion to dismiss); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014) ("SEC filings . . . are appropriate for judicial notice"), *aff'd*, 856 F.3d 605 (9th Cir. 2017); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (same).

*Second,* Exhibits 2, 3, 7 and 8 are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Melgoza v. Mayorkas*, No. 2:21-cv-08797-MEMF (PDx), 2022 WL 3369631, at *2 (C.D. Cal. Aug. 15, 2022) (Frimpong, J.) ("The Ninth Circuit has recognized public

3

records, including the reports of administrative bodies, as proper subjects for judicial notice.") Because the contents of public records are not in dispute, courts routinely take judicial notice of what public records contain or what those documents state.

*Third*, the Court may take judicial notice of newspaper articles, including Exhibits 1, 4, 5 and 6, to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) Courts regularly take judicial notice of "the existence and content of published articles" and press releases. *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *see also Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. Sept. 19, 1998) (taking judicial notice of "press releases, analysts' reports [and] news articles," holding that "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Isaacs*, 2008 WL 4346780, at *2 n.4 (C.D. Cal. Sept. 19, 2008) (taking judicial notice of two *Los Angeles Times* articles), *aff'd*, 359 F. App'x 875 (9th Cir. 2009); *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of press release); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) (taking judicial notice of defendant's press releases, news articles and third-party analyst reports).

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Exhibits 1-8 attached to the Flath Declaration are properly the subject of incorporation by reference and judicial notice and should be considered by this Court in connection with defendants Barclays PLC's and Nigel Higgins' concurrently filed motion to dismiss the Complaint.

DATED: October 30, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   _____*/s/ Lara A. Flath*_____
                     LARA A. FLATH

Attorneys for Defendants
Barclays PLC and Nigel Higgins

4