ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BARCLAYS PLC, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT JAMES E. STALEY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT<br><br>DATE:  June 12, 2025<br>TIME:  10:00 a.m.<br>COURTROOM:  8B, The Honorable Maame Ewusi-Mensah Frimpong |

4933-3436-8785.v1

1    Plaintiffs respectfully submit this response to Defendant James E. Staley's Request for

2    Judicial Notice in Support of Defendant's Motion to Dismiss the Amended Class Action

3    Complaint (ECF 57).[1]  Staley has improperly referenced facts and documents in his Motion to

4    Dismiss the Amended Class Action Complaint (herein, "Motion" or "Mtn.") (ECF 56) and asked

5    the Court to accept those facts and documents as true, which the Court is not permitted to do under

6    established law.  At the same time, Staley's Motion mischaracterizes those facts and documents in

7    an apparent attempt to improperly influence the Court's view of the Complaint's allegations.  The

8    Court should strike those documents, or alternatively, convert Staley's Motion into a motion for

9    summary judgment and allow Plaintiffs to take discovery.

10   **I.      LEGAL STANDARD**

11   At the pleading stage, the Court's analysis is confined to the Complaint, with exceptions

12   only for materials that are the proper subject of judicial notice or incorporation by reference.  *Khoja*

13   *v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

14   Under the incorporation-by-reference doctrine, a court may consider extrinsic evidence on

15   which a complaint ""necessarily relies" if: (1) the complaint refers to the document; (2) the

16   document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy

17   attached to the 12(b)(6) motion.'"  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

18   2010); *see also No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*,

19   320 F.3d 920, 925 n.2 (9th Cir. 2003) (the incorporation-by-reference doctrine allows the court to

20   consider documents "referenced in the complaint and whose authenticity has not been

21   questioned").

22   Judicial notice offers only a narrow exception to the general rule that the evaluation of a

23   complaint on a motion to dismiss is limited to the allegations set forth in the complaint, which are

24   taken as true.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  A court may, on its own,

25   judicially notice a fact, but the fact may not be "subject to reasonable dispute because it: (1) is

26

27   [1]    Unless otherwise specified, capitalized terms shall have the meaning as defined in the Amended Class Action
Complaint for Violations of the Securities Laws of the United States and the United Kingdom ("Complaint").
28   Emphasis is added and citations are omitted throughout unless otherwise indicated.

4933-3436-8785.v1

generally known within the trial court's territorial jurisdiction; or (2) can be . . . readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even if a document qualifies as a public record, courts "cannot take judicial notice of disputed facts" in the documents. *Khoja*, 899 F.3d at 999; *see In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

Thus, if extrinsic documents are considered, courts cannot use judicial notice or incorporation by reference to establish the truth of the representations contained therein. *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Lee*, 250 F.3d at 690 (courts may not take judicial notice "'for the truth of the facts recited therein'"); *Howse v. Chiquita Canyon, LLC*, __ F. Supp. 3d __, 2024 WL 4828705, at *14 (C.D. Cal. Nov. 19, 2024) ("[T]he Court will only take notice that these documents exist, and will not take notice of any potentially disputed facts within the documents."); *Weissbrod v. Live Nation Ent. Inc.*, 2024 WL 5317316, at *4 (C.D. Cal. Sept. 27, 2024) (same). Thus, courts must reject "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" so as to avoid "premature[ly] dismiss[ing] . . . plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998.

When material outside the complaint is presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Sheets v. Admin. Comm. of Northrop Grumman Space & Mission Sys. Salaried Pension Plan*, 2024 WL 4372265, at *3 (C.D. Cal. Sept. 30, 2024) ("A court considering a motion to dismiss should not take judicial notice of material that cannot be considered for the motion.").

## II.    STALEY'S REQUESTS SHOULD BE DENIED IN PART

Staley's improper request that the Court consider seven documents extrinsic to the Complaint when deciding his Motion must be denied. Plaintiffs do not deny that these documents

1   are properly incorporated by reference into the Complaint, or, in the case of Exhibit 7, the proper

2   subject of judicial notice; however, in certain instances, Staley runs afoul of the rule that "it is

3   improper to assume the truth of an incorporated document if such assumptions only serve to

4   dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit

5   has explained, "[a] court must . . . consider – and identify – which fact or facts it is noticing." *Id.*

6   at 999.

