ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
JACOB G. GELMAN (344819)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgelman@rgrdlaw.com
        – and –
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>BARCLAYS PLC, et al.,<br><br>                              Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS BARCLAYS PLC'S AND NIGEL HIGGINS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT<br><br>DATE:  June 12, 2025<br>TIME:  10:00 a.m.<br>COURTROOM:  8B, The Honorable Maame Ewusi-Mensah Frimpong |

4918-5070-0305.v1

Plaintiffs respectfully submit this response to the Request for Incorporation by Reference and Judicial Notice in Support Defendants Barclays PLC's and Nigel Higgins' (the "Barclays Defendants") Motion to Dismiss the Amended Class Action Complaint ("RJN") (ECF 60).[1] The Barclays Defendants have improperly referenced facts and documents in their Motion to Dismiss the Amended Class Action Complaint (herein, "Motion" or "Mtn.") (ECF 58) and ask the Court to accept those facts and documents as true, which the Court is not permitted to do under established law. At the same time, the Barclays Defendants' Motion mischaracterizes those facts and documents in an apparent attempt to improperly influence the Court's view of the Complaint's allegations. The Court should strike those documents, or alternatively, convert the Barclays Defendants' Motion into a motion for summary judgment and allow Plaintiffs to take discovery.

## I.    LEGAL STANDARD

At the pleading stage, the Court's analysis is confined to the Complaint, with exceptions only for materials that are the proper subject of judicial notice or incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Under the incorporation-by-reference doctrine, a court may consider extrinsic evidence on which a complaint "'"necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) (the incorporation-by-reference doctrine allows the court to consider documents "referenced in the complaint and whose authenticity has not been questioned").

Judicial notice offers only a narrow exception to the general rule that the evaluation of a complaint on a motion to dismiss is limited to the allegations set forth in the complaint, which are taken as true. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court may, on its own, judicially notice a fact, but the fact may not be "subject to reasonable dispute because it: (1) is

---

[1]    Unless otherwise specified, capitalized terms shall have the meaning as defined in the Amended Class Action Complaint for Violations of the Securities Laws of the United States and the United Kingdom ("Complaint"). Emphasis is added and citations are omitted throughout unless otherwise indicated.

- 1 -

4918-5070-0305.v1

generally known within the trial court's territorial jurisdiction; or (2) can be . . . readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even if a document qualifies as a public record, courts "cannot take judicial notice of disputed facts" in the documents. *Khoja*, 899 F.3d at 999; *see In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

Thus, if extrinsic documents are considered, courts cannot use judicial notice or incorporation by reference to establish the truth of the representations contained therein. *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Lee*, 250 F.3d at 690 (courts may not take judicial notice "'for the truth of the facts recited therein'"); *Howse v. Chiquita Canyon, LLC*, __ F. Supp. 3d __, 2024 WL 4828705, at *14 (C.D. Cal. Nov. 19, 2024) ("[T]he Court will only take notice that these documents exist, and will not take notice of any potentially disputed facts within the documents."); *Weissbrod v. Live Nation Ent. Inc.*, 2024 WL 5317316, at *4 (C.D. Cal. Sept. 27, 2024) (same). Thus, courts must reject "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" so as to avoid "premature[ly] dismiss[ing] . . . plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998.

When material outside the complaint is presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Sheets v. Admin Comm. of Northrop Grumman Space & Mission Sys. Salaried Pension Plan*, 2024 WL 4372265, at *3 (C.D. Cal. Sept. 30, 2024) ("A court considering a motion to dismiss should not take judicial notice of material that cannot be considered for the motion.").

## II.     DEFENDANTS' REQUESTS SHOULD BE DENIED IN PART

The Barclays Defendants' improper requests that the Court consider eight documents extrinsic to the Complaint when deciding the Barclays Defendants' Motion must be denied. Plaintiffs do not deny that these documents are properly incorporated by reference into the

- 2 -

4918-5070-0305.v1

Complaint; however, in certain instances, the Barclays Defendants run afoul of the rule that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. As the Ninth Circuit has explained, "[a] court must . . . consider – and identify – which fact or facts it is noticing." *Id.* at 999.

### A.    Exhibit 1

Exhibit 1 is a copy of a July 22, 2019 *New York Times* article titled "Jeffrey Epstein's Deep Ties to Top Wall Street Figures." Plaintiffs do not object to the judicial notice of this news article for the limited purpose of determining what information was available to the public on the date of publication.

### B.    Exhibit 2

Exhibit 2 is a copy of a February 13, 2020 press release issued by Barclays PLC and filed with the SEC as a Form 6-K titled "Director effectiveness assessment: disclosure of regulatory investigation." Plaintiffs do not object to the judicial notice of this press release for the limited purpose of determining what information was available to the public on the date of publication. However, "[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008). Thus, Plaintiffs do challenge the Barclays Defendants' attempt to interpret the February 13, 2020 press release as the disclosure of the facts that Plaintiffs allege were omitted from the Barclays Defendants' statements regarding the FCA's investigation. In their Motion, the Barclays Defendants assert that the press release "destroys any inference of falsity or fraud." Mtn. at 16. However, it is that inference that the Barclays Defendants draw from the disclosure of the FCA investigation that is inappropriate.

