UMHOFER, MITCHELL & KING LLP
MATTHEW DONALD UMHOFER (SBN 206607)
ELIZABETH MITCHELL (SBN 251139)
767 S. Alameda Street, Suite 270
Los Angeles, CA 90021
Telephone:  213/394-7979
matthew@umklaw.com
elizabeth@umklaw.com

– and –

WILLIAMS & CONNOLLY LLP
BRENDAN V. SULLIVAN, JR. (admitted *pro hac vice*)
JOHN M. MCNICHOLS (admitted *pro hac vice*)
STEPHEN L. WOHLGEMUTH (admitted *pro hac vice*)
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:  202/434-5800
bsullivan@wc.com
jmcnichols@wc.com
swohlgemuth@wc.com

Counsel for Defendant James Staley

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK PLC, et al.,<br><br>Defendants. | ) **Case No. 2:23-cv-09217-MEMF-KS**<br>)<br>) **DEFENDANT JAMES E. STALEY'S**<br>) **REPLY MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES IN SUPPORT OF**<br>) **HIS REQUEST FOR JUDICIAL NOTICE**<br>)<br>)<br>) Date: May 15, 2025<br>) Time: 10:00 A.M.<br>) Courtroom: 8B<br>) Hon. Maame Ewusi-Mensah Frimpong<br>) |

As is common in federal securities fraud cases, Defendant Jes Staley included as part of his Motion To Dismiss a request that the Court take judicial notice of seven documents expressly referenced, relied upon, or fairly incorporated into Plaintiffs' Amended Complaint.  ECF 057 (Staley's Mot.).  The purpose of attaching such materials is to ensure that the Court has a complete understanding of the information in the public domain during the period of alleged price inflation, which is critical in securities cases given the background understanding that share prices reflect all publicly available information, true or false.  *See, e.g., Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of materials that indicate what "was in the public realm at the time").  The particular materials at issue in Staley's Request for Judicial Notice are SEC filings, news articles, court documents, and published records of daily share prices, exactly the type of materials that the Ninth Circuit has approved for precisely this purpose.  *See, e.g., id.* (press articles); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (motion to dismiss); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001-02 (9th. Cir. 2018) (document published by foreign regulatory agency).

In their Response to Staley's Request for Judicial Notice, Plaintiffs appear to agree with Staley on the relevant legal standards for judicial notice and incorporation by reference.  ECF 067 (Pls.' Response) 1-2.  And, as to each of the requested documents, Plaintiffs assert that they "do not object to the judicial notice" of the item "for the limited purpose of determining what information was available to the public on the date of the publication."  *Id.* at 3 (Ex. 1), 4 (Exs. 2, 3), 5 (Ex. 4, 5), 6 (Ex. 6).  In the next breath, however, Plaintiffs say that they challenge Staley's use of each item to show "the disclosure of the facts that Plaintiffs allege were omitted from Defendants' statements," arguing that "truth-on-the-market" is not an appropriate defense at the pleading stage.  *Id.* at 3.  In so arguing, Plaintiffs assert that Staley is asking the Court "to assume the truth of [the] incorporated document" rather than merely the existence of its contents in the public domain.  *Id.*  But Staley is not doing that, and Plaintiffs' argument is at best a response to the merits of Staley's Motion To Dismiss, not an argument against judicial notice or incorporation by reference of the materials at issue.

STALEY'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

What Plaintiffs label "truth-on-the-market" refers to the above-noted principle that stock prices are presumed to reflect all publicly available information, and thus a defendant's failure to disclose material information may be excused—i.e., no cause of action will lie—when the same information is communicated to the market through other sources. *In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1115-16 (9th Cir. 1989) (no materiality "where th[e] information has been made credibly available to the market by other sources"). A defendant's use of this argument (at whatever stage in the case) does *not* require that a court accept the underlying truth of the information communicated, merely the fact that the information was available. *Von Saher*, 592 F.3d at 960 (collecting cases). This is why a defendant's use of judicial notice and the incorporation-by-reference doctrine to submit extrinsic materials on a motion to dismiss does *not* convert the motion to one for summary judgment. *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *7 (C.D. Cal. Feb. 16, 2023) ("[T]he doctrines of incorporation by reference and judicial notice allow a court to consider material outside the complaint without turning a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.").

Consistent with these principles, Staley's Request for Judicial Notice asks the Court to consider certain documents in order to establish what facts and information were available to the public during the time that Plaintiffs claim certain facts and information were withheld or omitted. Staley's Mot. 3; Am. Compl. ¶¶ 14-16, 28, 52-53, 81(a)(iv), 85-87, 93, 95. To be sure, this is a direct challenge to Plaintiffs' allegations of material omission—i.e., the documents show "the disclosure of the facts that Plaintiffs allege were omitted from Defendants' statements," Pls.' Response 3–5—but as courts have recognized, such a challenge does *not* require the Court to determine what the underlying facts were, and thus it does not prevent the Court from judicially noticing materials demonstrating public notoriety and the availability of information. *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of materials "to show 'whether and when information was provided to the market'"); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 n. 143 (C.D. Cal. 2012) (collecting cases) (rejecting plaintiffs' objection that defendants used materials in their motion for judicial notice "as support for the truth" of those materials).

STALEY'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Plaintiffs' repeated protest that this amounts to a "truth-on-the-market" defense, and is "inappropriate at this stage"—coupled with their claims about facts that purportedly remained undisclosed[1]—is an attempt to defend the sufficiency of Plaintiffs' pleadings against Staley's Motion To Dismiss, not an argument against considering extrinsic materials to assess whether Plaintiffs have carried their pleading burden.  Such arguments are irrelevant to determining a motion for judicial notice and should be raised in Plaintiffs' response briefing on the merits, not here.  Because the materials at issue are specifically referenced in the Amended Complaint or are of the type that courts may judicially notice, Staley asks the Court to grant his original Request for Judicial Notice.

DATE: February 28, 2025                              UMHOFER, MITCHELL & KING LLP


                                                     s/ Elizabeth A. Mitchell
                                                     Matthew Donald Umhofer
                                                     Elizabeth A. Mitchell

                                                     WILLIAMS & CONNOLLY LLP

                                                     Brendan V. Sullivan, Jr. (admitted *pro hac vice*)
                                                     John M. McNichols (admitted *pro hac vice*)
                                                     Stephen L. Wohlgemuth (admitted *pro hac vice*)

                                                     Counsel for Defendant James Staley

---

[1] *See, e.g.*, Pls.' Response at 3 ("[T]he article did not reveal the close personal relationship the men shared . . . or that [Staley] had sought Epstein's advice of on personal and confidential business matters, protected him from JPMorgan's ousting . . . and had exchanged at least one email with 'a picture of a young woman in a sexually suggesting pose.").

3