PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

SCOTT D. MUSOFF (admitted *pro hac vice*)
scott.musoff@skadden.com
BORIS BERSHTEYN (admitted *pro hac vice*)
boris.bershteyn@skadden.com
LARA A. FLATH (admitted *pro hac vice*)
lara.flath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (212) 735-2000

Attorneys for Defendants Barclays PLC and Nigel Higgins

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS, <br><br> Defendants. | CASE NO.: 2:23-cv-09217-MEMF-KS <br><br> **DEFENDANT BARCLAYS PLC'S AND NIGEL HIGGINS' REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** |

## I. PRELIMINARY STATEMENT

Plaintiffs pose no objection to the consideration of Exhibits 1, 5, or 8 to the Flath Declaration, which are incorporated by reference and subject to judicial notice. (ECF 68, Plaintiffs' Response to Defendants Barclays PLC's and Nigel Higgins' Request for Incorporation by Reference and Judicial Notice ("Opp.") 3, 5-6.) For the remaining five exhibits, plaintiffs concede (as they must) that they are incorporated by reference (Opp. 2-3), but seek to exclude statements that undermine their ability to plead any actionable claims. The incorporation-by-reference doctrine was intended to prevent precisely this type of selective pleading, however. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Accordingly, the Court should take judicial notice of Exhibits 1-8.

## II. EXHIBITS 1-8 ARE INCORPORATED BY REFERENCE IN THE COMPLAINT AND SUBJECT TO JUDICIAL NOTICE

### A. Exhibits 1, 5, and 8

Plaintiffs do not object to the Court's consideration of Exhibits 1, 5, and 8. (Opp. 3, 5-6.) *See Reyes v. Wells Fargo Bank*, 2017 WL 11568871, at *5 (C.D. Cal. Aug. 17, 2017) (unrebutted points are conceded).

### B. Exhibit 2

Plaintiffs improperly object to Exhibit 2, a February 13, 2020 press release quoted in the Amended Complaint. (AC ¶¶ 22, 28, 68-69, 80) on the basis that it cannot be used to show "the disclosure of the facts that Plaintiffs allege were omitted from the Barclays Defendants' statements." (Opp. 3; *accord id.* at 3-4 (raising the same objections about Exhibits 3 and 4).) But the incorporation-by-reference doctrine dictates that such documents should be treated "as though they are part of the complaint itself" to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Disregarding Exhibit 2 would allow plaintiffs to do exactly that. The AC alleges that Barclays' statement that the FCA did not find that Staley was aware of Epstein's crimes was misleading because that subject "was not the sole issue under investigation by the FCA." (AC ¶ 91(a).) Yet when considered in full (rather than the excerpted version described in the AC), Exhibit

1

2 reveals that Barclays disclosed <u>both</u> the existence of the FCA's inquiry into the Staley-Epstein relationship and the broader scope of the FCA's subsequent investigation, directly refuting plaintiffs' claim, as a statement cannot be false or misleading if it "discloses exactly what [p]laintiffs claim [defendants] omitted." *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1056 (N.D. Cal. 2019); (ECF 58, Defendant Barclays PLC's and Nigel Higgins' Motion to Dismiss the Amended Class Action Complaint ("MTD") 16-17.) Considering Exhibit 2 is a paradigmatic application of the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts need not "accept as true allegations that contradict . . . matters properly subject to judicial notice").

**C.   Exhibit 3**

Plaintiffs are wrong to object to Exhibit 3, a November 1, 2021 press release quoted repeatedly in the AC. (AC ¶¶ 27, 46, 83, 90-91.) Plaintiffs take issue with the Court's consideration of Exhibit 3's statement that Staley stepped down as Barclays' CEO because of the FCA's conclusions and his intention to contest them. (Opp. 4.)[1] But in claiming this statement cannot be considered in the context of whether the Complaint plausibly pleads loss causation, plaintiffs seek to improperly restrict the scope of the incorporation-by-reference doctrine: "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *7 (C.D. Cal. Feb. 16, 2023) (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014)).

Tellingly, plaintiffs effectively concede that the Court may consider the Exhibits to assess whether the alleged corrective disclosure revealed any new information to the market, as they admit that each Exhibit may be considered to determine "what information was available to the public." (Opp. 3-6.) And their own case holds that judicially noticed materials may be considered "to show

---

[1] What is more, the AC does not dispute this statement from Exhibit 3. Nor could they as it appears in the AC itself, and plaintiffs nowhere suggest that it was inaccurate. (*See* AC ¶ 84 ("In an announcement . . . Barclays communicated that Mr Jes Staley will step down as CEO following preliminary conclusions from the FCA and the PRA's investigation into Mr Staley's characterisation to Barclays of his relationship with the late Mr Jeffrey Epstein, and his intention to contest the conclusions.") (quoting Credit Suisse analyst report).)

