Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3558

[ADDITIONAL COUNSEL ON SIGNATURE BLOCK]

*Attorneys for Defendants Barclays PLC
and Nigel Higgins*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS,<br><br>Defendants. | Case No.: 2:23-cv-09217-MEMF-KS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO MODIFY SCHEDULING ORDER PURSUANT TO THE PRIVATE SECURITIES LITIGATION REFORM ACT'S AUTOMATIC DISCOVERY STAY AND TO DEFER SCHEDULING CONFERENCE**<br><br>[Notice of Motion and Motion; and [Proposed] Order Filed Concurrently]<br><br>Hearing Date:  October 2, 2025<br>Hearing Time:  10:00 A.M.<br>Courtroom:  8B<br>Judge:  Hon. Maame Ewusi-Mensah Frimpong |

**TABLE OF CONTENTS**

*Page*

BACKGROUND ...............................................................................................................................1

ARGUMENT...................................................................................................................................2

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*In re Am. Funds Sec. Litig.*,
493 F. Supp. 2d 1103 (C.D. Cal. 2007) ..................................................................................2

*In re Celera Corp. Sec. Litig.*,
2014 WL 3827570 (C.D. Cal. Feb. 25, 2014)..........................................................................4

*Corner Post, Inc.* v. *Bd. of Governors of Fed. Rsrv. Sys.*,
603 U.S. 799 (2024)................................................................................................................4

*Eisner* v. *Meta Platforms, Inc.*,
2024 WL 2749433 (N.D. Cal. May 28, 2024) .........................................................................3

*In re Facebook, Inc. Sec. Litig.*,
2025 WL 1741022 (N.D. Cal. June 17, 2025) .........................................................................3

*Fosbre* v. *Las Vegas Sands Corp.*,
2012 WL 5879783 (D. Nev. Nov. 20, 2012) ...........................................................................3

*Gardner* v. *Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ..........................................................................4

*Kairos Inv. Mgmt.* v. *J.P. Morgan Sec. LLC*,
No. 23-cv-01124, ECF No. 23 (C.D. Cal. Sept. 1, 2023) ........................................................5

*In re Lernout & Hauspie Sec. Litig.*,
214 F. Supp. 2d 100 (D. Mass. 2002) .....................................................................................4

*Petrie* v. *Elec. Game Card, Inc.*,
761 F.3d 959 (9th Cir. 2014) ..................................................................................................3

*RSMCFH, LLC* v. *FareHarbor Holdings, Inc.*,
2019 WL 13163792 (D. Haw. July 3, 2019)............................................................................4

*Sedona Corp.* v. *Ladenburg Thalmann*,
2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ..........................................................................3

*SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for N. Dist. of Cal.*,
189 F.3d 909 (9th Cir. 1999) ...............................................................................................2, 4

*In re Smith Barney Transfer Agent Litig.*,
2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012)........................................................................3, 4

*In re Volkswagen "Clean Diesel" Litig.*,
2016 WL 11796891 (N.D. Cal. June 23, 2016) .......................................................................2

*Wang* v. *Lightspeed Env't, Inc.*,
2014 WL 29120 (E.D. Mich. Jan. 3, 2014)..............................................................................3

-ii-

*Weir* v. *Allianz SE*,
    No. 23-cv-00719, ECF No. 47 (C.D. Cal. Nov. 16, 2023) ......................................................5

*In re Xponential Fitness Sec. Litig.*,
    No. 24-cv-00285, ECF No. 77 (C.D. Cal. Nov. 20, 2024) ......................................................5

**Statute**

15 U.S.C. § 78u-4(b)(3)(B).................................................................................................2, 3, 4

-iii-

Defendants respectfully submit this motion to modify the scheduling order (ECF No. 83; "Scheduling Order") to comply with the automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA") and to defer the Rule 16(b) scheduling conference until after the Court has ruled on Barclays PLC's ("Barclays") forthcoming motion to dismiss.

**BACKGROUND**

In its Amended Complaint (ECF No. 52), the court-appointed lead plaintiff Teamsters Local 237 ("Teamsters") asserts a securities fraud claim under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Barclays, James Staley, and Nigel Higgins, based on its purchase of Barclays American Depository Receipts ("ADRs") that are traded on the New York Stock Exchange. (AC ¶¶ 132-143.) When the Amended Complaint was filed, Teamsters, as lead plaintiff invited another plaintiff, the Firemen's Retirement System of St. Louis ("St. Louis"), to join the Amended Complaint and assert an entirely separate claim under English law—Section 90A and Schedule 10A of the U.K. Financial Services and Markets Act 2000—for "dishonest delay" against Barclays, based on its purchase of Barclays ordinary shares traded on the London Stock Exchange. (AC ¶¶ 152-62.)[1]

On June 25, 2025, the Court granted in part Defendants' motions to dismiss (ECF No. 84; "Order"). The Court held that Teamsters adequately pled that Defendants violated Section 10(b) of the Exchange Act. (Order at 24.)[2] But the Court dismissed St. Louis's English law claim against Barclays without prejudice. (*Id.*) The Court held that any amendment to the complaint to attempt to replead St. Louis's English law claim must be filed within 30 days of the Order. (*Id.*)

Also on June 25, the Court entered the Scheduling Order setting the Rule 16(b) conference for August 14, 2025 at 10:00 a.m. ("Scheduling Conference"), and providing that the parties confer on a Rule 26(f) discovery plan no later than 21 days before the Scheduling

---

[1]    St. Louis initially asserted additional English law claims for misleading statements or dishonest omission, but has now abandoned those claims.

