ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS (213113)
HADIYA K. DESHMUKH (328118)
SHAO-JIA CHANG (356004)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
schang@rgrdlaw.com
        – and –
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Case No. 2:23-cv-09217-MEMF-KS |
| Plaintiff, | ) ) CLASS ACTION ) |
| vs. | ) OPPOSITION TO DEFENDANTS' MOTION ) TO MODIFY SCHEDULING ORDER |
| BARCLAYS PLC, et al., | ) PURSUANT TO THE PRIVATE ) SECURITIES LITIGATION REFORM |
| Defendants. | ) ACT'S AUTOMATIC DISCOVERY STAY ) AND TO DEFER SCHEDULING ) CONFERENCE |

4922-9116-2462.v1

## I.      Introduction

This Court has already concluded that the allegations of the Second Amended Class Action Complaint for Violations of the Securities Laws of the United States and the United Kingdom (ECF 98) ("Complaint") satisfy the heightened pleading standard of the Private Securities Litigation Reform Act of 1995 ("PSLRA") as to *all* the securities fraud claims against *all* Defendants.[1]  By upholding the claims under the Securities Exchange Act of 1934 ("Exchange Act"), the Court lifted the PSLRA discovery stay imposed while a motion to dismiss was pending on those claims. Barclays' forthcoming motion to dismiss, meanwhile, will not touch those claims, attacking only the sufficiency of a single claim brought under English law against a single defendant.  That claim – dishonest delay under Section 90A and Schedule 10A of the U.K. Financial Services and Markets Act 2000 ("FSMA") – is not subject to the protections of the PSLRA discovery stay.  In fact, even Defendants concede the dishonest delay claim is "*an entirely separate claim under English law*." Motion to Modify Scheduling Order Pursuant to the Private Securities Litigation Reform Act's Automatic Discovery Stay and to Defer Scheduling Conference, ECF 102-1 ("Motion" or "Mot.") at 1.[2]

Seeking nevertheless to impose the PSLRA stay while the parties determine the sufficiency of the dishonest delay claim in a second round of motion to dismiss briefing, Defendants bring the instant Motion.  Yet, given the undisputable purpose of the PSLRA stay – to prevent abusive discovery tactics *before* a securities fraud claim is tested by a motion to dismiss and found sufficiently alleged – the Motion is legally and substantively groundless.  Because the Exchange Act claims merit proceeding to discovery, the PSLRA stay's purpose has been satisfied.  Regardless of the outcome of Defendants' motion to dismiss the dishonest delay claim, discovery will ensue on those claims.  The only purpose served by imposing the stay again, then, while the parties address the sufficiency of the dishonest delay claim, is delay.  Defendants' Motion must be denied.

---

[1]    "Defendants" are Barclays PLC ("Barclays"), Nigel Higgins, and James E. Staley.  "Plaintiffs" are Lead Plaintiff Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees and plaintiff The Firemen's Retirement System of St. Louis.

[2]    Emphasis is added and citations are omitted throughout unless otherwise indicated.

4922-9116-2462.v1

**II.      The Court Denied Defendants' Motions to Dismiss Lead Plaintiff's Exchange Act Claims, Rendering the PSLRA Stay Inapplicable Here**

As the Exchange Act claims have withstood Defendants' motions to dismiss, the PSLRA stay has no force to stall discovery here.  *See In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025) (permitting discovery to proceed once some securities fraud claims found sufficiently alleged); *In re Enovix Corp. Sec. Litig.*, 2025 WL 1900720, at *1 (N.D. Cal. July 8, 2025) (the PSLRA stay does not apply where "some portion of this case will move forward regardless" of the outcome of defendants' partial challenge to the pleadings); *In re Glob. Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (finding "no reason under the statute's language or its purpose to countenance further delay by preventing discovery" as to one defendant "against whom this case is now clearly going forward" on securities fraud claims, despite outstanding motions to dismiss against other defendants); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106-07 (D. Mass. 2002) (finding the PSLRA discovery stay does not apply to claims against defendants that have survived a motion to dismiss).  Barclays' anticipated motion to dismiss will not seek dismissal of the Exchange Act claims to which the PSLRA applies.  Barclays intends to seek dismissal of ***only*** the claim brought under Section 90A, which it describes as an "entirely separate claim under English law."  Mot. at 1-2.  Because the Complaint has already adequately pleaded claims under the Exchange Act, discovery should proceed.

The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits, but once "'***the court has sustained the legal sufficiency of the complaint***,'" the PSLRA "clearly contemplates that 'discovery should be permitted in securities class actions.'"  *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 911 (9th Cir. 1999) (emphasis in original) (quoting S. Rep. No. 104-98, at 14 (1995) (Conf. Rep.)); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014) (describing PSLRA stay's purpose).  Where the Court already has sustained the legal sufficiency of the Complaint, this purpose has been served.  *Facebook*, 2025 WL 556282, at *1; *Latham v. Stein*, 2010 WL 3294722, at *3 (D.S.C. Aug. 20, 2010); *Lernout*, 214 F. Supp. 2d at 107.

