Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3558

[ADDITIONAL COUNSEL ON SIGNATURE BLOCK]

*Attorneys for Defendants Barclays PLC
and Nigel Higgins*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS, <br><br> Defendants. | Case No. 2:23-cv-09217-MEMF-KS <br><br> **DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO MODIFY SCHEDULING ORDER PURSUANT TO THE PRIVATE SECURITIES LITIGATION REFORM ACT'S AUTOMATIC DISCOVERY STAY** <br><br> Hearing Date:  November 6, 2025 <br> Hearing Time:  10:00 A.M. <br> Courtroom:  8B <br> Judge:  Hon. Maame Ewusi-Mensah Frimpong |

# TABLE OF CONTENTS

*Page*

INTRODUCTION ...............................................................................................................1

ARGUMENT.....................................................................................................................2

I.      Plaintiffs Rely on Inapposite Cases in which the PSLRA Stay Was Not Implicated
        or Was Lifted Under the Exception for Undue Prejudice..................................................2

II.     Legislative History Cannot Override the Plain Language of the Statute.........................4

CONCLUSION..................................................................................................................7

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Altimeo Asset Mgmt.* v. *Qihoo 360 Tech. Co.*,
2022 WL 1663560 (S.D.N.Y. May 25, 2022) ..........................................................................5

*In re Am. Funds Sec. Litig.*,
493 F. Supp. 2d 1103 (C.D. Cal. 2007) ...............................................................................4, 6

*Borteanu* v. *Nikola Corp.*,
2022 WL 1188081 (D. Ariz. Apr. 21, 2022) ..........................................................................6

*Bostock* v. *Clayton Cnty.*,
590 U.S. 644 (2020)................................................................................................................4

*Brown* v. *Ambow Educ. Holding Ltd.*,
2014 WL 12487666 (C.D. Cal. Feb. 6, 2014).....................................................................6, 7

*In re Celera Corp. Sec. Litig.*,
2014 WL 3827570 (C.D. Cal. Feb. 25, 2014)..........................................................................5

*In re CFS-Related Sec. Fraud Litig.*,
213 F.R.D. 435 (N.D. Okla. 2003).........................................................................................5

*In re Enovix Corp. Sec. Litig.*,
2025 WL 1900720 (N.D. Cal. July 8, 2025)............................................................................3

*In re Facebook, Inc. Sec. Litig.*,
2025 WL 556282 (N.D. Cal. Feb. 19, 2025) ......................................................................2, 3

*In re Facebook, Inc. Sec. Litig.*,
2025 WL 1741022 (N.D. Cal. June 17, 2025) .........................................................................3

*Fosbre* v. *Las Vegas Sands Corp.*,
2012 WL 5879783 (D. Nev. Nov. 20, 2012) ...........................................................................5

*Glazing Emps. & Glaziers Union* v. *iRhythm Techs., Inc.*,
2025 WL 2243640 (N.D. Cal. Aug. 6, 2025) ..........................................................................4

*In re Glob. Crossing, Ltd. Sec. Litig.*,
322 F. Supp. 2d 319 (S.D.N.Y. 2004).....................................................................................4

*Jiang* v. *Chirico*,
2024 WL 3104817 (S.D.N.Y. June 24, 2024) .........................................................................3

*In re Lantronix, Inc. Sec. Litig.*,
2003 WL 22462393 (C.D. Cal. Sept. 26, 2003) ......................................................................5

*Latham* v. *Stein*,
2010 WL 3294722 (D.S.C. Aug. 20, 2010) .........................................................................4, 5

*In re Lernout & Hauspie Sec. Litig.*,
214 F. Supp. 2d 100 (D. Mass. 2002) .................................................................................4, 5

-ii-

*M & M Hart Living Tr.* v. *Glob. Eagle Ent., Inc.*,
   2017 WL 5642326 (C.D. Cal. Aug. 18, 2017)............................................................1

*In re Meta Platforms, Inc., Sec. Litig.*,
   2024 WL 923770 (N.D. Cal. Mar. 4, 2024)...............................................................3

*In re Pattern Energy Grp. Inc. Sec. Litig.*,
   2021 WL 312752 (D. Del. Jan. 28, 2021)..................................................................6

*Petrie* v. *Elec. Game Card, Inc.*,
   761 F.3d 959 (9th Cir. 2014) ................................................................................1, 7

*RSMCFH, LLC* v. *FareHarbor Holdings, Inc.*,
   2019 WL 13163792 (D. Haw. July 3, 2019)............................................................3, 5

