UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09217-MEMF-KS Date: October 2, 2025

Title *Stephen Merritt v. Barclays PLC et al*

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order GRANTING Motion to Dismiss [JS-6]**

Before the Court is Defendant's Motion to Dismiss. ECF No. 114 (the "Motion"). The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for November 13, 2025. *See* C.D. Cal. L.R. 7-15.

On November 1, 2023, Plaintiff Stephen Merritt filed suit for alleged violations of federal securities law against Defendants Barclays PLC, James E. Staley, Tushar Morzaria, C.S. Venkatakrishnan, and Anna Cross. Dkt. No. 1. An amendment later added the Firemen's Retirement System of St. Louis as a co-plaintiff. The Court ordered the parties to "maintain familiarity with the Standing Order and any future amendments that the Court may issue." Dkt. No. 21.

On September 5, 2025, following Plaintiffs' filing of a Second Amended Complaint, Dkt. No. 98, Defendants filed the Motion. The Motion seeks dismissal of Plaintiff Firemen's Retirement System of St. Louis's English law § 90A claim. *See* Motion. To date, Plaintiffs have not filed any opposition.

Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."

Moreover, the Court finds that dismissal of the § 90A claim is warranted. The Court's Civil Standing Order orders the parties that "all Motions must be filed in accordance with the following modified briefing schedule . . . . Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion." Civil Standing Order § VIII.B. Per the Court's Civil Standing Order, Plaintiffs' opposition was due by September 19, 2025, fourteen (14) days from the filing of the Motion. *See* Civil Standing Order at 6. Plaintiffs, however, have not filed its opposition or a notice of non-opposition as of September 26, 2025, which is twenty-six (26) days from the filing of the Motion.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the Court's order. *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 986 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district court's sanction of dismissal generally will be affirmed where at least four factors support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.
The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

The second factor also supports dismissal. The plaintiffs' failure to timely respond to the Motion interferes with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management.").

The third factor supports dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "The law [] presumes prejudice from unreasonable delay." I*n re Phenylpropanolamine (PPA) Prods. Liab.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09217-MEMF-KS Date: October 2, 2025

Title *Stephen Merritt v. Barclays PLC et al*

*Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). In this instance, there is a risk of prejudice to the defendants from plaintiff's inaction.

The fourth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228 (citations and quotation marks omitted). Thus, this factor alone does not preclude dismissal. Rather, in light of the parties' failure to comply with the Court's prior Order, it appears to the Court that they have failed to move the case toward disposition on the merits.

The fifth factor supports dismissal. Here, the Court instructed the parties that it was their responsibility to understand and follow this Court's operative Civil Standing Order. Dkt. No. 21. Plaintiffs did not file a request to extend the deadline, an opposition, or a notice of non-opposition in a timely manner. As the pending Motion seeks to dismiss one of Plaintiffs' claims, it is appropriate for this Court to construe Plaintiffs' lack of timely opposition as consent to the granting of the Motion and dismiss that claim accordingly. *See* L.R. 7-12.

In conclusion, four of the five *Yourish* factors support dismissal of the action for failure to comply with an Order of the Court. The Court hereby GRANTS the Motion and DISMISSES WITHOUT PREJUDICE the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09217-MEMF-KS Date: October 2, 2025

Title *Stephen Merritt v. Barclays PLC et al*

**Conclusion**

For the reasons stated above, the Court ORDERS as follows:

1. The Motion is GRANTED.
2. Plaintiff Firemen's Retirement System of St. Louis's claim of a violation of English law, § 90A, is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

:

**Initials of Preparer** DBE