ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
HADIYA K. DESHMUKH (328118)
SHAO-JIA CHANG (356004)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
schang@rgrdlaw.com
         – and –
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 2:23-cv-09217-MEMF-KS |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) ) | DECLARATION OF SHAWN A. WILLIAMS IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CERTIFY THE CLASSES, APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL |
| BARCLAYS PLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

DATE: April 16, 2026
TIME: 10:00 a.m.
CTRM: 8B, 8th Floor
JUDGE: Hon. Maame Ewusi-Mensah Frimpong

4925-3622-2081.v1

I, SHAWN A. WILLIAMS, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts in the State of California. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, counsel of record for Lead Plaintiff Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees and plaintiff The Firemen's Retirement System of St. Louis (together, "Plaintiffs") in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2. This Declaration is made in support of Plaintiffs' Notice of Motion and Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel; Memorandum of Points and Authorities in Support Thereof; and pursuant to Local Civil Rule 7-3 of the United States District Court of the Central District of California and this Court's Civil Standing Order, §VIII.A.

3. On July 17, 2025, in anticipation of the Federal Rule of Civil Procedure ("Rule") 26(f) conference, Plaintiffs sent to the respective counsel for Barclays PLC, Nigel Higgins, and James E. Staley (collectively, "Defendants") a draft joint Rule 26(f) report. The draft report included a proposed case schedule providing briefing deadlines for the anticipated class certification motion.

4. On July 24, 2025, counsel for Plaintiffs and Defendants (the "Parties") conducted their conference pursuant to Rule 26(f), during which they discussed at length their respective positions concerning class certification and its briefing schedule. The Parties ultimately reached an agreement on the schedule, and on July 31, 2025, the Parties filed their Joint Report Rule 26(f) Discovery Plan in which the Parties provided their respective statements of the case. ECF 100. In their statement, Defendants outlined the bases on which they intended to oppose class certification, reiterating the points they had previously conveyed to Plaintiffs' counsel during the Rule 26(f) conference. *See id.* at 4:6-13. Specifically, Defendants contended that "the challenged statements" alleged to be false and misleading "had no price impact" on Barclays ADRs, and there exists "a conflict of interest between the putative Section 10(b) class and the Section 90A class." *Id.*

- 1 -

Further, Defendants contended that "the class action device in Rule 23 . . . should not be applied to a Section 90A claim." *Id.*

5. On August 11, 2025, the Court entered the Civil Trial Order, adopting the Parties' agreed-upon schedule and directing Plaintiffs to file their motion for class certification no later than December 12, 2025. ECF 106.

6. On November 21, 2025, the Parties again met and conferred regarding Plaintiffs' forthcoming motion for class certification. During that conference, Defendants expressed their intention to oppose any motion for class certification but wished to seek a continuance of all class certification briefing dates pending the resolution of the pending motions to dismiss and for reconsideration (ECF 92, 114). Plaintiffs disagreed with Defendants' position and affirmed their intention to file an opening brief on December 12, 2025, in compliance with the Court's Civil Trial Order. Defendants indicated that, despite their currently pending motions to enforce the Private Securities Litigation Reform Act of 1995 stay, they would serve discovery to support their opposition to class certification, and did so on November 26, 2025.

7. On December 10, 2025, the Parties again met and conferred concerning the motion for class certification. During this discussion, Plaintiffs shared that consistent with the complaint's allegations, they would be seeking certification of two classes – (i) purchasers of Barclays ADRs, bringing claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; and (ii) purchasers of Barclays ordinary shares, bringing claims under Section 90A and Schedule 10A of the U.K. Financial Services and Markets Act 2000 ("FSMA"). Plaintiffs asked Defendants whether they would be willing to stipulate to any of the Rule 23(a) or (b) requirements that would be the subject of the motion despite their previously expressed position that: (i) there were not sufficient common issues for class certification; (ii) Plaintiffs could not withstand Defendants' effort to rebut the presumption of reliance; and (iii) a class action for the claim brought under Section 90A of the FSMA could not be brought in the United States. Defendants offered no compromise during the call and stated they were unwilling to stipulate to any element of Rule 23(a) or (b). The Parties thus concluded that the motion could not be resolved without motion practice.

- 2 -

4925-3622-2081.v1

8.      Attached are true and correct copies of the following exhibits:

Exhibit 1:      Declaration of Diana Nappi in Support of Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel;

Exhibit 2:      Declaration of John D. Brewer in Support of Plaintiffs' Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel;

Exhibit 3:      Report on Market Efficiency of Steven P. Feinstein; and

Exhibit 4:      Firm résumé of Robbins Geller Rudman & Dowd LLP.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of December, 2025, at San Francisco, California.

s/ Shawn A. Williams
SHAWN A. WILLIAMS

- 3 -

4925-3622-2081.v1