CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (Cal Bar No. 344888)
Jkpark@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

Roger A. Cooper (*pro hac vice*)
Racooper@cgsh.com
Isabella M. Riishojgaard (*pro hac vice*)
Iriishojgaard@cgsh.com
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

Thomas A. Bednar (*pro hac vice*)
Tbednar@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
Telephone: 202-974-1500
Facsimile: 202-974-1999

*Counsel for Amicus Curiae the Institute of International Bankers*
*Local counsel for service of filings: Ryan Hatch* (Cal Bar No. 235577)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS,<br><br>Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>**MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Date: March 5, 2026<br>Time: 10:00 AM<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong<br><br>Trial Date: Not Yet Set<br>Date Action Filed: November 1, 2023 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 5, 2026 or on a schedule otherwise ordered by the Court, in Courtroom 8B of the above-referenced Court, the Institute of International Bankers ("IIB" or the "amicus") will move for leave to file as *amicus curiae* a brief in support of the Motion to Dismiss the Second Amended Complaint filed by Defendant Barclays PLC ("Barclays") on September 5, 2025 (ECF No. 114-1). The proposed *amicus* brief is attached hereto as Exhibit 1. IIB does not believe this Motion for Leave requires oral argument and therefore requests that it be submitted on the papers.

This Motion for Leave is based on this Motion, the supporting Memorandum of Points and Authorities, and upon such further evidence and argument as may be presented at or before the time of the hearing on this motion (if the Court determines a hearing is necessary).

Dated: 1/16/2026    CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Jennifer Kennedy Park

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park
Jkpark@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Roger A. Cooper (*pro hac vice*)
Racooper@cgsh.com
Isabella M. Riishojgaard (*pro hac vice*)
Iriishojgaard@cgsh.com
One Liberty Plaza
New York, New York 10006

1

T: 212-225-2000
F: 212-225-3999

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas A. Bednar (*pro hac vice*)
Tbednar@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
T: 202-974-1500
F: 202-974-1999

*Local counsel for service of filings: Ryan Hatch*
Ryan Hatch
Ryan@hatchlaw.com (Cal Bar No. 235577)
13323 W. Washington Blvd. Suite 302
Los Angeles, CA 90066
T: 310-279-5076
F: 310-693-5328

## MEMORANDUM OF POINTS OF AUTHORITIES

### 1.  Introduction

Founded in 1966, the Institute of International Bankers (the "IIB") is a trade organization whose "mission is to ensure that federal and state banking laws and regulations provide international financial institutions operating in the United States with the same competitive opportunities as domestic organizations."[1]  In that advocacy role, and in support of Barclays' Motion to Dismiss the Second Amended Complaint, IIB seeks leave to file an *amicus* brief (the "proposed brief") to emphasize certain public policy concerns held by their member institutions that have not been addressed by the litigants in this case and that may be otherwise overlooked.  The proposed brief will be helpful to the Court and will not duplicate the parties' arguments.

The Second Amended Complaint ("SAC") of Plaintiffs Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees (the "Teamsters") and Firemen's Retirement Systems of St. Louis ("St. Louis" and together "Plaintiffs") alleges that Barclays PLC ("Barclays") is liable under Section 90A of the U.K.'s Financial Services and Markets Act of 2000 ("FSMA") for "dishonest delay."  Plaintiffs' theory invokes a seldom-used and legally untested securities claim that does not exist in U.S. law to argue that Barclays dishonestly delayed correcting statements regarding its former CEO, which St. Louis alleges were false and misleading at the time they were made.  Barclays' renewed Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") denies St. Louis's factual allegations and contends they do not state a claim for relief, but also argues that St. Louis's novel Section 90A claim should be dismissed under the doctrine of *forum non conveniens*.  IIB agrees with the arguments made in Barclays' Motion to Dismiss, but seeks leave to separately advise the Court of additional information regarding the fundamental unfairness of

---

[1] https://www.iib.org/page/IIBAboutUs

- 3 -

permitting litigation in the American legal system of an untested U.K.-law claim predicated on the purchase of U.K.-listed shares on a U.K. exchange, as well as the significant risks that a plaintiff-friendly precedent in this case would pose to the settled expectations of dual-listed companies and the extent to which it would undermine the securities regulatory regimes of both countries.

