ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
HADIYA K. DESHMUKH (328118)
SHAO-JIA CHANG (356004)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
schang@rgrdlaw.com
       – and –
MARK SOLOMON (151949)
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 2:23-cv-09217-MEMF-KS |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) ) | OPPOSITION TO INSTITUTE OF INTERNATIONAL BANKERS' MOTION FOR LEAVE TO FILE AMICUS BRIEF |
| BARCLAYS PLC, et al., | ) ) | |
| Defendants. | ) ) ) | DATE:       March 5, 2026 TIME:        10:00 a.m. JUDGE:     Hon. Maame Ewusi-Mensah Frimpong CTRM:      8B, 8th Floor |

4905-5045-6457.v1

## I.     INTRODUCTION

Lead Plaintiff Teamsters Local 237 Additional Security Benefits Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees (the "Teamsters Funds") and plaintiff The Firemen's Retirement System of St. Louis ("St. Louis"; together with the Teamster Funds, "Plaintiffs"), respectfully submit this memorandum of law in opposition to the Institute of International Bankers' ("IIB") Motion For Leave to File Amicus Brief.  ECF 140 ("Mot.").

This case is not lacking for advocacy.  Barclays PLC ("Barclays") is represented by two of the most prominent law firms in the country.  Its motion to dismiss is supported by four expert declarations and thousands of pages of exhibits.  That motion has been fully briefed for months and is set for imminent argument.  Against that backdrop, IIB now seeks leave to file an additional brief advancing the same positions, based on the same record, on behalf of the same defendant.

IIB offers nothing new of substance to the Court's consideration.  Its proposed submission merely echoes the same arguments Barclays has already presented at length.  Although styled as a "friend of the court," IIB is a trade association whose members include Barclays itself, as well as both of Barclays' representative counsel.  Its proposed brief is not intended to assist the Court; rather, it is intended to bolster Barclays' position.

The timing of IIB's request underscores the problem.  Plaintiffs asserted the Section 90A claims, brought pursuant to the United Kingdom's Financial Services and Markets Act ("FSMA"), seventeen months ago.  Yet, IIB waited until just five days before the scheduled hearing on Barclays' pending motion to dismiss to raise its purported concerns.  Permitting such an eleventh-hour filing would burden the record, prejudice Plaintiffs and any other potential interested *amici*, and disrupt the orderly resolution of a fully briefed motion.

## II.    PROCEDURAL BACKGROUND

This action was filed on November 1, 2023.  ECF 1.  On June 11, 2024, the Court appointed the Teamsters Funds as Lead Plaintiff.  ECF 31.

Following the appointment, Plaintiffs filed an Amended Complaint asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 along with claims under Section 90A and Schedule 10A of the FSMA ("FSMA claim").  ECF 52.  On October 30, 2024, Defendants

- 1 -

4905-5045-6457.v1

filed motions to dismiss the Amended Complaint.[1]  ECF 56, 58.  Those motions were fully briefed on February 28, 2025.  ECF 71, 73.  The Court heard oral argument on May 14, 2025 (ECF 77), and on June 24, 2025, issued an order denying the motions in part (ECF 84).

On July 24, 2025, Plaintiffs filed the Second Amended Complaint ("SAC"), amending the FSMA claim of dishonest delay in accordance with the Court's June 24, 2025 Order.  ECF 98.  On September 5, 2025, Barclays moved to dismiss the FSMA claim.  ECF 114.  Briefing on that motion has been complete since October 20, 2025.  *See* ECF 122.  The motion to dismiss was initially noticed for hearing on November 13, 2025 (ECF 114), but was continued to January 22, 2026 (ECF 124).[2]

It is against this backdrop of multiple amended pleadings, extensive motion practice, full briefing, and a hearing – which at the time of their Motion was less than a week away – that IIB now seeks leave to appear as *amicus curiae* for the first time.

## III.    ARGUMENT

### A.    Leave to File an *Amicus* Brief is Discretionary and Warranted Only Where Submissions Are Timely and Assists the Court

The decision whether to permit participation by an *amicus curiae* lies squarely within the Court's discretion.  *Jones v. Becerra*, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020).  Such participation is not granted as a matter of course and is appropriate only where the proposed submission is both "'timely and useful.'"  *Raiser v. Kleeger*, 2022 WL 2903133, at *1 (C.D. Cal. Apr. 7, 2022).[3]  An *amicus* brief is intended to "serv[e] for the benefit of the court" by assisting the Court, not to serve as an additional round of advocacy for a represented party.  *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *Motiv Grp., Inc. v. Cont'l Cas. Co.*, 2021 WL 1240779, at *4 (C.D. Cal. Apr. 1, 2021) (*Amicus* briefs should provide "'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to

---

[1]    "Defendants" are Barclays, Nigel Higgins ("Higgins"), and James E. Staley.

