CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (344888)
jkpark@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

Roger A. Cooper (*pro hac vice*)
racooper@cgsh.com
Isabella M. Riishojgaard (*pro hac vice*)
iriishojgaard@cgsh.com
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

Thomas A. Bednar (*pro hac vice*)
tbednar@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
Telephone: 202-974-1500
Facsimile: 202-974-1999

*Counsel for Amicus Curiae the Institute of International Bankers*
*Local counsel for service of filings: Ryan Hatch*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS,<br>　　　　　　Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>**REPLY BRIEF OF AMICUS CURIAE THE INSTITUTE OF INTERNATIONAL BANKERS IN SUPPORT OF BARCLAYS PLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

## I. INTRODUCTION

The Institute of International Bankers ("IIB") respectfully submits this reply in support of its *Motion For Leave To File Amicus Brief*, ECF No. 140 ("Motion"), and its *Brief In Support of Barclays PLC's Motion To Dismiss The Second Amended Complaint*, ECF No. 140-1 ("Amicus Brief"), and in response to *Plaintiffs' Opposition To Institute Of International Bankers' Motion For Leave To File Amicus Brief*, ECF No. 143 ("Opp.").

Plaintiffs raise three principal objections to the IIB's Motion and Amicus Brief: (i) that the Amicus Brief repeats arguments made by Barclays PLC ("Barclays") and does not provide the Court with a unique perspective, Opp. at 4–6; (ii) that the IIB is biased in favor of Barclays, *id.* at 7–8; and (iii) that the Motion is untimely. *Id.* at 6–7. None of these objections warrants the denial of the IIB's Motion. The Amicus Brief does not echo Barclays' arguments—indeed, it addresses the implications of Plaintiffs' lawsuit more broadly by highlighting the consequences for the international banking community and all dual-listed companies. And there is no requirement that *amici* be neutral—the IIB disclosed Barclays' membership in its Amicus Brief and focused on the consequences for its entire membership, with an emphasis on dual-listed companies. Federal district courts have broad discretion to allow participation as *amici curiae* and typically do so. *See, e.g.*, *Stross v. Glass Homes, Inc.*, No. 2:21-cv-06436-MEMF (MARx), 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (J. Frimpong). The Court should follow that practice here and grant the IIB's Motion. Finally, Plaintiffs' timeliness argument is moot given that the Court has postponed the hearing on the motion to dismiss to March 2026, ECF No. 148.

## II. ARGUMENT

### A. The Amicus Brief Provides Valuable Perspective Beyond Barclays' Briefing

Plaintiffs' argument that the IIB's Amicus Brief would not assist the Court is

without merit.

*Amicus* briefs should be accepted if they may prove helpful to the court, whether their points overlap with those of a party or not. There is no requirement that the *amicus* brief raise entirely novel arguments. *See, e.g.*, *California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) ("[I]t is inapposite that an amicus brief raises the same issues as the parties' briefs. The salient question is whether such brief is helpful to the Court."). The IIB's Amicus Brief adds a new perspective that has not yet been presented to the Court: that of the only national association devoted exclusively to advancing the interests of internationally headquartered banking organizations that operate in the United States. It may well be helpful to the Court to know that the IIB fears that dire consequences may result from court rulings permitting foreign statutory claims governing foreign securities transactions to proceed in U.S. courts as opt-out class actions.

In any event, Plaintiffs concede that the IIB's Amicus Brief does in fact introduce new arguments, including that permitting a Section 90A claim to go forward in a U.S. court is inconsistent with both Section 90A's legislative history and the Supreme Court's ruling in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). Opp. at 5–6. Contrary to Plaintiffs' assertion, these are not speculative or irrelevant concerns, as they go to the heart of whether a U.S. court should entertain novel foreign securities claims under U.S. class action procedures. Plaintiffs' use of their Opposition to argue the merits of U.K. law and *Morrison*—claiming the IIB has misconstrued legislative history or case law—is irrelevant to the Motion. The question is whether the IIB's perspective is helpful to the Court, not whether Plaintiffs agree with the IIB's legal analysis. Because the Amicus Brief both elaborates on the implications of the Section 90A claim with the unique perspective of the international banking community and introduces arguments not presented in Barclays' briefing, it will assist the Court in resolving the motion to dismiss.

