Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3558

[ADDITIONAL COUNSEL ON SIGNATURE BLOCK]

*Attorneys for Defendant Barclays PLC and Nigel Higgins*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS,<br><br>Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>**BARCLAYS PLC AND NIGEL HIGGINS' STATEMENT REGARDING THEIR OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY THE CLASSES**<br><br>Hearing Date:  April 16, 2026<br>Hearing Time:  10:00 A.M.<br>Courtroom:  8B<br>Judge:  Hon. Maame Ewusi-Mensah Frimpong |

"Class certification is [] not to be granted lightly" because "[c]lass actions are the 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Black Lives Matter L.A.* v. *City of L.A.*, 113 F.4th 1249, 1257-58 (9th Cir. 2024). Indeed, the motion to certify a class is one of the most crucial decision points in a class-action lawsuit, as the aggregation of claims and "risk of a catastrophic judgment" places pressure on defendants to settle even "'questionable claims' to avoid even a 'small chance of a devastating loss.'" *Id.* at 1258.

Under the current schedule, Defendants' opposition to Plaintiffs' pending motion for class certification is due today, February 10, 2026.  In light of Barclays' pending motion to dismiss (ECF 114) and the Court's tentative ruling regarding Defendants' motion to enforce the automatic stay under the Private Securities Litigation Reform Act ("PSLRA") (*see* ECF 146), all parties agree that Defendants' opposition to class certification should be due "45 days after the Court issues an order on Barclays' pending motion to dismiss" (ECF 142 (the "Stipulation")).  Because the Court has not yet approved the Stipulation and signed the proposed order, Defendants respectfully submit this statement to make clear that they oppose class certification and will file their memorandum and points of authorities in opposition to Plaintiffs' motion to certify their two proposed classes at the appropriate time after a ruling on Barclays' pending motion to dismiss and the lifting of the automatic PSLRA stay.

There are at least three reasons why class certification cannot be briefed now and why the Court should accordingly enter the schedule that all parties have agreed to for briefing on Plaintiffs' motion for class certification.

*First*, the plain language of the PSLRA requires that class certification come *after* resolution of the motion to dismiss.  Under the PSLRA, "*all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss.*"  15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  As courts have held, that automatic stay applies to "class certification proceedings." *Vignola* v. *FAT Brands, Inc.*, 2019 WL 13038337, at *2 (C.D. Cal. Dec. 3, 2019) (collecting cases).

*Second*, in light of this Court's tentative ruling regarding the automatic PSLRA stay and the parties' agreement that the class certification deadlines should be adjusted, and in order to avoid imposing discovery costs on Plaintiffs and their third-party investment advisors that would be inconsistent with the PSLRA stay, Defendants have not taken the discovery necessary to oppose class certification. Class certification, however, is an evidentiary motion, *see Black Lives Matter L.A.*, 113 F.4th at 1258 ("[P]laintiffs must 'affirmatively demonstrate' by a *preponderance of actual evidence* that they satisfy all the Rule 23 prerequisites" (emphasis added)), and Defendants need discovery from Plaintiffs to contest the evidence Plaintiffs submitted with their motion for class certification.

*Third*, because the Court's decision on the pending motion to dismiss will directly impact Plaintiffs' motion for class certification, it will conserve party and judicial resources to brief class certification after the motion to dismiss is decided and the parties have clarity about what claims are in the case. For example, if the Court continues to conclude that The Firemen's Retirement System of St. Louis ("St. Louis") has failed to state an English law claim under Section 90A, as the Court previously held (*see* ECF 93 at 23-24), thereby leaving only Teamsters Local 237's federal securities fraud claim, that will significantly streamline the issues for class certification and limit related discovery. Similarly, if the Court were to sustain St. Louis' 90A claim, the Court's decision will implicate issues that bear on class certification. As just one example, any decision regarding the reliance element of a 90A claim will bear on the predominance element under Rule 23(b)(3).

* * *

This situation is not unprecedented. In *SEB Investment Management AB* v. *Wells Fargo & Co.*, No. 3:22-cv-03811 (N.D. Cal.), the parties were in a similar situation where resolution of the motion to dismiss took longer than expected. Although the parties filed a stipulation to defer briefing on class certification until after the motion to dismiss decision and the lifting of the automatic stay under the PSLRA (*SEB* ECF 142), the court did not sign the proposed order before plaintiff's motion for class certification was due. The plaintiff therefore filed a non-substantive placeholder motion for class certification stating that the "parties [] do not have

-2-

access to the discovery that ordinarily would be used in connection with any contested motion for class certification to enable the Court to find that all elements of Rule 23(a) and (b)(3) have been satisfied," and that plaintiff intended to file a proper brief after the PSLRA stay is lifted and it obtains the necessary discovery. (*SEB* ECF 143.)  After the motion to dismiss was decided, Judge Thompson reset the due dates for briefing of class certification. (*SEB* ECF 153.) The Court should follow that same approach here.

### CONCLUSION

For avoidance of doubt, Defendants oppose Plaintiffs' motion for class certification and will file their memorandum and points of authorities in opposition to the motion for class certification at the appropriate time.  The Court should approve the Stipulation and sign the proposed order so that briefing on Plaintiffs' motion to certify the classes can proceed in an orderly manner in accordance with the PSLRA and after necessary fact and expert discovery can be taken, as all parties have agreed.

-3-

Dated:  February 10, 2026

/s/ Adam S. Paris
Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:     (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:     (212) 558-3558

Peter B. Morrison (SBN # 230148)
(peter.morrison@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:     (213) 687-5600

Scott D. Musoff (*pro hac vice*)
(scott.musoff@skadden.com)
Boris Bershteyn (*pro hac vice*)
(boris.bershteyn@skadden.com)
Lara A. Flath (*pro hac vice*)
(lara.flath@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:     (212) 735-2000

*Attorneys for Defendant Barclays PLC and Nigel Higgins*

-4-

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Barclays PLC, certifies that this submission contains 904 words, which complies with the word limit set in Section VIII.C of the Court's Civil Standing Order, dated August 27, 2025, and Local Civil Rule 11-6.

Dated:  February 10, 2026                    SULLIVAN & CROMWELL LLP


                                             /s/ Adam S. Paris
                                             Adam S. Paris

                                             *Attorney for Defendant Barclays PLC  and Nigel Higgins*