Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
Jason P. Barnes (SBN # 331621)
(barnesjas@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3558

[ADDITIONAL COUNSEL ON SIGNATURE BLOCK]

*Attorneys for Defendant Barclays PLC and Nigel Higgins*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN MERRITT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS PLC, JAMES E. STALEY, and NIGEL HIGGINS,<br><br>Defendants. | Case No. 2:23-cv-09217-MEMF-KS<br><br>**BARCLAYS PLC AND NIGEL HIGGINS' ANSWER TO THE THIRD AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendants Barclays PLC ("Barclays") and Nigel Higgins ("Higgins" and, together with Barclays, "Defendants"), by their undersigned attorneys, hereby submit their Answer to Lead Plaintiff Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees' (the "Teamsters" or "Plaintiff") Third Amended Class Action Complaint, dated August 4, 2026 (the "Complaint"), in the above-captioned action (the "Action").[1]

Defendants answer and respond only to those allegations contained in the Complaint that remain and are directed towards them. By the Order dated July 28, 2026, the Court dismissed the sole claim brought by the Firemen's Retirement System of St. Louis ("St. Louis"), without leave to amend (the "Dismissed Claim"). Accordingly, no response is required as to any allegations in the Complaint with respect to the Dismissed Claim.

Defendants deny all allegations contained in the Complaint to the extent they assert or suggest, individually or collectively, that Defendants engaged in any actionable conduct or are otherwise liable to the Plaintiff or the putative class or any proposed member thereof. For ease of reference, Defendants have organized their answer to the Complaint's allegations by employing the Complaint's headings and subheadings. In doing so, Defendants do not admit that the headings or subheadings are accurate or appropriate for any purpose in this matter and, to the extent that any heading can be read to contain factual allegations, deny each and every one of them.

Except as otherwise indicated, the responses herein in respect to each Defendant are made on personal knowledge with respect to allegations specifically relating to that Defendant, and on information and belief with respect to all other

[1] Pursuant to the Court's Stipulation and Order entered on August 28, 2026 (ECF No. 167), the deadline to file Defendants' Answer in response to Plaintiff's Third Amended Complaint (ECF No. 162) is September 4, 2026.

allegations (including based on information obtained from documents and/or other knowledgeable individuals).

Defendants deny that the allegations contained in the Complaint's unnumbered introductory paragraph present a fair and complete description of the matters described therein, and respectfully refer the Court to the publicly available documents referenced therein for a complete and accurate statement of their contents, and deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in the introductory paragraph concerning unspecified "filings," "reports," "press releases," "public statements," "regulatory decisions," "dockets" and "other publicly available information," and therefore deny them. Footnote 1 sets forth St. Louis' description of its legal claims, to which no response is required. To the extent that a response is required, Defendants deny the allegations in footnote 1. Defendants further aver that the unnumbered introductory paragraph and footnote 1 purport to adopt defined terms for the purposes of the Complaint as to which no response is required. Defendants further aver that, to the extent that the Complaint's introductory paragraph or footnote 1 relate to the Dismissed Claim, no response is required.

## I. INTRODUCTION

1. Paragraph 1 sets forth the Plaintiff's description of its legal claims, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 1, except admit that the Teamsters purports to bring this Action on behalf of a putative class of purchasers of Barclays' American Depositary Receipts ("ADRs") from July 22, 2019 through October 12, 2023. Defendants also admit that the Teamsters seek to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants deny that this Action is properly maintained as a class action and deny that the Teamsters is entitled to the relief it seeks on behalf of itself and the members of the putative class. Defendants further deny that either the Teamsters

or any other individual or entity suffered any injury as a result of any action or conduct of Defendants. Defendants aver that paragraph 1 and footnote 2 purport to adopt defined terms for the purposes of the Complaint as to which no response is required.

2. To the extent that the allegations of paragraph 2 consist of legal conclusions, no response is required or appropriate. Similarly, to the extent paragraph 2 merely purports to adopt defined terms for the purposes of the Complaint, no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 2.

3. To the extent that the allegations of paragraph 3 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 3 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the referenced "documents" and "pleadings" for a complete and accurate statement of their contents, except admit that, on November 1, 2021, Barclays issued a Regulatory News Service announcement that Mr. James E. Staley ("Staley") had agreed to step down as Group Chief Executive Officer ("CEO") of Barclays.

4. To the extent the allegations of paragraph 4 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 4 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "final decision" referenced in paragraph 4 for a complete and accurate statement of its contents.

## II. BACKGROUND

5. Defendants deny that the allegations of paragraph 5 present a fair and complete description of the matters described therein, except admit that Barclays is a bank headquartered in London, United Kingdom.