7       **A.     Exhibit 1**

8           Exhibit 1 is a copy of a July 22, 2019 *New York Times* article titled "Jeffrey Epstein's Deep

9   Ties to Top Wall Street Figures." Plaintiffs do not object to the judicial notice of this news article

10  for the limited purpose of determining what information was available to the public on the date of

11  publication. However, "[t]he truth of the content, and the inferences properly drawn from them . . .

12  is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546

13  (C.D. Cal. 2008). Thus Plaintiffs do challenge Staley's attempt to interpret the article as the

14  disclosure of the facts that Plaintiffs allege were omitted from Defendants' statements regarding

15  Epstein and Staley's relationship. In his Motion, Staley uses Exhibit 1 in an attempt to show truth-

16  on-the-market, a defense that is inappropriate at this stage. Mtn. at 14; *see In re Amgen Inc. Sec.*

17  *Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008). Staley contends the article shows that "there

18  was more than sufficient information in the public domain for investors to come to their own

19  conclusions about Staley's relationship with Epstein and the FCA investigation." Mtn. at 14. But

20  the article did not reveal the close, personal relationship the men shared, which Staley knew

21  involved affirmations of his "deep" and "cherished" friendship with Epstein, or that he sought

22  Epstein's advice on personal and confidential business matters, protected him from JPMorgan's

23  ousting when JPMorgan executives identified him as "a known child sleaze," and had exchanged

24  at least one email with "a picture of a young woman in a sexually suggestive pose." ¶¶56, 81.

25  Moreover, the FCA's investigation would not begin until almost a month later so the article could

26  not reveal anything about that. ¶60. Finally, while *The New York Times* article was public, it

27  cannot be taken as a true or accurate indication of what investors understood about Staley's

28

- 3 -

1  relationship with Epstein during the relevant time period, especially in light of Defendants'

2  repeated statements that the relationship was a professional one.  *See, e.g.*, ¶¶69, 71-72.

3  **B.    Exhibit 2**

4  Exhibit 2 is a copy of excerpts of Barclays Annual Report dated February 13, 2020 and

5  filed with the SEC as a Form 20-F.  Plaintiffs do not object to the judicial notice of this filing for

6  the limited purpose of determining what information was available to the public on the date of

7  publication.  Plaintiffs do, however, challenge Staley's attempt to interpret the February 13, 2020

8  Annual Report as the disclosure of the facts that Plaintiffs allege to have been omitted from

9  Defendants' statements regarding the FCA's investigation.  *See Patel*, 253 F.R.D. at 546.  In his

10  Motion, Staley asserts that the Annual Report is evidence that investors were not misled regarding

11  the FCA's investigation.  Mtn. at 12.  Staley's attempt to assert his own version of events regarding

12  the conduct and initiation of the FCA's investigation is improper, since among other issues, the

13  Annual Report continued to characterize Staley's relationship with Epstein as "***professional***."  ¶69

14  Moreover, while disclosing the existence of the FCA investigation, Defendants still concealed their

15  mischaracterization of that relationship to the FCA.  ¶81.

16  **C.    Exhibit 3**

17  Exhibit 3 is a copy of a November 12, 2021 *Financial Times* article titled "Jes Staley

18  exchanged 1,200 emails with Epstein that included unexplained phrases."  Plaintiffs do not object

19  to the judicial notice of this press release for the limited purpose of determining what information

20  was available to the public on the date of publication.  Plaintiffs do, however, challenge Staley's

21  attempt to interpret the November 12, 2021 *Financial Times* article as a complete disclosure of the

22  facts that Plaintiffs allege to have been omitted from Defendants' statements regarding the FCA's

23  investigation and Staley's relationship with Epstein.  *See Patel*, 253 F.R.D. at 546.  In his Motion,

24  Staley uses Exhibit 3 in an attempt to show truth-on-the-market, a defense, which is inappropriate

25  at this stage.  *See Amgen*, 544 F. Supp. 2d at 1025.  Staley contends the article shows that "there

26  was more than sufficient information in the public domain for investors to come to their own

27  conclusions about Staley's relationship with Epstein and the FCA investigation," Mtn. at 14,

28  despite the fact that the *Financial Times* did not have access to, let alone quote, the emails.  ¶85.

- 4 -

1   Whether the alleged misstatements and omissions were material and how the *Financial Times*

2   article was understood is a disputed question of fact that should not be accepted as true.