### C.    Exhibit 3

Exhibit 3 is a copy of a November 1, 2021 press release issued by Barclays PLC and filed with the SEC as a Form 6-K titled "Board changes." Plaintiffs do not object to the judicial notice of this press release for the limited purpose of determining what information was available to the public on the date of publication. Plaintiffs do, however, challenge the Barclays Defendants' attempt to

- 3 -

4918-5070-0305.v1

interpret the November 1, 2021 press release as the disclosure of the facts that Plaintiffs allege were omitted from the Barclays Defendants' statements regarding the FCA's investigation. *See Patel*, 253 F.R.D. at 546.  In their Motion, the Barclays Defendants assert that the press release disclosed that the Board and Staley agreed Staley would step down from his role as CEO because of the FCA's conclusions and his intention to contest them.  Mtn. at 6.  This exhibit should not be considered for the truth asserted, however, particularly because it contains the ***very statements*** Plaintiffs allege are false and misleading.  ¶83.  Similarly, the Barclays Defendants improperly contend that the press release constitutes a complete disclosure, severing loss causation, only by disregarding the additional disclosures regarding the FCA's investigation that were only disclosed on October 12, 2023.  Mtn. at 9.  For example, until the FCA Decision was announced, the public did not know that Defendants had recklessly misled the FCA about the nature and extent of Staley's relationship with Epstein. ¶¶104-112.  The Barclays Defendants' inference is inappropriate and "not a proper subject of judicial notice under Rule 201."  *Patel*, 253 F.R.D. at 546.

### D.    Exhibit 4

Exhibit 4 is a copy of a November 12, 2021 *Financial Times* article titled "Jes Staley exchanged 1,200 emails with Epstein that included unexplained phrases."  Plaintiffs do not object to the judicial notice of this article for the limited purpose of determining what information was available to the public on the date of publication.  Plaintiffs do, however, challenge the Barclays Defendants' attempt to interpret the November 12, 2021 *Financial Times* article as a complete disclosure of the facts that Plaintiffs allege were omitted from their statements regarding the FCA's investigation and Staley's relationship with Epstein.  *See Patel*, 253 F.R.D. at 546.  In their Motion, the Barclays Defendants assert that the article accurately explicated Barclays' opinion that no conclusions could be drawn from "'unexplained language'" in emails between Staley and Epstein. Mtn. at 6 n.5.  Similarly, the Barclays Defendants improperly contend that the November 12, 2021 *Financial Times* article constitutes a complete disclosure, severing loss causation, by disclosing certain details about the nature of Staley and Epstein's relationship, including some information about their email correspondence.  Mtn. at 9-10.  However, the *Financial Times* did not have access to, let alone quote, the emails.  ¶85.  Whether loss causation from the alleged misstatements and

- 4 -

omissions is precluded by the *Financial Times* article and how that article was understood is a disputed question of fact that should not be accepted as true. *See In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 956 (9th Cir. 2023) ("We emphasize that this case is at the very early motion to dismiss stage, and that further discovery and further proceedings are necessary to illuminate the issues surrounding loss causation.").

### E.    Exhibit 5

Exhibit 5 is a copy of a November 28, 2021 *The Mail on Sunday* article titled "Barclays boss calls top shareholders to warn messages between Jeffrey Epstein and former boss Jes Staley are 'uncomfortable' reading." Plaintiffs do not object to the judicial notice of this news article for the limited purpose of determining what information was available to the public on the date of publication.

### F.    Exhibit 6

Exhibit 6 is a copy of a March 4, 2023 *Financial Times* article titled "Why the Jeffrey Epstein scandal continues to haunt JPMorgan and Barclays." Plaintiffs do not object to the judicial notice of this press release for the limited purpose of determining what information was available to the public on the date of publication. Plaintiffs do, however, challenge the Barclays Defendants' attempt to interpret and characterize the Complaint as alleging that the Board determined the JPMorgan emails "'were inconclusive and not direct evidence of impropriety.'" Mtn. at 6 n.5; *see Patel*, 253 F.R.D. at 546. What the Barclays Defendants understood after reviewing the JPMorgan emails is a critical disputed fact, of which the Court should not take judicial notice. *Howse*, 2024 WL 4828705, at *14. Similarly, through the use of a daisy-chain of inferences, the Barclays Defendants' attempt to deploy Exhibit 6 to show they had publicly acknowledged reviewing the emails between Staley and Epstein (Mtn. at 7 & n.6) is similarly inappropriate on a motion to dismiss through the use of judicial notice. *See Patel*, 253 F.R.D. at 546.

### G.    Exhibit 7

Exhibit 7 is a copy of the Financial Conduct Authority's Decision Notice ("FCA Decision") dated May 30, 2023, and published October 12, 2023. Plaintiffs do not object to the judicial notice

- 5 -

4918-5070-0305.v1

of the report for the limited purpose of determining what information was available to the public on the date of publication.  Barclays contends that the report absolves it of liability and proves that "Barclays was in the dark." Mtn. at 14.  This, of course, is a disputed fact, of which the Court should not take judicial notice.  *Howse*, 2024 WL 4828705, at \*14.

### H.    Exhibit 8

Exhibit 8 is a copy of excerpts of the 2022 Form 20-F Annual Report filed with the SEC by Barclays PLC on February 15, 2023.  Plaintiffs do not object to the Barclays Defendants' use of this document to show the volume of Barclays shares traded.  Mtn. at 22; *see ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1253 (C.D. Cal. 2015).

## III.    CONCLUSION

Where the Barclays Defendants have offered the exhibits for the truth asserted, they should be stricken and disregarded.  If the Court accepts the Barclays Defendants' exhibits for the truth asserted, then under Federal Rule of Civil Procedure 12(d), the Barclays Defendants' Motion has been converted into one for summary judgment and Plaintiffs should have the opportunity to conduct discovery.

DATED:  January 17, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
ASHLEY M. PRICE

s/ Ashley M. Price
ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

- 6 -

4918-5070-0305.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
JACOB G. GELMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
jgelman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 7 -

4918-5070-0305.v1