2

REPLY IN SUPPORT OF REQUEST FOR
INCORPORATION BY REFERENCE AND JUDICIAL NOTICE                NO.: 2:23-cv-09217-MEMF-KS

'whether and when information was provided to the market.'" *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008). The Court should not don the blinders that plaintiffs seek to put upon it.

**D.     Exhibit 4**

Plaintiffs' arguments challenging Exhibit 4—a November 12, 2021, *Financial Times* article quoted in the AC (AC ¶¶ 85-86, 90-91)—also fail. Once again, there is no dispute that this document is incorporated by reference but plaintiffs object to the consideration of the statement that "Barclays resolved to stand by Staley", (MTD 6 n.5), because "no conclusions could be drawn" about certain emails with "unexplained language." (Opp. 4 (quoting MTD 6 n.5).) Yet again, plaintiffs ignore that a statement in a document incorporated by reference is assumed to be true absent well-pled allegations disputing it, and no such allegations exist here. Plaintiffs identify no alleged facts showing that the Board did <u>not</u> resolve to stand by Staley because of its conclusions about certain ambiguous emails. (MTD 15.)

Further, plaintiffs' objection to the Court's consideration of Exhibit 4 in the context of whether the Complaint has adequately pled loss causation (Opp. 4-5) fails for the reasons explained with respect to Exhibit 3. *In re Facebook, Inc. Securities Litigation* (Opp. 5) only undercuts plaintiffs' position, as there, the Ninth Circuit considered the content of judicially noticed newspaper articles in assessing whether an alleged corrective disclosure revealed new information to the market. 87 F.4th 934, 954-55 (9th Cir. 2023).

**E.     Exhibit 6**

Nor do plaintiffs provide any persuasive basis for declining to consider Exhibit 6, a March 4, 2023 *Financial Times* article quoted in the AC. (AC ¶ 96.) Plaintiffs object to the Court's consideration of the statement that the Board determined that the JPM emails "were inconclusive and not direct evidence of impropriety." (Opp. 5 (quoting MTD 6 n.5).) At the risk of repeating the same refrain, plaintiffs cannot pick and choose which statements the Court can consider from a document incorporated by reference, and statements within those documents are entitled to the presumption of truth at this stage, just like any other allegation within the amended complaint. *See Crews*, 2023 WL 3050081, at *7. Because plaintiffs have not identified any well-pled allegations disputing the Board's

3

REPLY IN SUPPORT OF REQUEST FOR
INCORPORATION BY REFERENCE AND JUDICIAL NOTICE                          NO.: 2:23-cv-09217-MEMF-KS

determination at the time that the JPM emails provided no direct evidence of impropriety, the statement at issue is assumed to be true and should be considered as such in the Court's assessment of defendants' motion to dismiss. *See id.*; *Khoja*, 899 F.3d at 1003.[2]

**F.      Exhibit 7**

Finally, plaintiffs' argument regarding Exhibit 7, the FCA Decision Notice, is similarly unavailing. Plaintiffs object to the Court's consideration of the FCA's finding that Barclays was "in the dark" regarding Staley's purported misconduct. (Opp. 6.) Far from being a "disputed fact" (*id.*), however, this finding is alleged in the AC itself. (*See* AC ¶ 104 ("[Staley] misled both the FCA and the Barclays Board about the nature of his relationship with Mr Epstein. . . . [Staley] was the only person at Barclays who knew the full extent of his personal relationship with Mr Epstein and the specific timings of his contact with him.") (quoting the FCA Decision Notice).) Without question, the Court should consider the full context of the FCA's Decision Notice. *See Crews*, 2023 WL 3050081, at *7.

**III.      CONCLUSION**

For these reasons, Exhibits 1-8 attached to the Flath Declaration are the subject of incorporation by reference and judicial notice and should be considered by this Court in connection with defendants Barclays PLC's and Nigel Higgins' motion to dismiss.

DATED: February 28, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:      _/s/ Lara A. Flath_
           LARA A. FLATH

Attorneys for Defendants
Barclays PLC and Nigel Higgins

---

[2] Although plaintiffs also object to the use of Exhibit 6 "to show [that defendants] had publicly acknowledged reviewing" the JPM emails (Opp. 5), defendants have not sought to use Exhibit 6 for that purpose.

4

REPLY IN SUPPORT OF REQUEST FOR
INCORPORATION BY REFERENCE AND JUDICIAL NOTICE      NO.: 2:23-cv-09217-MEMF-KS