[2]    On July 9, 2025, Defendants moved for reconsideration or, alternatively, certification of interlocutory appeal of the Order.

Conference, and file the discovery plan no later than 7 days after the meeting and 14 days before the Scheduling Conference. (Scheduling Order at 2.)

On July 24, 2025, Plaintiffs filed a Second Amended Complaint (ECF No. 98), in which St. Louis attempts to re-plead its Section 90A claim under English law. Barclays intends to move to dismiss the Section 90A claim.

## ARGUMENT

Congress enacted the PSLRA "in response to several perceived abuses in securities litigation, including discovery abuses." *SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 911 (9th Cir. 1999). As part of those reforms, the statute "mandate[s] a stay of discovery during the pendency of a . . . dismissal motion." *Id.* The discovery-stay provision states:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

Although the statute states that discovery is stayed "during the pendency of any motion to dismiss," *id.*, "the Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, but from the filing of the case until such time that 'the court has sustained the legal sufficiency of the complaint.'" *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (quoting *SG Cowen*, 189 F.3d at 911); *see In re Volkswagen "Clean Diesel" Litig.*, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("Courts . . . treat the stay as automatically in place even before the filing of a motion to dismiss."); *SG Cowen Sec. Corp.*, 189 F.3d at 912-13 ("The 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.'" (emphasis in original)). Indeed, in *SG Cowen*, the Ninth Circuit granted mandamus where the

district court ordered discovery during an interim period between the filing of an amended complaint and defendants' motion to dismiss. 189 F.3d at 911-13.

Because Barclays has advised Plaintiffs that it intends to file a motion to dismiss Plaintiffs' Section 90A claim under English law, the PSLRA dictates that discovery is automatically stayed in this action. *See In re Facebook, Inc. Sec. Litig.*, 2025 WL 1741022, at *1 (N.D. Cal. June 17, 2025) (PSLRA stay triggered when court granted a plaintiff "leave to amend, coupled with [d]efendants' express intention to file a motion to dismiss"); *Eisner* v. *Meta Platforms, Inc.*, 2024 WL 2749433, at *3 (N.D. Cal. May 28, 2024) (holding that, where defendants "made clear that they intend to file a motion to dismiss" an amended pleading, "by operation of law, all discovery . . . is stayed pending resolution of" that "anticipated motion to dismiss").

Moreover, because the statute unambiguously states that "*all discovery* . . . shall be stayed during the pendency of *any* motion to dismiss," 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added), it does not matter that the Court has already sustained the Section 10(b) claim, or that the only claim asserted against Staley and Higgens is the Section 10(b) claim.

*First*, as the Ninth Circuit explained, "[w]hen an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery." *Petrie* v. *Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014). Indeed, just last month Judge Davila reiterated this well-established law, holding that the PSLRA "stay applies when *any* motion to dismiss is pending or anticipated, whether or not courts have previously found that some claims were sufficiently pled." *Facebook*, 2025 WL 1741022, at *1; s*ee also Wang* v. *Lightspeed Env't, Inc.*, 2014 WL 29120, at *10 n.2 (E.D. Mich. Jan. 3, 2014) ("[T]he automatic stay has been held to apply to both initial and successive motions to dismiss."); *Fosbre* v. *Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) ("[I]t is proper to impose the stay of discovery pending the decision on the motion to dismiss the Second Amended Complaint."); *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) ("discovery must be stayed pending all motions to dismiss, even if an earlier

-3-

motion to dismiss failed"); *Sedona Corp.* v. *Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) ("the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint").

To be sure, more than 20 years ago, a district court in Massachusetts held otherwise, reasoning that allowing "discovery to proceed against" the individuals whose motions to dismiss had already been denied would not be inconsistent with what the court perceived as the legislative "intent of the stay provision." *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002). But today, courts do not use inferences drawn from legislative intent to override clear statutory text. Because "the text of a law controls over purported legislative intentions unmoored from any statutory text; the Court may not replace the actual text with speculation as to Congress' intent." *Corner Post, Inc.* v. *Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 815 (2024) (quotations omitted). Here, the argument that "the PSLRA does not require staying discovery against defendants whose motions to dismiss were denied" cannot be squared with the "plain language of the PSLRA stay[ing] all discovery while any motion to dismiss is pending." *In re Celera Corp. Sec. Litig.*, 2014 WL 3827570, at *2 (C.D. Cal. Feb. 25, 2014); *see Smith Barney*, 2012 WL 1438241, at *2 (even if "there are compelling policy arguments for permitting discovery to resume after some claims have survived an earlier motion to dismiss[,] . . . this Court is 'not at liberty to rewrite the statute to reflect a meaning [it] deem[s] more desirable'").