- 2 -

The same reasoning applies where PSLRA pleading requirements have been satisfied but the sufficiency of other claims remain undecided. For example, in *Latham v. Stein*, the court permitted discovery to proceed where securities fraud claims were partially upheld, plaintiffs filed an amended complaint, and one defendant (of several) moved to dismiss. 2010 WL 3294722, at *1, *3. That court reasoned that because "plaintiffs' complaint is legally sufficient" as to the corporate defendant and five individual defendants, "discovery will proceed as to these defendants regardless of whether [the individual defendant's] motion to dismiss is granted." *Id.* at *3. *See also Facebook*, 2025 WL 556282, at *1; *Glob. Crossing*, 322 F. Supp. 2d at 352; *Lernout*, 214 F. Supp. 2d at 106; *In re CFS-Related Sec. Fraud Litig.*, 213 F.R.D. 435, 446 (N.D. Okla. 2003) (determining that although motions to dismiss cross-claims were pending, discovery may proceed because "[t]he Court has decided Defendants' motions to dismiss, and the claims against Defendants continue in this action"). Regardless of the outcome of Barclays' motion to dismiss the Section 90A claim, the Exchange Act claims will proceed. *See Enovix*, 2025 WL 1900720, at *1.

Despite Defendants' urging, the Court cannot ignore the legislative intent of the PSLRA stay. *See* Mot. at 4.[3] In fact, courts routinely look to the congressional purpose of the PSLRA when interpreting its provision, even as late as July of this year. *See, e.g.*, *Facebook*, 2025 WL 556282, at *1; *Enovix*, 2025 WL 1900720, at *1; *SG Cowen*, 189 F.3d at 911; *CFS-Related Sec. Fraud Litig.*, 213 F.R.D. at 446; *Lernout*, 214 F. Supp. 2d at 105-06; *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002); *In re Marriott*, 2019 WL 4855202, at *2 (D. Md. Aug. 30, 2019); *Latham*, 2010 WL 3294722, at *2. In *In re Facebook, Inc. Sec. Litig.*, the court reasoned that

---

[3] By Defendants' reading of the purportedly "clear statutory text" that the PSLRA stay applies "[i]n any private action arising under this chapter" (15 U.S.C. §78u-4(b)(3)(B)), the stay would be imposed in every single circumstance that a motion to dismiss is filed. Mot. at 4. That reading runs contrary to clear and recent precedent. Nor does the plain language of 15 U.S.C. §78u-4(b)(3)(B) clearly dictate all the circumstances where federal securities claims meet the PSLRA's pleading requirements while one non-federal securities claim remains at issue. *See, e.g.*, *Latham*, 2010 WL 3294722, at *2 (disagreeing that the PSLRA stay provision is "unambiguous" and citing concurring opinions). Analogously, despite the PSLRA's pleading requirements likewise applying "[i]n any private action arising under this chapter," courts have regularly recognized that such requirements do not apply to state law claims, even when brought alongside federal securities law claims. *See, e.g.*, *In re Lottery.com, Inc. Sec. Litig.*, 715 F. Supp. 3d 506, 557 n.11 (S.D.N.Y. 2024) ("The claim at issue . . . was . . . [state law] fraud, and therefore the PSLRA did not apply."); *In re Merrill Lynch Auction Rate Sec. Litig.*, 886 F. Supp. 2d 340, 345 (S.D.N.Y. 2012) ("[T]he heightened pleading requirements of the PSLRA do not apply to state law causes of action. . . ."); *Mack Univ. LLC v. Halstead*, 2007 WL 4458615, at *5 (C.D. Cal. Nov. 14, 2007) (same).

- 3 -

4922-9116-2462.v1

because the purpose of the PSLRA discovery stay is to "'prevent plaintiffs from filing frivolous lawsuits and using [them as vehicles] "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint,"'" once "some claims" are found to be properly stated, discovery should proceed.  2025 WL 556282, at *1.[4]  The same result should follow here, where the Court held the Exchange Act claims were properly stated, nullifying any risk that Plaintiffs' discovery requests would "act as a fishing expedition to salvage a deficient complaint." *Id.*; *see also Wang v. Lightspeed Env't, Inc.*, 2014 WL 29120, at *1, *10 (E.D. Mich. Jan. 3, 2014) (finding that the PSLRA stay applied prior to the resolution of the first motions to dismiss and ordering the case "shall proceed to discovery" after upholding some of the federal securities claims).[5]  Discovery should thus proceed.