*Sedona Corp.* v. *Ladenburg Thalmann*,
   2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005)..........................................................5, 6

*In re Trump Hotel S'holder Derivative Litig.*,
   1997 WL 442135 (S.D.N.Y. Aug. 5, 1997)................................................................6

*Union Cent. Life Ins. Co.* v. *Ally Fin., Inc.*,
   2012 WL 3553052 (S.D.N.Y. Aug. 17, 2012)........................................................1, 2

**Statute**

15 U.S.C. § 78u-4(b)........................................................................................ *passim*

-iii-

## INTRODUCTION

Plaintiffs do not even try to argue that allowing them to proceed with discovery pending resolution of Barclays' forthcoming motion to dismiss the Second Amended Complaint is permitted under the plain language of the automatic discovery stay provision of the Private Securities Litigation Reform Act ("PSLRA"). Nor do they try to argue that this case presents the sort of "exceptional circumstances," *M & M Hart Living Tr.* v. *Glob. Eagle Ent., Inc.*, 2017 WL 5642326, at *1 (C.D. Cal. Aug. 18, 2017), that warrant lifting the discovery stay on the statutory ground that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice," 15 U.S.C. § 78u-4(b)(3)(B). Instead, Plaintiffs tout discredited case law and improperly resort to legislative history to try to lead the Court into erroneously finding that the stay does not apply. A true accounting of relevant law shows the exact opposite.

Plaintiffs argue that they should be permitted to race off into discovery while Plaintiff St. Louis tries to fend off dismissal of its amended English law securities claim. (Opp. 1.)[1] As Plaintiffs see it, because the Court sustained Teamsters' Section 10(b) claim, the Court should allow them to take discovery notwithstanding that Barclays will move to dismiss the Second Amended Complaint on September 5. Plaintiffs say this would be consistent with the supposed legislative "purpose of the PSLRA stay." (*Id.*) But it is improper to resort to legislative history given that the PSLRA is clear on its face: "In *any* private action arising under this chapter," like the one here, "*all discovery* and other proceedings shall be stayed during the pendency of *any* motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B) (emphasis added). As the Ninth Circuit put it, "*no litigant* shall take *any* steps in pursuit of discovery during the pendency of *any* motion to dismiss." *Petrie* v. *Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (emphasis added).

As another court explained in similar circumstances, "[t]he plaintiffs clearly perceived some advantage in choosing to bring [other] claims as part of a larger action that includes the Exchange Act defendants. Concurrent with that perceived advantage, they must accept the cost of their decision." *Union Cent. Life Ins. Co.* v. *Ally Fin., Inc.*, 2012 WL 3553052, at *4 (S.D.N.Y.

---

[1] The Court did not sustain "all [of] the securities fraud claims," as Plaintiffs suggest. (Opp. 1.) Although it sustained the Section 10(b) claim, the Court dismissed the English law securities fraud claim against Barclays with leave to amend. (Order at 23.)

Aug. 17, 2012). Thus, "[h]aving chosen to invoke . . . the Exchange Act, plaintiffs are necessarily subject to the PSLRA" automatic stay. *Id.* This Court should enforce the PSLRA and stay discovery pending resolution of Barclays' forthcoming motion to dismiss.

## ARGUMENT

Plaintiffs do not even attempt to argue that the PSLRA automatic stay does not apply under its plain terms. Rather, Plaintiffs rely on (i) cases where the PSLRA stay was either not implicated or lifted under the undue prejudice exception, which Plaintiffs do not try to invoke here, or (ii) out-of-circuit outlier cases that improperly elevated legislative intent over the PSLRA's plain language, which have been rejected by nearly all courts for that reason.

**I.      Plaintiffs Rely on Inapposite Cases in which the PSLRA Stay Was Not Implicated or Was Lifted Under the Exception for Undue Prejudice.**

Plaintiffs' principal authorities all involved situations where the PSLRA stay provision was not implicated at all, or the court lifted the stay in reliance on the exception for "undue prejudice," which Plaintiffs do not try to invoke here.