### 2. Background and Summary of Proposed Brief

On November 1, 2023, Teamsters filed their Complaint bringing securities fraud claims against Barclays PLC ("Barclays") and other individual defendants. *See* ECF No. 1. On August 12, 2024, Teamsters filed their First Amended Complaint ("FAC"), in which they invited St. Louis to join their lawsuit. In addition to the previously alleged federal securities fraud claims based on purchases of Barclays' American Depositary Receipts on the New York Stock Exchange, the FAC added a "dishonest delay" claim by St. Louis under Section 90A of the FSMA concerning purchases of Barclays' U.K.-registered equity securities on the London Stock Exchange. The Court entered an order on June 24, 2025 granting Defendant Barclays' Motion to Dismiss St. Louis's dishonest delay claim. The Court found that it had subject matter jurisdiction over the claim and that the claim was insufficiently pleaded, and granted leave to amend. *See* Dkt. No. 84 at 23. Plaintiffs subsequently filed their Second Amended Complaint (the "SAC") on July 24, 2025. *See* Dkt. No. 98. In support of its reasserted dishonest delay claim, the SAC alleged that Barclays "delayed the disclosure of information concerning" the departure of its former CEO "and Barclays' knowledge thereof," and that, as a result, "[w]hen the truth began to be revealed, it caused the price of Barclays Securities to fall," harming Plaintiffs. *See* SAC ECF No. 98 ¶ 103. On September 5, 2025, Barclays filed a Motion to Dismiss, ECF No. 114-1, in which it argued that St. Louis had failed to state a claim for dishonest delay. In the alternative, Barclays argued that St. Louis's claims should be dismissed under the doctrine of *forum non conveniens* because (i) an adequate alternative forum—England—exists for St.

Louis's claim, and (ii) the balance of private and public interest factors favors dismissal. *See* ECF No. 114-1 at 14-15 (citing *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1076 (9th Cir. 2015)).

IIB agrees with Barclays' arguments and does not repeat them. Rather, the proposed *amicus* brief presents additional public interest concerns with allowing Plaintiffs' claims to go forward from the perspective of an international banking advocacy organization. Specifically, the brief addresses the public interest factor of the *forum non conveniens* framework by addressing two elements that weigh in favor of adjudicating St. Louis's claim in England.

First, St. Louis's claim presents novel and complex issues of U.K. law that are appropriately adjudicated by English courts. The dishonest delay claim has been considered only twice in U.K. courts at the trial court level, and neither squarely addressed the issue before this Court.

Second, a holding permitting St. Louis to take advantage of the U.S. legal system to litigate its English-law claims here would, if adopted by other courts in the U.S., expose all U.K.-U.S. dual listed companies to unfair consequence. Such a holding would upset the traditional system in which foreign securities fraud claims, premised on transactions in foreign securities occurring on foreign exchanges, would be heard in the relevant foreign court and under the relevant foreign procedure, not in the U.S. under class action procedures not available in many countries. International banks and other businesses structure their operations in reliance on this system. A pro-plaintiff ruling here would disrupt those settled expectations, and would provide a windfall to plaintiff investors, who would receive something they did not bargain for when buying foreign shares on a foreign exchange: the ability to bring foreign causes of action in a U.S. class action vehicle. Such a ruling would expand the scope of liability beyond that intended by the foreign governments that promulgated the substantive law, as well as beyond the scope of liability that Congress and the Supreme Court have determined to be

- 5 -

appropriate under the U.S. securities laws.  Fundamentally, as a matter of fairness and international comity, St. Louis's Section 90A claims belong in England.

If the court were to retain jurisdiction over the Section 90A claim, it should dismiss it for failure to state a claim.  As set out in the *amicus* brief, the U.K. Parliament intended dishonest delay to reach a narrow set of circumstances distinct from those covered by claims of false statement or omission, and approached reliance differently for these distinct claims.  Parliament intended that liability for dishonest delay would be circumscribed, and that intent would be thwarted if claims like Plaintiffs'—which would greatly increase class size and potential exposure—were allowed to proceed past the pleading stage.

Counsel for Barclays and Defendant Higgins do not object to submission of the *amicus curiae* brief, while counsel for Defendant Staley takes no position.  On December 23, 2025, counsel for the IIB contacted counsel for Plaintiffs to initiate the meet and confer process, and the parties held a video conference call on December 24, 2025 during which time counsel for Plaintiffs stated that they object to the filing of an *amicus curiae* brief.