[2]    On January 21, 2026, the Court on its own motion, took the hearing off its motion calendar and will, within 60 days, reset the hearing or take the motion under submission.  ECF 141.

[3]    Emphasis is added and citations are omitted throughout unless otherwise indicated.

- 2 -

provide.'"). *See, e.g.*, *Barnes-Wallace v. Boy Scouts of Am.*, 2004 WL 7334945, at *2 (S.D. Cal. Mar. 23, 2004) (denying leave to file *amicus* brief because the court was "not convinced the [party seeking to participate as *amicus*] possesse[d] 'unique information or perspective that c[ould] help the court beyond the help that the lawyers for the parties [were] able to provide'").

As courts have observed, "'[t]he vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief.'" *JZ v. Catalina Foothills Sch. Dist.*, 2021 WL 5396089, at *1 (D. Ariz. Nov. 18, 2021) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). Where a proposed *amicus* submission "essentially duplicates a party's brief," courts routinely deny leave. *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003); *see, e.g.*, *Montes v. City of Yakima*, 2015 WL 12884313, at *1 (E.D. Wash. Feb. 17, 2015) (denying leave to file *amicus* brief because the proposed brief "offer[ed] no additional legal, demographic, or other substantive information or perspective that has not already been represented to the Court in this litigation"); *Wildearth Guardians v. Bail*, 2021 WL 2194896, at *2 (E.D. Wash. Apr. 6, 2021) (denying leave to file *amicus* brief because the perspective offer "appear[ed] similar to and sufficiently represented by [the defendant intervenor]"); *Washington v. DeVos*, 2020 WL 6488184, at *1 (E.D. Wash. June 12, 2020) (same).

Instead, "the criterion for deciding whether to permit the filing of an amicus brief" is "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Id.* at 545; *Motiv Grp.*, 2021 WL 1240779, at *4 ("An individual or organization seeking to appear as amicus must merely 'make a showing that his participation is useful to or otherwise desirable to the court.'").

Although the Federal Rules of Civil Procedure do not expressly address requests to participate as *amici*, district courts in this Circuit routinely look to the Federal Rules of Appellate Procedure for guidance. *See Stoyas v. Toshiba Corp.*, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021). Federal Rule of Appellate Procedure 29 requires that a motion for leave to file an *amicus* brief – and the proposed *amicus* brief itself – be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6) ("Rule 29"). Local Rules likewise

- 3 -

4905-5045-6457.v1

provide that "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." Local Rule 7-12.

### B. IIB's Brief Would Not Assist the Court in Resolving the Motion to Dismiss

#### 1. IIB Offers No Unique Perspective or Information Beyond What Barclays Has Already Provided

"[T]he role of an amicus curiae is to provide assistance in a case of general public interest, supplement the efforts of counsel in the case, and draw the court's attention to law that escaped consideration." *WildEarth Guardians v. Provencio*, 2017 WL 11631003, at *1 (D. Ariz. July 6, 2017) (citing *Miller-Wohl Co. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)). IIB's proposed brief does none of these things. Rather than offering a distinct perspective or previously unaddressed authority, IIB largely repackages and expands the same arguments already presented *at length* by Barclays.

First, IIB contends that Plaintiffs' dishonest delay claim "raises novel issues that have not been settled by U.K. courts" and that such issues are better addressed by U.K. courts. Brief of Amicus Curiae the Inst. of Int'l Bankers Supp. Barclays PLC's Mot. to Dismiss the SAC at 4-7, ECF 140-1 ("Amicus Brief"). Barclays advanced precisely the same argument in its motions to dismiss and reply briefs, and its expert, Martin Moore, devoted substantial portions of his declaration to the same contention. ECF 58 at 22; ECF 73 at 8-9; ECF 114-1 ("MTD") at 3-4, 7-10, 15-16, 22-23; ECF 114-2 ("Moore Decl.") at ¶¶16(a)-(b), 25-26, 53, 148-155; ECF 122 ("Reply") at 8, 11.