## B. The IIB's Membership Does Not Disqualify It From Appearing As Amicus

Plaintiffs further argue that the IIB's alignment with Barclays undermines its participation because Barclays and its counsel are IIB members. The IIB is a trade association whose membership includes over 80 international banks and over 50 law firms and other professional service providers that frequently work with such banks.[1] Trade associations frequently submit their views to courts as *amicus curiae*, representing the collective experience and wisdom of their many members, not just the narrower views of one member. Were Plaintiffs' argument to prevail here, no trade association would ever be allowed to act as *amicus* in a case where a member entity or law firm was already on the docket. Such a broad rule would be unnecessary and unprecedented, as shown by the long history of the IIB and other trade associations submitting *amicus* briefs.

Indeed, "there is no rule that amici must be totally disinterested," *Foothill Church v. Watanabe,* 623 F. Supp. 3d 1079, 1084 (E.D. Cal. 2022) (quoting *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986)), a point that Plaintiffs concede in their Opposition, Opp. at 7. Plaintiffs are also incorrect that the interests of the international banking community are already fully represented by Barclays in this litigation, *id.*, as Barclays can only speak for itself, whereas the IIB highlights issues critical to *all* of its membership and the broader dual-listed company community.

## C. The Timeliness Objection Is Moot

Plaintiffs' final argument is a procedural one: the Motion is untimely because it was filed "just five days before the scheduled hearing." Opp. at 1. That argument has no force at all. First, counsel for the IIB outlined the *amicus* arguments during the meet and confer process in December, enabling Plaintiffs to respond promptly to

---

[1] *See* INST. OF INT'L BANKERS, *IIB Members*, https://www.iib.org/page/IIBmembers (last visited Jan. 28, 2026).

the substantive points in the brief in their Opposition, including their own, inaccurate view of U.K. legislative history. Second, the Court has rescheduled the hearing to March 19, 2026. ECF No. 148. This postponement eliminates any prejudice that could be claimed. Plaintiffs are also wrong in arguing that an *amicus* brief must be filed within seven days of the motion to which it relates. Such a rule would serve no purpose here, whereas it arguably did serve a purpose in the one case cited by Plaintiffs, which involved a motion for preliminary injunction that required expedited resolution and brooked no time for delay. *Hualapai Indian Tribe v. Haaland*, No. CV-24-08154-PCT-DJH, 2024 WL 4475094 (D. Ariz. Oct. 11, 2024). No similar urgency exists here. The Amicus Brief therefore does not come too late in the process. Moreover, given the posture of the case, this is the final opportunity for the international banking community to provide its perspective before a ruling that could allow American litigants to sue dual-listed companies for foreign conduct under foreign statutory law using the U.S. class action framework, in contravention of foreign regulatory regimes.

## III.   CONCLUSION

For the foregoing reasons, the IIB respectfully requests that the Court grant leave to file the Amicus Brief, ECF No. 140-1.

| | | |
|---|---|---|
| 1 | Dated: January 28, 2026 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |

*/s/ Jennifer Kennedy Park*
Jennifer Kennedy Park

*Attorneys for Amicus*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jennifer Kennedy Park (Cal Bar No. 344888)
Jkpark@cgsh.com
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
T: 650-815-4100
F: 650-815-4199

Roger A. Cooper (*pro hac vice*)
Racooper@cgsh.com
Isabella Riishojgaard (*pro hac vice*)
Iriishojgaard@cgsh.com
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

Thomas A. Bednar (*pro hac vice*)
Tbednar@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
T: 202-974-1500
F: 202-974-1999

*Local counsel for service of filings: Ryan Hatch*
Ryan Hatch (Cal Bar No. 235577)
Ryan@hatchlaw.com
13323 W. Washington Blvd, Suite 302
Los Angeles, CA 90066
T: 310-279-5076
F: 310-693-5328