6. Defendants deny that the allegations of paragraph 6 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 6 for a complete and accurate statement of their contents.

7. Defendants deny that the allegations of paragraph 7 present a fair and complete description of the matters described therein, respectfully refer the Court to the documents referenced in paragraph 7 for a complete and accurate statement of their contents, and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that (i) Barclays' board committees currently include the Audit Committee, Nominations Committee, Risk Committee, Remuneration Committee, and Sustainability Committee; and (ii) the Reputation Committee was dissolved in 2019.

8. Defendants deny that the allegations of paragraph 8 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that the Executive Committee includes, among others, the Barclays' CEO and Barclays' Chief Financial Officer.

9. Defendants deny that the allegations of paragraph 9 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 9 for a complete and accurate statement of its contents.

10. Defendants deny that the allegations of paragraph 10 present a fair and complete description of the matters described therein, and respectfully refer

the Court to the documents quoted in paragraph 10 for a complete and accurate statement of their contents, except admit that Nigel Higgins (i) became Barclays' Board Chairman, effective May 2, 2019, and (ii) served on the Board Nominations Committee.

## III. OVERVIEW

11. Defendants deny that the allegations of paragraph 11 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that Staley became Barclays' Group CEO and an Executive Director on Barclays' Board on December 1, 2015.

12. Defendants deny that the allegations of paragraph 12 present a fair and complete description of the matters described therein and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

13. Defendants deny that the allegations of paragraph 13 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that Jeffrey Epstein ("Epstein") was arrested in July 2019.

14. Defendants deny that the allegations of paragraph 14 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 14 for a complete and accurate statement of its contents.

15. Defendants deny that the allegations of paragraph 15 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable

conduct, and respectfully refer the Court to the "article" referenced in paragraph 15 for a complete and accurate statement of its contents.

16. Defendants deny that the allegations of paragraph 16 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 16 for a complete and accurate statement of its contents.

17. Defendants deny that the allegations of paragraph 17 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "press reports" referenced in paragraph 17 for a complete and accurate statement of their contents.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 18.

19. Defendants deny that the allegations of paragraph 19 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 19 for a complete and accurate statement of their contents, except admit that, in August 2019, the United Kingdom's Financial Conduct Authority ("FCA") contacted Higgins.

20. Defendants deny that the allegations of paragraph 20 present a fair and complete description of the matters described therein, and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays sent a letter to the FCA on October 8, 2019, and Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to the activities of unidentified "U.S. investigators" and "U.K. regulators," deny that the allegations of paragraph 21 present a fair and complete description of the matters described therein, further deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 21 for a complete and accurate statement of its contents.

22. Defendants deny that the allegations of paragraph 22 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "2019 Annual Report" and press release referenced in paragraph 22 for a complete and accurate statement of their contents.

23. Defendants deny that the allegations of paragraph 23 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to a transcript of the "earnings call" referenced in paragraph 23 for a complete and accurate statement of its contents.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 24 concerning unidentified "investors." Defendants also deny that the allegations of paragraph 24 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "emails" and "communications" referenced in paragraph 24 for a complete and accurate statement of their contents.

25. Defendants deny that the allegations of paragraph 25 present a fair and complete description of the matters described therein and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

26. Defendants deny that the allegations of paragraph 26 present a fair and complete description of the matters described therein and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that, on October 29, 2021, Barclays and Staley were made aware of the preliminary conclusions from the FCA of its investigation into Staley's characterization to Barclays of his relationship with Epstein.

27. Defendants deny that the allegations of paragraph 27 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "announcement" referenced in paragraph 27 for a complete and accurate statement of its contents.

28. Defendants deny that the allegations of paragraph 28 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "complaint," "emails," and "press release" referenced in paragraph 28 for a complete and accurate statement of their contents.

29. Defendants deny that the allegations of paragraph 29 and footnote 3 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" referenced in paragraph 29 and footnote 3 for a complete and accurate statement of its contents, except admit that the FCA issued a public announcement of its Decision Notice on October 12, 2023.

30. Defendants deny the allegations of paragraph 30.

## IV. JURISDICTION AND VENUE

31. To the extent that the allegations of paragraph 31 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 31 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

32. Paragraph 32 sets forth Plaintiff's description of its legal claims, to which no response is required. Similarly, to the extent that the allegations of paragraph 32 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 32 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

33. To the extent that the allegations of paragraph 33 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 33 present a fair and complete description of the matters described therein, and deny the allegations of paragraph 33 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

34. To the extent that the allegations of paragraph 34 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 34 present a fair and complete description of the matters described therein, deny the allegations of paragraph 34 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays files annual reports and other documents with the U.S. Securities and Exchange Commission.