3       **D.**    **Exhibit 4**

4           Exhibit 4 is a copy of a November 28, 2021 *Financial Mail on Sunday* article titled

5   "Barclays boss calls top shareholders to warn messages between Jeffrey Epstein and former boss

6   Jes Staley are 'uncomfortable' reading." Plaintiffs do not object to the judicial notice of this news

7   article for the limited purpose of determining what information was available to the public on the

8   date of publication. Plaintiffs do, however, challenge Staley's attempt to interpret the November

9   28, 2021 *Financial Mail on Sunday* article as a complete disclosure of the facts that Plaintiffs

10  allege to have been omitted from Defendants' statements regarding the FCA's investigation and

11  Staley's relationship with Epstein. *See Patel*, 253 F.R.D. at 546. In his Motion, Staley uses Exhibit

12  4 in an attempt to show truth-on-the-market, a defense, that is inappropriate at this stage. Mtn. at

13  14; *see Amgen*, 544 F. Supp. 2d at 1025. While the article did discuss the FCA's investigation, at

14  that point, it was, as Staley acknowledged, still a "question whether Barclays and Staley had been

15  candid about the relationship in connection with the FCA investigation." Mtn. at 14. The inference

16  that Staley seeks to draw that there was no material misrepresentation is inappropriate and should

17  be rejected.

18      **E.**    **Exhibit 5**

19          Exhibit 5 is an excerpted copy of the Government of the U.S. Virgin Islands' unredacted

20  complaint against JPMorgan in *Gov't of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*,

21  No. 1:22-cv-10904 (S.D.N.Y.), dated February 15, 2023. Plaintiffs do not object to the judicial

22  notice of this complaint for the limited purpose of determining what information was available to

23  the public on the date of publication. Plaintiffs do, however, challenge Staley's attempt to interpret

24  the complaint as a complete disclosure of the facts that Plaintiffs allege to have been omitted from

25  Defendants' statements regarding the FCA's investigation and Staley's relationship with Epstein.

26  *See Patel*, 253 F.R.D. at 546. In his Motion, Staley uses Exhibit 4 in an attempt to show truth-on-

27  the-market, a defense, that is inappropriate at this stage. Mtn. at 14; *see Amgen*, 544 F. Supp. 2d

28  at 1025. But Staley's invocation of this defense is self-defeating, since he acknowledges that the

- 5 -

1   lawsuit only "partially unveiled" the emails.  Mtn. at 14.  Moreover, the filing of the unredacted

2   complaint says nothing about Barclays' review of these communications or Defendants'

3   misleading characterization of Staley and Epstein's relationship to the FCA.

4        **F.      Exhibit 6**

5        Exhibit 6 is a copy of the Financial Conduct Authority's Decision Notice ("FCA Decision")

6   dated May 30, 2023, and published October 12, 2023.  Plaintiffs do not object to the judicial notice

7   of the report for the limited purpose of determining what information was available to the public

8   on the date of publication.  *See Patel*, 253 F.R.D. at 546.  Staley contends that the report shows

9   the truth had already been disclosed and thus, there was no loss causation.  Mtn. at 16.  This, of

10  course, is a disputed fact, because until the FCA Decision was announced, the public did not know

11  that Defendants had recklessly misled the FCA about the nature and extent of Staley's relationship

12  with Epstein.  ¶¶104-112.  Because Staley seeks to insert an improper, factually intensive, truth-

13  on-the market defense, the Court should not take judicial notice.  *Amgen*, 544 F. Supp. 2d at 1025;

14  *Howse*, 2024 WL 4828705, at *14.

15       **G.      Exhibit 7**

16       Exhibit 7 is a copy of Barclays' historical stock information from September 1, 2023

17  through December 31, 2023.  Plaintiffs do not object to Staley's use of this document to show the

18  historical price of Barclays shares.  Mtn. at 17; *see ScripsAmerica, Inc. v. Ironridge Glob. LLC*,

19  119 F. Supp. 3d 1213, 1253 (C.D. Cal. 2015).

20  **III.   CONCLUSION**

21       Where Staley has offered the exhibits for the truth asserted, they should be stricken and

22  disregarded.  If the Court accepts Defendant's exhibits for the truth asserted, then under Federal

23  Rule of Civil Procedure 12(d), Staley's Motion has been converted into one for summary judgment

24  and Plaintiffs should have the opportunity to conduct discovery.

25   DATED:  January 17, 2025                    Respectfully submitted,

26

27                                              s/ Ashley M. Price
                                                _____
28                                              ASHLEY M. PRICE

                                  - 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
    & DOWD LLP
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
ASHLEY M. PRICE
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS
JACOB G. GELMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgelman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 7 -