*Second*, the PSLRA stay applies to the entire action, including St. Louis's pendent English law claim. *See SG Cowen*, 189 F.3d at 913 n.1 ("We also reject plaintiffs' argument that the district court should have permitted discovery because plaintiffs asserted state claims."); *RSMCFH, LLC* v. *FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *3 (D. Haw. July 3, 2019) ("the PSLRA's discovery stay applies to the Plaintiff's entire action, not just the fraud-related claims"). That is because "[t]he PSLRA stay provision states that it applies [to] 'actions,' not just claims, 'arising under [federal securities laws].'" *RSMCFH*, 2019 WL 13163792, at *3 (quoting 15 U.S.C. § 78u-4(b)(3)(B)); *see Gardner* v. *Major Auto. Cos.*, 2012

MEM. OF POINTS & AUTHORITIES RE DEFS.' MOT. TO ENFORCE PSLRA DISCOVERY STAY / DEFER SCH. CONF.

WL 1230135, at \*4 (E.D.N.Y. Apr. 12, 2012) ("[T]he PSLRA stay provision expressly applies to federal securities *actions* (not claims) arising under the Exchange Act.").

Because the PSLRA dictates that discovery is automatically stayed in this action, Defendants further submit that there is good cause to adjourn the Scheduling Conference set for August 14, 2025 at 10:00 a.m., and to set a new date after the Court has ruled on Barclays' forthcoming motion to dismiss the Second Amended Complaint, as courts within this district routinely do. *See*, *e.g.*, *In re Xponential Fitness Sec. Litig.*, No. 24-cv-00285, ECF No. 77 (C.D. Cal. Nov. 20, 2024) (finding "[g]ood cause" to vacate the "Scheduling Conference" and "all deadlines associated therewith" due to PSLRA stay); *Weir* v. *Allianz SE*, No. 23-cv-00719, ECF No. 47 (C.D. Cal. Nov. 16, 2023) (finding "good cause" to "adjourn[]" the scheduling conference until "after the Court has ruled on [d]efendants' Motion to Dismiss" where discovery was stayed under the PSLRA); *Kairos Inv. Mgmt.* v. *J.P. Morgan Sec. LLC*, No. 23-cv-01124, ECF No. 23 (C.D. Cal. Sept. 1, 2023) (vacating scheduling conference due to PSLRA stay).

Accordingly, the Defendants request that the Court enter an Order providing as follows:

1. The Scheduling Conference set for August 14, 2025 at 10:00 a.m. is adjourned and shall be set for a date after the Court has ruled on Barclays' forthcoming motion to dismiss the Second Amended Complaint.

2. All discovery-related deadlines and obligations set forth in the Scheduling Order or applicable rules are hereby held in abeyance until after the resolution of Barclays' forthcoming motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this motion and enter the attached Proposed Order.

-5-

Dated:  August 1, 2025

/s/ Adam S. Paris
Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3558

Peter B. Morrison (SBN # 230148)
(peter.morrison@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:     (213) 687-5000
Facsimile:      (213) 687-5600

Scott D. Musoff (*pro hac vice*)
(scott.musoff@skadden.com)
Boris Bershteyn (*pro hac vice*)
(boris.bershteyn@skadden.com)
Lara A. Flath (*pro hac vice*)
(lara.flath@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000

*Attorneys for Defendants Barclays PLC
and Nigel Higgins*

-6-

/s/ Matthew Donald Umhofer
Matthew Donald Umhofer (SBN # 206607)
Elizabeth Mitchell (SBN # 251139)
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, California 90021
Telephone:     (213) 394-7979

Brendan V. Sullivan, Jr. (*pro hac vice*)
John M. McNichols (*pro hac vice*)
Stephen L. Wohlgemuth (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:     (202) 434-5800
Facsimile:     (202) 434-5029

*Attorneys for Defendant James E. Staley*

MEM. OF POINTS & AUTHORITIES RE DEFS.' MOT. TO ENFORCE PSLRA DISCOVERY STAY / DEFER SCH. CONF.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Barclays PLC and Nigel Higgins, certifies that this brief contains 5 pages, which complies with the page limit set in Section VIII.C of the Court's Civil Standing Order.


Dated:  August 1, 2025                          SULLIVAN & CROMWELL LLP


                                                /s/ Adam S. Paris
                                                Adam S. Paris

                                                *Attorney for Defendants Barclays PLC and Nigel Higgins*

MEM. OF POINTS & AUTHORITIES RE DEFS.' MOT. TO ENFORCE PSLRA DISCOVERY STAY / DEFER SCH. CONF.

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:  August 1, 2025                                       SULLIVAN & CROMWELL LLP


                                                             /s/ Adam S. Paris
                                                             Adam S. Paris

                                                             *Attorney for Defendants Barclays*
                                                             *PLC and Nigel Higgins*

-9-