Defendants' other cited authorities are inapposite.  For example, in *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 2019 WL 13163792 (D. Haw. July 3, 2019), plaintiffs' amended complaint contained Exchange Act claims and a breach of contract claim, the latter of which had survived the initial motion dismiss and was not raised in the second motion to dismiss.  *Id.* at *2. That court found the PSLRA discovery stay applied, particularly since the underlying facts for the breach of contract claim were the same as for the PSLRA claims, the sufficiency of which had not been decided.  Likewise, in *In re Celera Corp. Sec. Litig.*, 2014 WL 3827570 (C.D. Cal. Feb. 25, 2014), discovery had commenced on securities claims after the court had denied defendants' motion dismiss.  *Id.* at *1.  But when plaintiffs amended their complaint to add a defendant, defendants sought to invoke the PSLRA stay after the newly added defendant moved to dismiss.  *Id.*  Even

---

[4]  The court in *In re Facebook, Inc. Sec. Litig.*, 2025 WL 1741022 (N.D. Cal. June 17, 2025) has repeatedly examined PSLRA stay, including in an opinion issued in June 2025, and on which Defendants rely.  Mot. at 3.  While that court recognized that "Defendants' express intention to file a motion to dismiss, triggers the stay in this case," it made clear: "That is not the end of the story, though." *Facebook*, 2025 WL 1741022, at *1.  Finding that the pleadings "extensively tested" and "vigorously litigated," and considering the passage of time without discovery, it lifted the PSLRA stay.  *Id.* at *2.

[5]  Much of Defendants' other authority requires no different outcome, as those cases found the PSLRA stay applied where the court had not yet evaluated the sufficiency of the complaint.  *See, e.g.*, *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (stay applied where plaintiffs had not yet filed their consolidated complaint); *In re Volkswagen "Clean Diesel" Mrktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11796891, at *2 ( N.D. Cal. June 23, 2016) (same); *Eisner v. Meta Platforms, Inc.*, 2024 WL 2749433, at *4 (N.D. Cal. May 28, 2024) (stay applied where a motion to dismiss the Section 14(a) claims under the Exchange Act was "not yet filed").

- 4 -

though the court agreed that the PSLRA stay applied because of the newly brought securities claim, it nevertheless still permitted limited discovery to proceed as to those defendants who had already commenced discovery. *Id.* at *2-*3.

Here, because the Court has already denied the motion to dismiss the Exchange Act claims, the PSLRA stay no longer serves the statutory purpose. Moreover, the forthcoming motion to dismiss the "entirely separate" Section 90A claim will not disturb that ruling.[6] No further delay is warranted where it is certain that discovery will proceed on the Exchange Act claims. *Facebook*, 2025 WL 556282, at *1.

Even more puzzling than the fact that Defendants' Motion seeks merely to delay discovery on claims for which discovery is already found to be merited, is the fact that the effect of the Motion is to preclude Plaintiffs from obtaining documents concerning the very issues that Defendants persist in contending were so widely known during the Class Period.[7] *See* Barclays motion to dismiss (ECF 58) at 8-10; Staley motion to dismiss (ECF 56) at 14, 16. For years, the media questioned Staley and Epstein's relationship by quoting some of their emails – all of which Defendants have steadfastly minimized or denied. Indeed, many of the documents forming what Plaintiffs expect to be the heart of Defendants' document production have already been produced in other actions and publicly discussed.[8] Considering this context, Defendants' efforts to continue withholding such documents with an unsupportable continuation of the PSLRA stay, despite the Court's denial of the motions to

---

[6]   Plaintiffs amended the Complaint only as to the FSMA claim – the Exchange Act claims remain the same. This is not a case where Plaintiffs "'fundamentally change[d] the allegations that the Court allowed to proceed.'" *See Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) (granting motion to enforce PSLRA stay where plaintiffs "repeat[ed] allegations that the Court dismissed, add[ed] new allegations, and fundamentally change[d] the allegations that the Court allowed to proceed"); *see also In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *1-*2 (S.D.N.Y. Apr. 25, 2012) (holding the PSLRA stay was applicable where the case had proceeded to discovery but plaintiffs subsequently disclosed that the lead plaintiff had not purchased any of the funds at issue, the court appointed a new lead plaintiff, plaintiffs were to file an amended complaint).

[7]   The "Class Period" is July 22, 2019 through October 12, 2023, inclusive.

[8]   In a public decision issued on June 26, 2025, the U.K.'s Upper Tribunal, Tax and Chancery Chamber, extensively quoted Staley and Epstein's emails when reaching its judgment that Staley had misrepresented his relationship with Epstein to the FCA. *See Staley v. The Financial Conduct Authority* [2025] UKUT 00203 (TCC), ¶¶90(1)-(8), 93, 97, 101-107, 110, 125, 128-129, 139-141, 146-154, 156, 158-160, 162, 164-167, 171-172, 174-188, 189-217, available at https://assets.publishing.service.gov.uk/media/685d21fec2633bd820a92a52/Staley_v_FCA_decision_for_release.pdf.

- 5 -

dismiss, only underscores that the full truth was ***not*** in fact known during the Class Period. It should now be brought to light without further delay in discovery.

## III.    Conclusion

For the foregoing reasons, Defendants' Motion should be denied and discovery should proceed without delay.

DATED: August 15, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH
SHAO-JIA CHANG


s/ Shawn A. Williams
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
schang@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
ASHLEY M. PRICE
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 6 -

4922-9116-2462.v1