*First*, Plaintiffs twist the court's decision in *In re Facebook, Inc. Securities Litigation*, 2025 WL 556282 (N.D. Cal. Feb. 19, 2025). That court did not hold that "discovery should proceed" pending resolution of a motion to dismiss because "'some claims' [were] found to be properly stated." (Opp. 4.) Rather, the court ordered discovery to proceed—after seven years of litigation at the pleading stage while discovery was stayed—because the court "[did] not allow Defendants to file a fourth motion to dismiss" after the Supreme Court returned the case back to the district court. *Facebook*, 2025 WL 556282, at *1-2. In other words, because the case was fully advanced past the pleading stage, the PSLRA stay provision was not implicated. Without a "pend[ing] . . . motion to dismiss," the stay provision is not triggered. 15 U.S.C. § 78u-4(b)(3)(B). Here, by contrast, Barclays will move to dismiss the Second Amended Complaint on September 5. As a result, the PSLRA stay applies.[2]

---

[2] The court denied the *Facebook* defendants' request to move to dismiss the complaint because the case had been pending for seven years: "There have been four complaints, three motions to dismiss, an appeal to the Ninth Circuit, a petition for panel rehearing and rehearing en banc before the Circuit, a petition for certiorari to the Supreme Court, a grant of certiorari, and argument

-2-

Indeed, as Plaintiffs bury in a footnote (Opp. 4 n.4), when the *Facebook* plaintiff later sought leave to amend yet again, triggering the defendants' right to move to dismiss, the court held that "Defendants' express intention to file a motion to dismiss[] triggers the stay in this case." *In re Facebook, Inc. Sec. Litig.*, 2025 WL 1741022, at *1 (N.D. Cal. June 17, 2025).  The Court determined, however, that there was good cause to "lift the PSLRA stay" due to the "unusual confluence of [] two factors," neither of which exist here:  "the especially vigorous testing of Lead Plaintiffs' claims up through appeal, and the extraordinary period of time that has passed without discovery." *Id.* at *2.  Here, Plaintiffs have not sought to lift the stay.  Nor could they, given that the facts of this case do not remotely approach the unusual circumstances in *Facebook*.  No appellate court has passed on Plaintiffs' claims, and there is nothing "extraordinary" about the "period of time that has passed [in this case] without discovery." *Id.*  Moreover, Plaintiffs do not identify *any* prejudice that would result from a continued stay, other than to blandly note that it would "delay" discovery while the Court considers St. Louis' attempt to re-plead an English law claim.  (Opp. 1.)  But "[d]elay is an inherent part of every stay of discovery required by the PSLRA." *Jiang* v. *Chirico*, 2024 WL 3104817, at *7 (S.D.N.Y. June 24, 2024).  Thus, "[w]anting discovery and not having access to it is not the kind of undue prejudice that justifies lifting a discovery stay." *In re Meta Platforms, Inc., Sec. Litig.*, 2024 WL 923770, at *1 (N.D. Cal. Mar. 4, 2024); *see RSMCFH, LLC* v. *FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *4 (D. Haw. July 3, 2019) ("This action has been pending for less than a year," so any brief additional delay would not be "unduly prejudicial").

*Second*, the PSLRA stay also was not implicated in *In re Enovix Corp. Securities Litigation*, 2025 WL 1900720 (N.D. Cal. July 8, 2025); Opp. 2.  In that case, after the court had sustained the complaint, the defendants stated that they intended to file a motion for "partial judgment on the pleadings" under Rule 12(c), and sought a stay pending resolution of that motion. *Enovix*, 2025 WL 1900720, at *1.  Because a motion for judgment on the pleadings is not a motion to dismiss, the PSLRA, by its plain terms, does not apply. *See, e.g.*, *Glazing Emps. & Glaziers*

before the Supreme Court," which was then dismissed "as improvidently granted" after argument. 2025 WL 556282, at *1.  "The Ninth Circuit has spoken; Plaintiffs have stated a claim.  Seven years is more than long enough to wait, and it is high time for discovery to begin." *Id.*

-3-

*Union* v. *iRhythm Techs., Inc.*, 2025 WL 2243640, at \*2 (N.D. Cal. Aug. 6, 2025) ("[T]he automatic stay applies to 'motions to dismiss,' that is, motions brought pursuant to Federal Rules of Civil Procedure 12(b). . . . 'By its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c).'" (internal citation omitted)). Here, Barclays will move to dismiss the Second Amended Complaint under Rule 12(b)(6) on September 5. Accordingly, the PSLRA stay applies.

*Third*, in *In re Global Crossing, Ltd. Securities Litigation*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) (Opp. 2), the court lifted the PSLRA stay under the "undue prejudice" exception, because "the entity being sued is winding down" and "further delay of discovery on the issue of successor liability could hamper [plaintiffs'] ability in the long term to achieve the relief they seek." Here, Plaintiffs do not try to invoke the undue prejudice exception, presumably because they have no basis to do so. Indeed, the facts here are not remotely akin to those at issue in *Global Crossing*, where the defendant was closing operations. *See In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007) (noting that courts have lifted the discovery stay in cases involving "unique circumstances," such as "corporate bankruptcies").