### 3.   IIB's Participation as Amicus Curiae is Appropriate

Federal district courts have broad discretion to allow parties to participate in lawsuits as *amici curiae* or "friends of the court."  *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  Given this broad discretion, district courts typically allow interested parties to appear.  *See, e.g., Stross v. Glass Homes, Inc.*, Case No.: 2:21-cv-06436-MEMF (MARx), 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (J. Frimpong) (holding that "this Court finds it 'preferable to err on the side of' permitting [amicus] briefs" because "'[i]f an amicus brief that turns out to be unhelpful is filed, the [Court] ... can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance.'") (quoting *Neonatology Assocs., P.A. v. Comm'r of*

*Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002)).  "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court."  *California v. United States Dept. of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019).

IIB's participation here is particularly appropriate.  First, St. Louis's claims raise issues of international comity and a holding allowing them to go forward could, especially if followed by other courts, incentivize more plaintiffs to bring foreign securities fraud claims in the U.S. based on foreign securities transactions, which would have a significant impact on corporations with shares dual-listed on U.S. and foreign stock exchanges, as is the case with many of the IIB's members.  Such a ruling would also undermine the status of the U.K., and particularly London, as a premier financial center.  These are precisely the types of issues for which district courts allow *amici* to appear to provide a unique perspective not provided by the litigants.  *See Stoyas v. Toshiba Corp.*, Case No. 15-cv-4194 DDP (JCx), 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021).  In *Stoyas*, the district court allowed the Japanese trade ministry to participate as *amicus curiae* in a putative securities class action against a Japanese issuer of ADRs alleging violations of U.S. and Japanese securities laws.  In allowing its participation, the court noted that the ministry's proposed brief offered a perspective on the "legal and economic repercussions" of the suit on "Japanese capital markets, issuers, industries, and the country's economy, as well the implications . . . on . . . international comity."  *Id*. at *1.  Here, too, issues of international comity and this suit's impact on foreign law are relevant to both Barclays' defenses and to the overall nature of the suit.

Second, the proposed brief provides a "perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *CARE v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).  IIB's mission "is to ensure that federal and state banking laws and regulations provide

international financial institutions operating in the United States with the same competitive opportunities as domestic organizations." In that role, IIB monitors legal developments in the U.S. and advocates for policies and legal outcomes that take into account the interests and rights of its foreign member institutions. This is precisely the type of case in which this *amicus* will provide valuable insight.

Finally, while the Court previously ruled that it would retain subject matter jurisdiction over properly pleaded U.K. law claims when it dismissed the FAC, *see* ECF No. 84 at 20, it did not at the time have the benefit of the views of the *amicus*. Moreover, many of the issues raised in the proposed brief relate to the manner in which the dishonest delay claim was recast in the SAC. As a result, the Court need not revisit or reconsider its prior rulings, but should consider the positions of IIB based on the record currently before the court. In any event, where the views of an *amicus* could be of assistance to the Court, they should be accepted at any time, for "'if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance.'" *Stross*, 2022 WL 21310031, at *1 (quoting *Neonatology Assocs., P.A.*, 293 F.3d at 133).

In sum, the IIB believes that the proposed brief will assist the Court in resolving the Motion to Dismiss by providing crucial context, analysis, and information that are not provided by the litigants' submissions.

### 4. Conclusion

For the forgoing reason, IIB respectfully request that the Court grant leave to file the attached proposed *amicus curiae* brief in support of Defendants' Motion to Dismiss.

### 5. Meet and Confer Certificate

I certify in accordance with Local Rule 7-3, that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

### 6. Certificate of Compliance

The undersigned counsel of record for the *amicus* certifies that this memorandum of points and authorities contains 2,019 words, which complies with the world limit of L.R. 11-6.1.

Dated: 1/16/2026

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Jennifer Kennedy Park

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (Cal Bar No. 344888)
Jkpark@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Roger A. Cooper (*pro hac vice*)
Racooper@cgsh.com
Isabella Riishojgaard (*pro hac vice*)
Iriishojgaard@cgsh.com
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas A. Bednar (*pro hac vice*)
Tbednar@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
T: 202-974-1500
F: 202-974-1999

*Local counsel for service of filings: Ryan Hatch*
Ryan Hatch (Cal Bar No. 235577)
Ryan@hatchlaw.com
13323 W. Washington Blvd. Suite 302
Los Angeles, CA 90066
T: 310-279-5076
F: 310-693-5328