Second, IIB argues that Plaintiffs impermissibly "recast[ed] misstatement and omissions claims as claims for dishonest delay," warning that doing so could "expand the scope of liability for dishonest delay claims beyond that which was intended by the U.K. Parliament." Amicus Brief at 8. This argument, including the asserted policy consequences, mirrors Barclays' briefing almost verbatim. *See* MTD at 2, 8-9, 11-13 ("St. Louis Cannot Recast a Misstatement or Omissions Claim as a Dishonest Delay Claim To Evade the Reliance Requirement"); Reply at 1, 4-7 ("St. Louis Improperly Tries to Recast a Misstatement or Omissions Claim as a Dishonest Delay Claim To

4905-5045-6457.v1

Evade the Reliance Requirement"); Moore Decl. ¶¶16(a)-(b), 19, 40, 60, 78, 82, 108(d)-(e), 112-113.

Third, relying on many of the same authorities cited by Barclays, IIB asserts that the U.S. and the U.K. prefer "novel or complex issues of foreign law" to be "resolved by the courts of the relevant foreign jurisdiction."  Amicus Brief at 8-12 n.20-23; *see* MTD at 8, 16; Reply at 7-8.

Fourth, IIB accuses Plaintiffs of forum shopping and warns that allowing the FSMA claim to proceed would invite suits by other plaintiffs – arguments already raised by Barclays and its expert.  Amicus Brief at 11-12; MTD at 4, 17-19; Reply at 6, 7; Moore Decl. ¶¶108(e), 78, 80, 152.

Finally, IIB argues that the differences in U.K. procedural law – such as class action availability, cost-shifting rules, reliance requirements, and settlement mechanisms – provide important protections for issuers that would purportedly be undermined if this action proceeds. Amicus Brief at 15-20.   These considerations, however, have been extensively addressed by Barclays and its expert in both briefing and declarations.  *See* MTD at 8, 12-13, 17-18, 22; Reply at 6, 10; Moore Decl. ¶¶16(a), 16(d)-(e), 21-22, 39-40, 60, 78, 80, 82, 120-178.

### 2. The Additional Points Raised by IIB Are Speculative and Irrelevant

In addition to duplicating Barclays' arguments, IIB introduces several contentions that are speculative, legally irrelevant, or both, and are therefore unhelpful to the Court.

First, IIB asserts that "Section 90A's legislative history shows that the U.K. Parliament . . . intended such claims to be adjudicated in the U.K."  Amicus Brief at 12.  While IIB selectively references legislative history and explanatory notes,[4] the U.K. Government made clear when enacting Schedule 10A that, "after careful consideration," the liability regime would apply uniformly, and "cover all cases where securities are admitted to trading on a securities market where either the market concerned is situated or operating in the UK, or the UK is the issuer's home state."  HM Treasury Extension of the Statutory Regime for Issuer Liability: A Response to

---

[4]   Mr. Moore discusses legislative history and intent at length in his declaration.  *See, e.g.*, Moore Decl. ¶¶16(a), 21-22, 39-40, 57-60, 78.

- 5 -

Consultation ¶3.14, ECF 114-5 at 1298 of 137.  The Government explained that "[t]his means that the proposed liability regime may in some cases be capable of applying extraterritorially. . . ." *Id.* IIB's contention that Parliament intended to confine adjudication of FSMA claims to U.K. courts is therefore inconsistent with the Government's own affirmatively expressed intent.

Second, IIB argues Plaintiffs' FSMA claim is "inconsistent with the Supreme Court's landmark ruling in *Morrison*, [*National Australia Bank Ltd.*], 561 U.S. 247 [(2010)]." Amicus Brief at 14.  But *Morrison* addressed the extraterritorial application of ***U.S. federal securities laws***, not whether a U.S. court may adjudicate **a *foreign statutory claim*** – here, the FSMA – pursuant to that statute's own terms.  Invoking *Morrison* in this context does not assist the Court; it conflates distinct legal questions and obscures the issues presented by Barclays' motion to dismiss, underscoring that IIB's proposed Amicus Brief introduces confusion, rather than useful guidance.

Finally, IIB speculates about the intentions and interests of the U.K. government and suggests those interests would be "thwarted" if Plaintiffs' FSMA claim proceeds here.  Mot. at 6; Amicus Brief at 7-8, 12-13.  IIB does not purport to speak for the U.K. government, which has not sought to appear as *amicus*, and IIB identifies no authority granting it special insight into governmental interests.  Instead, IIB "[a]dvanc[es] the interests of the International Banking Community" – interests already fully represented by Barclays in this litigation.  International Institute of Bankers, iib.org (last visited Jan. 21, 2026).