35. To the extent that the allegations of paragraph 35 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 35 present a fair and

complete description of the matters described therein, deny the allegations of paragraph 35 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 35 for a complete and accurate statement of their contents.

36. To the extent that the allegations of paragraph 36 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 36 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

37. To the extent that the allegations of paragraph 37 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 37 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

38. To the extent that the allegations of paragraph 38 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 38 to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

## V. PARTIES

39. Defendants deny the allegations of paragraph 39 and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 concerning the Teamsters' operations, the Teamsters' alleged purchase(s) of Barclays' ADRs, or the matters set forth in the certifications referenced in paragraph 39.

40. Defendants deny the allegations of paragraph 40 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that (i) Barclays is a bank incorporated in the United Kingdom, (ii) Barclays' head office is located at 1 Churchill Place, London, E14 5 HP, England, (iii) Barclays ADRs trade on the NYSE under the ticker symbol "BCS," and (iv) Barclays ordinary shares trade on the LSE under the ticker symbol "BARC."

Defendants further state that, to the extent that paragraph 40 relates to the Dismissed Claim, no response is required.

41. Defendants deny that the allegations of paragraph 41 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the announcements referenced in paragraph 41 for a complete and accurate statement of their contents, except admit that (i) Staley served as Barclays' Group CEO and as a Director on Barclays' Board of Directors from December 1, 2015, through October 31, 2021 and (ii) Staley was employed by JPMorgan in various roles prior to joining Barclays.

42. Defendants deny that the allegations of paragraph 42 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Higgins (a) has served as Barclays Group Chairman since May 2019, (b) served on the Barclays Board Nominations Committee during the putative class period, and (c) signed letters to shareholders. Defendants respectfully refer the Court to the documents referenced in paragraph 42 for a complete and accurate statement of their contents.

43. Paragraph 43 merely purports to adopt defined terms for the purposes of the Complaint, to which no response is required.

## VI. CONTROL PERSONS

44. To the extent that the allegations of paragraph 44 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 44 present a fair and complete description of the matters described therein, deny the allegations of paragraph 44 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays is a publicly held company with ordinary shares traded on the London Stock Exchange and ADRs traded on the

New York Stock Exchange. Defendants further state that, to the extent that paragraph 44 relates to the Dismissed Claim, no response is required.

45. Defendants deny that the allegations of paragraph 45 present a fair and complete description of the matters described therein, deny the allegations of paragraph 45 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 45 for a complete and accurate statement of their contents.

46. Defendants deny that the allegations of paragraph 46 present a fair and complete description of the matters described therein, deny the allegations of paragraph 46 to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the statements referenced in paragraph 46 for a complete and accurate statement of their contents.

## VII. MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

### A. Epstein's Arrest Provokes Media Reports About Epstein's Wall Street Connections, Including with Staley

47. Defendants deny that the allegations of paragraph 47 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" quoted in paragraph 47 for a complete and accurate statement of its contents.

48. Defendants deny that the allegations of paragraph 48 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" quoted in paragraph 48 for a complete and accurate statement of its contents.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 49 concerning unspecified "news outlets." Defendants also deny that the allegations of paragraph

49 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" quoted in paragraph 49 for a complete and accurate statement of its contents.

50. Defendants deny that the allegations of paragraph 50 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" quoted in paragraph 50 for a complete and accurate statement of its contents.

51. Defendants deny that the allegations of paragraph 51 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 51 for a complete and accurate statement of their contents.

52. Defendants deny the allegations of paragraph 52.

### B. Bank Regulators Launch Investigation into Staley's Relationship with Epstein and the Suitability of His Leadership

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 53 concerning Epstein's death and the FCA's reaction thereto.

54. Defendants aver that paragraph 54 merely characterizes the laws relating to the FCA and states legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendants deny that the allegations of paragraph 54 present a fair and complete description of the matters described therein, deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct, and refer the Court to the quoted documents for a complete and accurate statement of their contents.

55. Defendants deny that the allegations of paragraph 55 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" quoted in paragraph 55 for a complete and accurate statement of its contents.

56. Defendants deny that the allegations of paragraph 56 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Staley, Higgins, and Robert Hoyt were involved in preparing a letter sent from Barclays to the FCA on October 8, 2019.

57. Defendants deny that the allegations of paragraph 57 and footnote 4 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "letter" and "article" referenced in paragraph 57 and footnote 4 for a complete and accurate statement of their contents.