**II.      Legislative History Cannot Override the Plain Language of the Statute.**

Plaintiffs argue that this Court should invoke certain of the PSLRA's legislative history to override the statute's plain language. (Opp. 3.) That is not how courts construe statutes. "Judges are not free to overlook plain statutory commands on the strength of nothing more than suppositions about intentions or guesswork about expectations." *Bostock* v. *Clayton Cnty.*, 590 U.S. 644, 683 (2020).[3]

For that reason, Plaintiffs get no mileage from their reliance on a 23-year-old Massachusetts case (*In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002)), or a 15-year-old South Carolina case that followed it (*Latham* v. *Stein*, 2010 WL 3294722 (D.S.C. Aug. 20, 2010)). (Opp. 3.) Those decisions have been resoundingly criticized, including by

---

[3] In a footnote, Plaintiffs note that courts do not apply the PSLRA's heightened pleading requirements to state law claims. (Opp. 3 n.3.) But that statutory language is different and narrower than the stay provision, applying to "each act or omission alleged to violate this chapter." 15 U.S.C. § 78u-4(b)(2); *see id.* § 78u-4(b)(4) (same limitation on pleading loss causation).

-4-

courts in this Circuit, for elevating perceived legislative intent over the plain language of the PSLRA.[4]  As other courts have explained, "[t]he statutory text is crystal clear.  In mandatory prose, it provides that all discovery shall be stayed during the pendency of any motion to dismiss." *Altimeo Asset Mgmt.* v. *Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *1-2 (S.D.N.Y. May 25, 2022) (stating that *Latham* reflects a "distinct[] [] minority reading"); *see In re Celera Corp. Sec. Litig.*, 2014 WL 3827570, at *2 (C.D. Cal. Feb. 25, 2014) (rejecting *Lernout* and *Latham*, and holding that the "plain language of the PSLRA stays all discovery while any motion to dismiss is pending"); *Fosbre* v. *Las Vegas Sands Corp.*, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) (rejecting *Latham* and "agree[ing] with those decisions which hold that 15 U.S.C. § 78u4(b)(3)(B) is unambiguous and requires that discovery be stayed when *any* motion to dismiss is pending"); *Sedona Corp.* v. *Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (rejecting *Lernout*).

It is therefore irrelevant that the Court sustained the Section 10(b) claim and Barclays' forthcoming motion will be targeted at St. Louis' English law claim.  (*See* Opp. 1.)  "The PSLRA stay provision states that it applies to 'actions,' not just claims, 'arising under federal securities laws.'"  *RSMCFH*, 2019 WL 13163792, at *3 (brackets omitted) (rejecting argument that "the PSLRA's discovery stay does not apply because Plaintiff's breach of contract claim survived the first Motion to Dismiss and the pending, second Motion to Dismiss does not seek dismissal of the breach of contract claim").  Thus, as Judge Anderson held, even a defendant's "concession that the First Consolidated Complaint states a viable claim under section 10(b)" does not mean that discovery should commence.  *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *1-2 (C.D. Cal. Sept. 26, 2003).  "Even with [the defendant's] concession," its "Motion to Dismiss Plaintiff's other claims still trigger the PSLRA's discovery stay provisions."  *Id.* at *2.

---

[4] Plaintiffs note (Opp. 3) that, in *In re CFS-Related Securities Fraud Litigation*, 213 F.R.D. 435, 445-46 (N.D. Okla. 2003), the court allowed the plaintiff to continue with discovery—which had been proceeding for more than a year—while one defendant moved to dismiss a cross-claim for indemnification asserted against it by another defendant.  That decision, which has no applicability here, made eminent sense.  The fact that "the Defendants have filed claims against each other" had no bearing on the plaintiff's action.  *Id.* at 446.

-5-

Nor would a continued stay under the PSLRA be unfair to Plaintiffs, who are in this predicament solely because Teamsters invited St. Louis to join its lawsuit and assert "entirely separate" claims under English law.  (Opp. 1, 5.)  "By choosing to proceed in that manner, they subjected themselves to the PSLRA discovery stay."  *In re Pattern Energy Grp. Inc. Sec. Litig.*, 2021 WL 312752, at *2 (D. Del. Jan. 28, 2021).  As another court explained in rejecting a similar argument:

> Plaintiffs next argue that staying discovery in this matter operates unfairly because it effectively penalizes them for alleging a federal securities law claim in conjunction with their state law claims.  Plaintiffs contend that had they chosen to proceed on their state law claims alone, the PSLRA[,] by[] its own terms, would be inapplicable and there would be no stay.  Although plaintiffs appear be correct that the PSLRA has no application to actions in which only state law claims are alleged, this is simply not such an action.  Having chosen to invoke Section 14 of the Exchange Act, plaintiffs are necessarily subject to the PSLRA.