### C.   IIB's Motion is Untimely and Would Disrupt a Fully Briefed Motion to Dismiss

Independent of its lack of usefulness, IIB's request should be denied because it is plainly untimely and would disrupt the orderly resolution of a fully briefed motion to dismiss.  *See Hualapai Indian Tribe v. Haaland*, 2024 WL 4475094, at *2 (denying leave to file *amicus* brief because it was filed more than seven days after the motion it sought to support and "the Court would have to reopen the already completed briefing process").

Barclays filed its motion to dismiss the FSMA claim on September 5, 2025.  ECF 114. Under Rule 29, a motion for leave to file an *amicus* brief should have been filed no later than September 12, 2025.  IIB did not seek leave until January 16, 2026 – more than four months later,

- 6 -

4905-5045-6457.v1

long after the briefing had closed, and just days before the motion to dismiss was scheduled to be heard.

That delay is particularly unjustified because the issues IIB now claims warrant *amicus* participation are not new. FSMA liability, extraterritorial application, and *forum non conveniens* were raised during the first round of motions to dismiss more than a year ago, litigated extensively, and addressed by the Court in its June 24, 2025 Order. IIB offers no explanation for why it did not seek leave earlier – despite the fact that Barclays, as well as its counsel Sullivan & Cromwell and Skadden, are all members of IIB. Under these circumstances, IIB's eleventh-hour request appears designed not to assist the Court, but simply to add another layer of advocacy on Barclays' behalf.

Allowing IIB's proposed filing at this late stage would also prejudice Plaintiffs and disrupt the Court's process. The motion to dismiss has been fully briefed for months; Plaintiffs would have no meaningful opportunity to respond, and the Court is likely already reviewing these issues. IIB has shown no good cause for such a disruption, and none exist.

### D.     IIB's Alignment with Barclays, and its Counsel Undermines Any Claim that Its Participation Would Assist the Court

*Amicus* participation is intended to "serv[e] for the benefit of the court and for the purpose of assisting the court in cases of general public interest." *Gotti*, 755 F. Supp. at 1158. Although an *amicus* need not be entirely disinterested, it "ought not to be in the service of those having private interests in the outcome" of the litigation. *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 581 (1946). As Judge Posner observed, "amicus briefs, often solicited by parties . . . [are] often attempt[s] to inject interest group politics into the federal appeals process." *Voices for Choices*, 339 F.3d at 544. That concern is squarely implicated here

IIB is not a neutral third party offering detached assistance to the Court. It is a trade association whose members include Barclays, the defendant it seeks to support, as well as Barclays' counsel, Sullivan & Cromwell and Skadden. IIB candidly acknowledges that it seeks to advance the interests of the international banking community – interests that are fully aligned with, and already represented by, Barclays in this litigation. *See* Amicus Brief at 1. Under these

- 7 -

4905-5045-6457.v1

circumstances, IIB's proposed Amicus Brief would function not as neutral assistance to the Court, but as additional, one-sided advocacy on behalf of a party already represented by experienced counsel – precisely the role *amicus curiae* participation is ***not*** intended to serve.

### E.    IIB's Motion Should Be Denied

IIB's proposed *amicus* submission would not provide meaningful assistance to the Court and would instead operate as duplicative, untimely advocacy on behalf of a party already represented by experienced counsel.  IIB's alignment with Barclays and its counsel, combined with the timing and substance of its proposed Amicus Brief, weighs decisively against granting leave.

At minimum, if the Court is inclined to permit IIB's participation notwithstanding these concerns, Plaintiffs request other interested *amici*, if any, be permitted to seek leave to file on equal terms to ensure that the Court's consideration is informed by a balanced record.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny IIB's motion for leave to submit an *amicus curiae* brief in support of Barclays' motion to dismiss.

DATED:  January 21, 2026

ROBBINS GELLER RUDMAN
 & DOWD LLP
MARK SOLOMON
MICHAEL A. TRONCOSO
DANIELLE S. MYERS
ASHLEY M. PRICE

s/ Ashley M. Price
ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
marks@rgrdlaw.com
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
aprice@rgrdlaw.com

- 8 -

4905-5045-6457.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH
SHAO-JIA CHANG
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
schang@rgrdlaw.com

Lead Counsel for Plaintiffs

- 9 -

4905-5045-6457.v1

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,843 words, which complies with the word limit of L.R. 11-6.1.


DATED:  January 21, 2026

s/ Ashley M. Price
ASHLEY M. PRICE

- 10 -

4905-5045-6457.v1