58. Defendants deny that the allegations of paragraph 58 and footnote 5 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the versions of the "letter" referenced in paragraph 58 for a complete and accurate statement of their contents.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 59 relating to the interactions between JPMorgan and the FCA. Defendants also deny that the allegations of paragraph 59 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to

the "documents," "emails," and "letter" referenced in paragraph 59 for a complete and accurate statement of their contents.

60. Defendants deny that the allegations of paragraph 60 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Higgins attended a meeting with Mark Carney, Andrew Bailey, and Sam Woods in December 2019.

61. Defendants deny that the allegations of paragraph 61 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "report" and "emails" referenced in paragraph 61 for a complete and accurate statement of their contents, except admit that external counsel conducted a review.

62. Defendants deny that the allegations of paragraph 62 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "emails" referenced in paragraph 62 for a complete and accurate statement of their contents.

### C. Defendants Falsely Assured Investors of Staley's Transparency and Their Full Confidence in His Leadership

63. Defendants deny that the allegations of paragraph 63 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 63 for a complete and accurate statement of their contents, except admit that Barclays issued a press release on February 13, 2020 that was titled "Director effectiveness assessment: disclosure of regulatory investigation."

64. Defendants deny that the allegations of paragraph 64 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "press release" and "Annual Report" referenced in paragraph 64 for a complete and accurate statement of their contents.

65. Defendants deny that the allegations of paragraph 65 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "Annual Report" referenced in paragraph 65 for a complete and accurate statement of its contents.

66. Defendants deny that the allegations of paragraph 66 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Staley was a participant during the February 13, 2020 earnings call, and respectfully refer the Court to a transcription of that earnings call for a complete and accurate statement of his statements.

67. Defendants deny that the allegations of paragraph 67 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Staley appeared on Bloomberg Television on February 13, 2020, and respectfully refer the Court to a transcription of the "interview" referenced in paragraph 67 for a complete and accurate statement of its contents.

68. Defendants deny that the allegations of paragraph 68 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable

conduct, and respectfully refer the Court to the "article" referenced in paragraph 68 for a complete and accurate statement of its contents.

69. Defendants deny that the allegations of paragraph 69 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 69 for a complete and accurate statement of its contents.

70. Defendants deny that the allegations of paragraph 70 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 70 for a complete and accurate statement of its contents.

71. Defendants deny that the allegations of paragraph 71 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the publications quoted in paragraph 71 for a complete and accurate statement of their contents.

72. Defendants deny that the allegations of paragraph 72 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the document referenced in paragraph 72 for a complete and accurate statement of its contents.

73. Defendants deny that the allegations of paragraph 73 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays issued its 2020 Annual Report on February 18, 2021, and respectfully refer the Court to the "Annual Report" referenced in paragraph 73 for a complete and accurate statement of its contents.

74. Defendants deny the allegations of paragraph 74. Defendants respectfully refer the Court to the "Annual Report" referenced in paragraph 74 for a complete and accurate statement of its contents. Defendants further repeat and reassert their response to paragraph 65 as if fully set forth here.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny that the allegations of paragraph 76 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 76 for a complete and accurate statement of their contents. Defendants repeat and reassert their responses to paragraphs 64-67, 69-70, and 72-74 as if fully set forth here.

### D. Staley Leaves Barclays upon the FCA's Preliminary Findings that Staley Lied About His Ties to Epstein

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny that the allegations of paragraph 78 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays issued a "press release" on November 1, 2021, and respectfully refer the Court to that "press release" referenced in paragraph 78 for a complete and accurate statement of its contents.

79. Defendants deny that the allegations of paragraph 79 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the publications referenced in paragraph 79 for a complete and accurate statement of their contents.

80. Defendants deny that the allegations of paragraph 80 present a fair and complete description of the matters described therein, deny such allegations to

the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" and "emails" referenced in paragraph 80 for a complete and accurate statement of their contents.

81. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what unidentified "attorneys sought to" do. Defendants also deny that the allegations of paragraph 81 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 81 for a complete and accurate statement of its contents.

82. Defendants deny that the allegations of paragraph 82 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the article referenced in paragraph 82 for a complete and accurate statement of its contents.

83. Defendants deny that the allegations of paragraph 83 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that Barclays issued its 2021 Annual Report on February 23, 2022, and respectfully refer the Court to that "Annual Report" referenced in paragraph 83 for a complete and accurate statement of its contents.

84. Defendants deny the allegations of paragraph 84. Defendants respectfully refer the Court to the "Annual Report" referenced in paragraph 84 for a complete and accurate statement of its contents. Defendants repeat and reassert their response to paragraph 65 as if fully set forth here.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny that the allegations of paragraph 86 present a fair and complete description of the matters described therein, deny such allegations to

the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 86 for a complete and accurate statement of their contents. Defendants repeat and reassert their responses to paragraphs 76, 78, and 81-84 as if fully set forth here.