*In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997).  Moreover, "the PSLRA's discovery stay is not absolute. The stay provision provides exceptions where there is a likelihood of undue prejudice, or a need to preserve evidence is demonstrated."  *Sedona*, 2005 WL 2647945, at *4.  In other words, if Plaintiffs believed there is a basis for the stay to be lifted, they could have tried to invoke an exception.  They chose not to do so.

Lastly, Plaintiffs observe that "many of the documents forming what Plaintiffs expect to be the heart of Defendants' document production have already been produced in other actions and publicly discussed."  (Opp. 5.)  But courts have rejected that exact argument as a basis for lifting the PSLRA stay, a request Plaintiffs do not even make.  *See Am. Funds*, 493 F. Supp. 2d at 1106 ("Plaintiffs have not demonstrated how the PSLRA discovery stay prejudices them merely because the documents they seek have already been produced to a governmental agency"); *Brown* v. *Ambow Educ. Holding Ltd.*, 2014 WL 12487666, at *2 (C.D. Cal. Feb. 6, 2014) (to the same effect); *Borteanu* v. *Nikola Corp.*, 2022 WL 1188081, at *4 (D. Ariz. Apr. 21, 2022) ("[T]he consensus view is that a plaintiff is not unduly prejudiced just because the discovery sought has already been produced in parallel investigations.").[5]

---

[5] Plaintiffs argue that Defendants' stay motion "underscores" that the nature of Staley's relationship with Epstein "was not in fact known during the Class Period." (Opp. 6.)  That makes

In sum, Plaintiffs' contention that allowing discovery to proceed "will not frustrate the policies of the PSLRA and will not burden Defendants . . . is neither here nor there.  Absent a need to preserve evidence or to prevent 'undue prejudice,' the PSLRA discovery stay prevents Plaintiff[s] from engaging in any discovery." *Brown*, 2014 WL 12487666, at *2 (internal citations and quotations omitted).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this motion and enter an order that all discovery-related deadlines and obligations set forth in the Scheduling Order or applicable rules are hereby held in abeyance until after the resolution of Barclays' forthcoming motion to dismiss.

---

no sense.  Defendants have moved to stay discovery because, under the PSLRA, "no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss." *Petrie*, 761 F.3d at 968.  That has no bearing at all on the fact that the Staley-Epstein relationship was extensively covered by the press during the putative class period.

-7-

Dated:  August 22, 2025

/s/ Adam S. Paris
Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3558

Peter B. Morrison (SBN # 230148)
(peter.morrison@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:     (213) 687-5000
Facsimile:      (213) 687-5600

Scott D. Musoff (*pro hac vice*)
(scott.musoff@skadden.com)
Boris Bershteyn (*pro hac vice*)
(boris.bershteyn@skadden.com)
Lara A. Flath (*pro hac vice*)
(lara.flath@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000

*Attorneys for Defendants Barclays PLC
and Nigel Higgins*

-8-

/s/ Matthew Donald Umhofer

Matthew Donald Umhofer (SBN # 206607)
Elizabeth Mitchell (SBN # 251139)
UMHOFER, MITCHELL & KING LLP
767 S. Alameda Street, Suite 270
Los Angeles, California 90021
Telephone:    (213) 394-7979

Brendan V. Sullivan, Jr. (*pro hac vice*)
John M. McNichols (*pro hac vice*)
Stephen L. Wohlgemuth (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:    (202) 434-5800
Facsimile:    (202) 434-5029

*Attorneys for Defendant James E. Staley*

REPLY IN FURTHER SUPPORT OF DEFS.' MOT. TO ENFORCE PSLRA DISCOVERY STAY

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Barclays PLC and Nigel Higgins, certifies that this brief contains 7 pages, which complies with the page limit set in Section VIII.C of the Court's Civil Standing Order.

Dated:  August 22, 2025                    SULLIVAN & CROMWELL LLP


                                           /s/ Adam S. Paris
                                           Adam S. Paris

                                           *Attorney for Defendants Barclays
                                           PLC and Nigel Higgins*

-10-

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 22, 2025                                   SULLIVAN & CROMWELL LLP


                                                                         /s/ Adam S. Paris
                                                                         Adam S. Paris

                                                                         *Attorney for Defendants Barclays
                                                                         PLC and Nigel Higgins*

-11-