### E. Private and Government Lawsuits Threaten to Expose Ugly Facets of Staley's Relationship with Epstein

87. Defendants deny that the allegations of paragraph 87 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that litigation in *Jane Doe 1* v. *JP Morgan Chase & Co.*, No. 1:22-cv-10019 (S.D.N.Y.) commenced on November 24, 2022. Defendants respectfully refer the Court to the "complaint" referenced in paragraph 87 for a complete and accurate statement of its contents.

88. Defendants deny that the allegations of paragraph 88 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that the Attorney General for the United States Virgin Islands commenced a civil action against JPMorgan on December 27, 2022. Defendants respectfully refer the Court to the "complaint" referenced in paragraph 88 for a complete and accurate statement of its contents.

89. Defendants deny the allegations of paragraph 89. Defendants respectfully refer the Court to the "Annual Report" referenced in paragraph 89 for a complete and accurate statement of its contents. Defendants repeat and reassert their response to paragraph 65 as if fully set forth here.

90. Defendants deny that the allegations of paragraph 90 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable

conduct, and respectfully refer the Court to the complaint and emails referenced in paragraph 90 for a complete and accurate statement of their contents.

91. Defendants deny that the allegations of paragraph 91 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "article" referenced in paragraph 91 for a complete and accurate statement of its contents.

92. Defendants deny that the allegations of paragraph 92 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "complaints" referenced in paragraph 92 for a complete and accurate statement of their contents.

93. Defendants deny that the allegations of paragraph 93 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "letter" referenced in paragraph 93 for a complete and accurate statement of its contents.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 94 concerning settlements reached in the "Doe Litigation" and the "USVI Litigation" referenced in paragraph 94. Defendants also deny that the allegations of paragraph 94 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "settlement[s]" referenced in paragraph 94 for a complete and accurate statement of their contents.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny that the allegations of paragraph 96 present a fair and complete description of the matters described therein, deny such allegations to

the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 96 for a complete and accurate statement of their contents. Defendants repeat and reassert their responses to paragraphs 76, 86, 89 and 93 as if fully set forth here.

97. Defendants deny the allegations of paragraph 97.

## VIII. DISCLOSURES ESTABLISHING LOSS CAUSATION

98. Defendants deny the allegations of paragraph 98.

99. Defendants deny that the allegations of paragraph 99 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that the FCA issued an announcement on October 12, 2023, and respectfully refer the Court to that "announcement" referenced in paragraph 99 for a complete and accurate statement of its contents.

100. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of any allegations contained in paragraph 100 concerning the "publication" of the "FCA Decision," and respectfully refer the Court to the "announcement" and "FCA Decision" referenced in paragraph 100 for a complete and accurate statement of their contents.

101. Defendants deny that the allegations of paragraph 101 and footnote 6 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" and "Warning Notice" referenced in paragraph 101 and footnote 6 for a complete and accurate statement of their contents.

102. Defendants deny that the allegations of paragraph 102 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable

conduct, and respectfully refer the Court to the "FCA Decision" and unidentified "public disclosures" referenced in paragraph 102 for a complete and accurate statement of their contents.

103. Defendants deny that the allegations of paragraph 103 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" and emails referenced in paragraph 103 for a complete and accurate statement of their contents.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the interactions between JPMorgan, the FCA, and unidentified "U.S. authorities." Defendants deny that the allegations of paragraph 104 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" and emails referenced in paragraph 104 for a complete and accurate statement of their contents.

105. Defendants deny that the allegations of paragraph 105 present a fair and complete description of the matters described therein, and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct. Defendants repeat and reassert their response to paragraph 60 as if fully set forth here.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the basis for the referenced "FCA Decision." Defendants deny that the allegations of paragraph 106 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, except admit that external counsel conducted a review. Defendants

respectfully refer the Court to the FCA Decision and emails referenced in paragraph 106 for a complete and accurate statement of their contents. Defendants also repeat and reassert their response to paragraph 61 as if fully set forth here.

107. Defendants deny that the allegations of paragraph 107 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" and emails referenced in paragraph 107 for a complete and accurate statement of their contents.

108. Defendants deny that the allegations of paragraph 108 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct. Defendants further state that, to the extent that paragraph 108 relates to the Dismissed Claim, no response is required. Defendants also repeat and reassert their responses to paragraphs 64-67 as if fully set forth here.

109. Defendants deny the allegations of paragraph 109.

110. Defendants deny the allegations of paragraph 110.

111. Defendants deny that the allegations of paragraph 111 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" referenced in paragraph 111 for a complete and accurate statement of its contents. Defendants also repeat and reassert their responses to paragraphs 64-67 as if fully set forth here.

112. Defendants deny that the allegations of paragraph 112 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable

conduct, and respectfully refer the Court to the emails referenced in paragraph 112 for a complete and accurate statement of their contents.

113. Defendants deny that the allegations of paragraph 113 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the "FCA Decision" referenced in paragraph 113 for a complete and accurate statement of its contents.

114. Defendants deny the allegations of paragraph 114. Defendants further state that, to the extent that paragraph 114 relates to the Dismissed Claim, no response is required.

115. Defendants deny that the allegations of paragraph 115 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 115 for a complete and accurate statement of their contents.

116. Defendants deny that the allegations of paragraph 116 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 116 for a complete and accurate statement of their contents.

117. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what the FCA "considered" when imposing the referenced penalty on Staley. Defendants deny that the allegations of paragraph 117 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the documents referenced in paragraph 117 for a complete and accurate statement of their contents.

118. Defendants deny that the allegations of paragraph 118 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the letter referenced in paragraph 118 for a complete and accurate statement of its contents.

119. Defendants deny that the allegations of paragraph 119 present a fair and complete description of the matters described therein, deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct, and respectfully refer the Court to the document quoted in paragraph 119 for a complete and accurate statement of its contents.

120. Defendants deny that the allegations of paragraph 120 present a fair and complete description of the matters described therein, except admit that a Barclays press release was issued on October 12, 2023, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

121. Defendants deny that the allegations of paragraph 121 present a fair and complete description of the matters described therein, except admit that a Barclays press release was issued on October 12, 2023, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

122. Defendants deny the allegations of paragraph 122.

123. Defendants deny the allegations of paragraph 123.

## IX. NO SAFE HARBOR

124. To the extent that the allegations of paragraph 124 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 124 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

125. To the extent that the allegations of paragraph 125 consist of legal claims, no response is required or appropriate. To an extent a response is required,

Defendants deny that the allegations of paragraph 125 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

**X. RELIANCE**

126. To the extent that the allegations of paragraph 126 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 126 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

127. To the extent that the allegations of paragraph 127 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 127 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

128. To the extent that the allegations of paragraph 128 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 128 present a fair and complete description of the matters described therein and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

129. To the extent that the allegations of paragraph 129 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 129 present a fair and complete description of the matters described therein and deny such allegations to the extent that they assert or suggest that Defendants engaged in any actionable conduct.

130. To the extent that the allegations of paragraph 130 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 130 present a fair and complete

description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

## XI. LEAD PLAINTIFF'S CLASS ACTION ALLEGATIONS

131. To the extent that the allegations of paragraph 131 consist of a characterization of Plaintiff's claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 131 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

132. To the extent that the allegations of paragraph 132 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 132 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

133. To the extent that the allegations of paragraph 133 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 133 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

134. To the extent that the allegations of paragraph 134 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 134 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

135. To the extent that the allegations of paragraph 135 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 135 present a fair and complete

description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

136. To the extent that the allegations of paragraph 136 consist of legal claims, no response is required or appropriate. To an extent a response is required, Defendants deny that the allegations of paragraph 136 present a fair and complete description of the matters described therein and deny such allegations to the extent they assert or suggest that Defendants engaged in any actionable conduct.

## COUNT I

### For Violations of §10(b) and Rule 10b-5 Promulgated Thereunder Against All Defendants

137. Defendants repeat and reassert their responses to paragraphs 1-136 and footnotes contained therein as if fully set forth here.

138. To the extent that the allegations of paragraph 138 consist of a characterization of Plaintiff's claim, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 138, except admit that Plaintiff purports to assert the claim on behalf of itself and a putative class of shareholders.

139. To the extent that the allegations of paragraph 139 consist of a characterization of Plaintiff's claim, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 139, except admit that Plaintiff purports to assert the claim against all Defendants.

140. To the extent that the allegations of paragraph 140 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 140. Defendants also repeat and reassert their responses to paragraphs 48, 64-67, 69-70, 72-74, 78, 81-84, 89, and 93 as if fully set forth here.

141. To the extent that the allegations of paragraph 141 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 141.

142. To the extent that the allegations of paragraph 142 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 142.

143. To the extent that the allegations of paragraph 143 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 143.

144. To the extent that the allegations of paragraph 144 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 144.

145. To the extent that the allegations of paragraph 145 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 145.

146. To the extent that the allegations of paragraph 146 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 146.

147. To the extent that the allegations of paragraph 147 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 147.

148. To the extent that the allegations of paragraph 148 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 148.

## COUNT II

## For Violations of §20(a) of the Exchange Act Against All Defendants

149. Defendants repeat and reassert their responses to paragraphs 1-148 and footnotes contained therein as if fully set forth here.

150. To the extent that the allegations of paragraph 150 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 150.

151. To the extent that the allegations of paragraph 151 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 151.

152. To the extent that the allegations of paragraph 152 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 152.

153. To the extent that the allegations of paragraph 153 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 153.

154. To the extent that the allegations of paragraph 154 consist of legal claims, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraph 155.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants state the following defenses and reserve their rights to assert other and additional defenses of which they may become aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against Defendants.

**SECOND DEFENSE**

The Complaint fails to allege fraud with the requisite particularity. The Complaint fails to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

**THIRD DEFENSE**

The Complaint fails to plead that the alleged misstatements or omissions at issue were materially false or misleading, and neither Plaintiff nor the putative class can prove that the alleged misstatements or omissions at issue were materially false or misleading.

**FOURTH DEFENSE**

The alleged misstatements at issue in this Action were not material. The Complaint fails to plead that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor, and neither the Plaintiff nor the putative class can prove that the allegedly false or misleading statements at issue were material to the investment decisions of a reasonable investor.

**FIFTH DEFENSE**

The Complaint fails to plead that Defendants owed or breached any duty to the Plaintiff or the putative class to disclose information allegedly omitted from the statements at issue, and neither Plaintiff nor the putative class can prove that Defendants owed or breached any duty to the Plaintiff or the putative class to disclose information allegedly omitted from the statements at issue.

**SIXTH DEFENSE**

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because Defendants acted with reasonable care. After reasonable and diligent investigation, Defendants had reasonable grounds to believe, and did believe, the alleged misstatements at issue in this Action were true

and omitted no material fact necessary to make those statements not misleading.

**SEVENTH DEFENSE**

Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff or members of the putative class.

**EIGHTH DEFENSE**

The claims of Plaintiff and members of the putative class that are predicated on statements of opinion or belief fail because the Plaintiff cannot prove that those non-actionable statements were objectively false when made and that any such statement misrepresented the speaker's subjective opinion or belief.

**NINTH DEFENSE**

Plaintiff lacks standing to assert its claims or claims on behalf of the putative class.

**TENTH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because any loss or diminution in value of the securities, or any alleged damages or injuries suffered by Plaintiff and members of the putative class, are not the result of any alleged misrepresentations or omissions.

**ELEVENTH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

**TWELFTH DEFENSE**

The Complaint fails to plead loss causation, and neither the Plaintiff nor the putative class can prove loss causation. Any damages or injuries allegedly suffered by Plaintiff and members of the putative class were not legally caused by any act or omission by Defendants.

**THIRTEENTH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because there is no causal relationship between the alleged misstatements or omissions and the purchases of Barclays' ADRs, and the purchases were not effected by means of the alleged misstatements or omissions.

**FOURTEENTH DEFENSE**

The Plaintiff's claims are barred to the extent they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by U.S. securities laws.

**FIFTEENTH DEFENSE**

The Plaintiff's claims are barred to the extent that they rest on allegations of breach of fiduciary duty or mismanagement that are not actionable under U.S. securities laws.

**SIXTEENTH DEFENSE**

Defendants acted at all times in good faith and without scienter, and they neither knew nor were reckless in not knowing that alleged misstatements at issue in this Action were false or misleading.

**SEVENTEENTH DEFENSE**

Plaintiff fails to plead scienter with the requisite particularity.

**EIGHTEENTH DEFENSE**

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because Plaintiff and members of the putative class knew or should have known of any alleged misstatements or omissions, at the time they acquired the securities in question. Their own negligence, actions, omissions, or other fault proximately contributed to the injuries allegedly suffered by them, and bars any recovery to the extent thereof.

**NINETEENTH DEFENSE**

If and to the extent the statements at issue are found to have been false

or misleading (which Defendants deny), the actual facts alleged to have been misstated or omitted were in fact known to or entered the securities market through credible sources. Plaintiff and the putative class are not entitled to any recovery because the substance of the allegedly material information that was allegedly misstated or omitted was in fact publicly available and/or widely known to the market and the investing community.

**TWENTIETH DEFENSE**

Plaintiff and the putative class did not reasonably or justifiably rely on any allegedly false or misleading statement of material fact or any alleged omissions of material fact when they purchased Barclays' ADRs, and the "fraud-on-the-market" presumption of reliance is unavailable in this action. Without limiting the generality of the foregoing, the "fraud-on-the-market" presumption of reliance is unavailable in this Action because, among other reasons, any allegedly false or misleading statement of material fact or any alleged omissions of material fact had no impact on the price of Barclays' ADRs.

**TWENTY-FIRST DEFENSE**

The Plaintiff's claims are barred, in whole or in part, because Plaintiff purchased the securities at issue with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their securities would decline if those risks materialized, and any alleged losses were caused by those risks coming to fruition.

**TWENTY-SECOND DEFENSE**

This Action should not be certified as a class action because the class as alleged by the Plaintiff does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**TWENTY-THIRD DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because Defendants did not make alleged

misstatements. To the extent that any injury or damages were incurred as alleged in the Complaint, which is denied, any such injury or damages were caused and brought about by the acts, conduct or omission of individuals and/or entities other than Defendants. The Plaintiff's claims are barred, in whole or in part, because of the contribution of or the comparative fault of individuals and/or entities over whom Defendants had no control.

**TWENTY-FOURTH DEFENSE**

On information and belief, the Plaintiff, or one or more of the members of the putative class, failed to take action that was reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and the claims of Plaintiff and members of the putative class are barred to the extent of such failure to mitigate.

**TWENTY-FIFTH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because Plaintiff and members of the putative class would have purchased the securities in question even with full knowledge of the facts that they now allege were misrepresented or omitted.

**TWENTY-SIXTH DEFENSE**

The Plaintiff's claims are barred because they seek recoveries not available under U.S. securities laws.

**TWENTY-SEVENTH DEFENSE**

The Plaintiff's claims are barred under the doctrines of acquiescence, estoppel, waiver, ratification, laches, and other related doctrines and principles.

**TWENTY-EIGHTH DEFENSE**

Higgins is not subject to control person liability under Section 20(a) of the Exchange Act because he acted in good faith and/or did not directly or indirectly induce, or culpably participate in, any of the alleged acts that supposedly violated the Exchange Act.

**TWENTY-NINTH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to them.

**THIRTIETH DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because to the extent that primary violations fail, the "control person" claims also fail.

**THIRTY-FIRST DEFENSE**

The claims of the Plaintiff and members of the putative class are barred, in whole or in part, because Defendants had no reasonable ground to believe and did not believe, at the time of any alleged untrue statement of material fact, that the statement was untrue, or that there was an omission to state a material fact necessary to make the statement not misleading.

**THIRTY-SECOND DEFENSE**

The Plaintiff's claims and the allegations upon which they are based are improperly vague, ambiguous and confusing. Defendants reserve the right to request a more definite statement.

**THIRTY-THIRD DEFENSE**

Plaintiff and putative class members are not entitled to attorney's fees or expert fees as a matter of law.

* * *

At this time, the Complaint does not describe the claims made against Defendants with sufficient particularity to allow Defendants to determine all their defenses, and Defendants therefore lack sufficient knowledge to form a belief as to the existence and availability of additional affirmative defenses. Defendants reserve their rights to assert additional affirmative defenses, cross-claims, and third-party claims as they discover them through discovery or other investigation.

Defendants hereby give notice that they intend to rely upon such other and further defenses. In all instances, Defendants reserve the right to amend and/or supplement any and all defenses set forth herein. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this Action.

**PRAYER FOR RELIEF**

Based upon the foregoing, Defendants respectfully request that the Court (i) enter judgment in favor of Defendants and dismiss all claims asserted in this Action in their entirety, with prejudice and without further leave to amend, (ii) award Defendants the costs, disbursements, and attorneys' fees incurred by them in defending this Action, to the extent authorized by law, and (iii) award Defendants such other further relief as may be appropriate or that the Court may deem just and proper.

Dated: September 4, 2026

/s/ Adam S. Paris

Adam S. Paris (SBN # 190693)
(parisa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Jeffrey T. Scott (*pro hac vice*)
(scottj@sullcrom.com)
Matthew J. Porpora (*pro hac vice*)
(porporam@sullcrom.com)
Jason P. Barnes (SBN # 331621)
(barnesjas@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3558

Peter B. Morrison (SBN # 230148)
(peter.morrison@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Scott D. Musoff (*pro hac vice*)
(scott.musoff@skadden.com)
Boris Bershteyn (*pro hac vice*)
(boris.bershteyn@skadden.com)
Lara A. Flath (*pro hac vice*)
(lara.flath@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants Barclays PLC and Nigel Higgins*

**DECLARATION OF SERVICE**

I, Adam S. Paris, not a party to the action, hereby declare that on September 4, 2026, I caused BARCLAYS PLC AND NIGEL HIGGINS' ANSWER TO THE THIRD AMENDED COMPLAINT to be served on counsel to the parties in the action through ECF filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2026
Los Angeles, California

/s/ *Adam S. Paris*
Adam S. Paris