Robbins Geller Rudman & Dowd LLP

Chicago Melville Nashville San Diego Wilmington
Boca Raton Manhattan Philadelphia San Francisco Washington, D.C.

Shawn A. Williams
shawnw@rgrdlaw.com

November 2, 2026

The Honorable Karen L. Stevenson
United States District Court
for the Central District of California
255 East Temple Street
Courtroom 580, 5th Floor
Los Angeles, CA 90012

Re: *Merritt v. Barclays PLC*,
No. 2:23-cv-09217-MEMF-KS

Dear Judge Stevenson:

Pursuant to the Court's oral order on October 29, 2026, Lead Plaintiff Teamsters Local 237 Additional Security Benefit Fund and Teamsters Local 237 Supplemental Fund for Housing Authority Employees ("Plaintiff") writes responding to Defendants' request to depose Plaintiff's expert, Dr. Stephen P. Feinstein, on November 6, 2026.[1]

Defendants had ample opportunity to depose Dr. Feinstein before filing their opposition to Plaintiff's December 2025 motion for class certification but chose not to. They now seek his deposition after briefing has closed, purportedly to examine opinions submitted with Plaintiff's reply, despite having no authorization to supplement their opposition or cross-examine Dr. Feinstein at the December 3, 2026 class certification hearing.

Rule 26(b)(2)(C)(ii) directs courts to limit discovery when the requesting party has had ample opportunity to obtain the information. *See also* Rule 26(c)(1). It should do so here. Plaintiff respectfully requests a protective order precluding Dr. Feinstein's deposition at this juncture.

## I. Defendants Chose Not to Depose Dr. Feinstein Before Filing Their Opposition

In accordance with the Civil Trial Order (ECF 106), on December 12, 2025, Plaintiff filed its Motion to Certify the Classes, Appoint Class Representatives, and Appoint Class Counsel ("Motion"), supported by Dr. Feinstein's opening report. ECF 126, 127-3.[2] Defendants moved to dismiss the §90A claim under the U.K. Financial Services and Markets Act, and because of that

---

[1] Notwithstanding the Court's express instruction that the parties limit their submissions to five pages each, and not submit exhibits, Defendants' October 30 letter (ECF 183) attaches 36 pages of exhibits.

[2] Contrary to Defendants' representations, Plaintiff filed the Motion in accordance with the court-ordered schedule. *See* ECF 106. Judge Frimpong did not modify the class certification briefing schedule until February 19, 2026, and did not rule on Defendants' motion to stay until July 28, 2026. ECF 152, 161.

4927-2002-0189.v1

Robbins Geller Rudman & Dowd LLP



pending motion, invoked the discovery stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). ECF 102. Unable to pursue discovery relevant to class certification, the parties stipulated to extend the deadline for Defendants to oppose the Motion until after the Court ruled on the motion to dismiss and the stay lifted. ECF 142. By the time Defendants filed their opposition to Plaintiff's motion for class certification on September 14, 2026 – per stipulation, 47 days after the motion to dismiss order (ECF 163) – Defendants had ***more than nine months*** to review and consider Plaintiff's Motion and Dr. Feinstein's supporting opinions, and to determine whether to depose him. They chose not to.[3] Despite forgoing Dr. Feinstein's deposition, Defendants were nevertheless able to support their opposition with two expert reports, as well as backup materials totaling more than 46,000 pages, challenging Dr. Feinstein's opinions. ECF 174, 174-3, 174-4, 175.

Only on September 16, 2026, two days ***after*** filing their opposition, did Defendants first request Dr. Feinstein's deposition, proposing a date after Plaintiff's October 29, 2026 reply deadline and less than a month before the December 3, 2026 class-certification hearing.[4] ECF 167. Defendants suggest that Rule 26 permits their taking Dr. Feinstein's expert deposition now (ECF 183 at 2), but under Court order, and as Defendants recognize, the Court ordered period for expert discovery begins on August 19, 2027 and ends on September 23, 2027 (ECF 167). Claiming no deadline (except that of expert discovery) exists to depose Dr. Feinstein is entirely inconsistent with Defendants' urgency to depose him before the class certification hearing. ECF 183 at 2. That inconsistency is telling, as here – Defendants seek Dr. Feinstein's deposition only to belatedly drum up challenges against Plaintiff's required class certification showing, after the close of briefing.[5]

Moreover, Dr. Feinstein's deposition is unwarranted in advance of the December 3, 2026 class certification hearing because his two reports already filed in this case comprehensively address his opinions, preventing any "unfair surprise" Defendants appear worried about. ECF 183 at 4. And further, a prior deposition is not a prerequisite for impeachment, should Defendants be afforded the opportunity at the hearing, yet to be determined to involve witnesses. *See id.*

## II. Defendants' Price-Impact Burden Does Not Entitle Them to Additional Class-Certification Discovery After Briefing Closes

Plaintiff bears the burden of establishing the requirements for class certification under Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351-52 & n.7 (2011). In securities litigation, a

---

[3] Instead, Defendants elected to take two ***other*** depositions prior to their opposition brief, but not Dr. Feinstein's.

[4] Contrary to Defendants' representations during the October 29, 2026 conference, Plaintiff did not request to depose Drs. Starks or Stulz.

[5] Defendants likewise overplay the schedule's lack of a separate class-certification discovery cutoff, erroneously presuming that Plaintiff (and the Court) would have agreed to a cutoff ***after*** the reply's filing. ECF 183 at 2.

plaintiff may establish class-wide reliance through the fraud-on-the-market presumption recognized in *Basic Inc. v. Levinson*, 485 U.S. 224, 242-47 (1988), including by demonstrating that the security traded in an efficient market, *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014). The Supreme Court has made clear that the showing of market efficiency is "directed at price impact – 'whether the alleged misrepresentations affected the market price in the first place.'" *Id.* at 278. Plaintiff submitted Dr. Feinstein's opening report to support that showing. ECF 127-3.

Once a plaintiff has established the presumption, which Plaintiff has done here, the burden ***shifts*** to Defendants to rebut the presumption by demonstrating a complete absence of price impact by a preponderance of the evidence. *Goldman Sachs Group, Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 126 (2021). To do so, Defendants may submit evidence showing that the alleged misrepresentations had no impact on the defendant-company's stock price. *Halliburton*, 573 U.S. at 283. Defendants elected to do so through the expert reports submitted with their opposition. ECFs 174-2, 174-3.

Price impact is thus inherently responsive: it arises only once plaintiff invokes the *Basic* presumption, and only when a defendant elects to rebut that presumption. Defendants' opposition was therefore not, as they contend, the "opening brief" on price impact. ECF 183 at 3. It rebuts Plaintiff's opening showing, resting on Dr. Feinstein's opening report. Even after the Supreme Court's decision in *Goldman*, defendants in securities class actions ordinarily depose a plaintiffs' expert ***before*** their opposition in order to make such a showing in their filing.[6]

Plaintiff was entitled to reply to the arguments and expert evidence Defendants raised in opposition. "True, Plaintiff[] cite[s] some new caselaw and point[s] to different evidence in their reply brief, but they do so to rebut arguments Defendants raised in their response." *KnowB4, Inc. Sec. Litig.*, No. 25-22574-CIV-ALTONOGA, ECF 177 (S.D. Fla. June 8, 2026); *see also In re ConAgra Foods, Inc.,* 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) ("Evidence submitted in direct response to evidence raised in the opposition, however, is not 'new.'"), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121 (9th Cir. 2017), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 674 F.App'x 654 (9th Cir. 2017). *Goldman* instructs courts to consider "all the evidence of price impact" in the record. 594 U.S. at 127. Nothing in *Goldman* suggests that a defendant's rebuttal burden entitles it to the last

---

[6] The following cases serve as recent examples in which defendants deposed plaintiff's expert ***before*** filing their opposition brief: *Steamfitters Loc. 449 Pension & Ret. Sec. Funds v. Extreme Networks, Inc.*, No. 3:24-cv-05102, ECF 146-1 (N.D. Cal. May 15, 2026); *In re Gen. Motors Co. Sec. Litig.*, No. 4:23-cv-13132, ECF 107-1 (E.D. Mich. Sep. 4, 2026); *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. Globe Life Inc.*, No. 4:24-cv-00376, ECF 113 (E.D. Tex. Oct. 2, 2026); *Bucks Cnty. Emps. Ret. Sys. v. Norfolk S. Corp.*, No. 1:23-cv-04175, ECF 206-4 (N.D. Ga. Apr. 16, 2026); *In re Five Below, Inc. Sec. Litig.*, No. 2:24-cv-03638, ECF 62 (E.D. Pa. Mar. 13, 2026); *In re Estée Lauder Co. Sec. Litig.*, No. 1:23-cv-10669, ECF 105-12 (S.D.N.Y. Jan. 23, 2026); *In re Nat'l Instruments Corp. Sec. Litig.*, No. 1:23-cv-10488, ECF 70 (S.D.N.Y. June 16, 2025); *Pampena v. Musk*, No. 3:22-cv-05937, ECF 99-1 (N.D. Cal. Sep. 2, 2024).

Robbins Geller Rudman & Dowd LLP



word on class certification, unlimited rounds of briefing, or expert depositions after briefing closes, and Defendants identify no authority indicating as much.

## III. Defendants Have Not Established a Need for a Post-Reply Deposition

Defendants deny seeking Dr. Feinstein's deposition to manufacture another round of class-certification briefing. ECF 183 at 5. But the timing of their request, coupled with their repeated statements that they intend to seek a sur-reply, raises precisely that concern. *See* ECF 183 at 3, 5; ECF 100 (Joint Report 26(f) Discovery Plan). Under Local Rule 7-10, Defendants cannot respond to Plaintiff's reply without obtaining leave of court. Defendants have not sought, much less obtained, such authorization. Nevertheless, Defendants noticed Dr. Feinstein's deposition for a date after Plaintiff's reply, expressly anticipating that his rebuttal report would contain new price-impact opinions – ***before Defendants had even seen the report***. ECF 183 at 3.

Plaintiff has now filed its reply and Dr. Feinstein's rebuttal report, which responds to the opinions and analyses in Defendants' two expert reports totaling approximately 166 pages. ECF 180, 181-1; ECF 174-2, 174-3. A rebuttal expert report "'may cite new evidence and data or introduce new methods of analysis in a rebuttal report so long as the new evidence, data, or method is offered to contradict or rebut the opposing party's expert.'" *In re da Vinci Surgical Robot Antitrust Litig.*, 2025 WL 964879, at *9 n.4 (N.D. Cal. Mar. 31, 2025) (quoting *In re MacBook Keyboard Litig.*, 2022 WL 1604753, at *8 (N.D. Cal. Jan. 25, 2022)). Yet Defendants identify no specific opinion in Dr. Feinstein's reply report that exceeds the proper scope of rebuttal. Instead, ignoring their own experts' reports, they point to the report's length and the fact that it addresses price impact – precisely the subject Defendants raised through their opposition experts. ECF 183 at 3.

Defendants' own authorities further undermine their contention that Dr. Feinstein's deposition is necessary here. ECF 183 at 3. Nearly all their cited examples involved depositions taken only after courts had ***already*** authorized additional briefing or pursuant to the parties' agreement. *See* ECF 183 at 3 n.4. In two, the court had granted leave for a sur-reply before the deposition. *In re Agilon Health, Inc. Sec. Litig.*, No. 24-cv-00297 (W.D. Tex.), ECF 92, ¶4 (authorizing a sur-reply), ECF 149-1 at 1, ¶3; *In re Fidelity Nat'l Info. Servs., Inc. Sec. Litig.*, No. 23-cv-00252 (M.D. Fla.), ECF 99, 102 (permitting agreed-upon second deposition with only its length disputed, after granting leave for deposition and sur-reply), ECF 108-1. In the others, the parties had agreed to additional briefing. *In re Talis Biomedical Sec. Litig.*, No. 22-cv-00105 (N.D. Cal.), ECF 143 (approving stipulation permitting sur-reply before the deposition), ECF 149-4; *Shupe v. Rocket Co., Inc.*, No. 21-cv-11528 (E.D. Mich.), ECF 146 (granting agreed-upon and previously ordered sur-reply), ECF 189-5 at 2.[7]

---

[7] The only case cited wherein Defendants apparently did not obtain leave prior to deposing a plaintiff's expert after a reply has been filed is *In re Qualcomm, Inc. Sec. Litig.*, No. 17-cv-00121, ECF 255, 261, 264 at 2, ¶5 (S.D. Cal.). There was no motion practice on the matter and no indication that the plaintiff opposed the deposition. Moreover, as Defendants

Robbins Geller Rudman & Dowd LLP



Defendants also invoke the December 3 class certification hearing. ECF 183 at 4. Plaintiff does not dispute that class certification requires an evidentiary determination, but an evidentiary determination is not necessarily a hearing involving live witnesses, and "[a] motion for class certification is not . . . a motion for summary judgment or a mini-trial." *Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228, 231 (C.D. Cal. 2018); *see also In re Doximity, Inc. Sec. Litig.*, 2025 WL 3545837, at *1 (N.D. Cal. Oct. 31, 2026) (denying defendants' request for evidentiary hearing because there was "sufficient record to consider the motion for class certification"). Judge Frimpong has not ordered a hearing at which experts will testify, nor authorized Defendants to cross-examine Dr. Feinstein. Defendants' stated intention to invoke Local Rule 7-8 does not itself establish that live testimony will occur. Nor does the Court's obligation to evaluate the parties' written expert evidence entitle Defendants to supplement that evidence after briefing has closed.

Defendants have identified no compelling reason requiring Dr. Feinstein's deposition at this time. Plaintiff therefore seeks to protect Dr. Feinstein from the burden of a deposition for which Defendants have identified no present purpose beyond developing material for a sur-reply. *See* Fed. R. Civ. P. 1, 26(c)(1). In the alternative, if the Court permits the deposition, Plaintiff requests that the parties confer regarding a mutually convenient date and that the Court clarify that permitting the deposition does not authorize further class-certification briefing or supplementation of the record absent leave from Judge Frimpong.

Respectfully submitted,

SHAWN A. WILLIAMS

SAW:rb

---

agree, whether sur-replies are regularly permitted is not at issue here because Defendants have not sought leave to do so. *Cf. Caudle v. AAC Holdings, Inc.*, No. 19-cv-00407, ECF 116 (M.D. Tenn. Aug. 26, 2022); *In re Mattel, Inc. Sec. Litig.*, No. 19-cv-10860, ECF 133 (C.D. Cal. Sep. 9, 2021); *Grae v. Corrections Corp. of Am.*, No. 16-cv-02267, ECF 132 (M.D. Tenn. Nov. 6, 2018); *In re Finisar Corp. Sec. Litig.*, No. 11-cv-01252, ECF 147 (N.D. Cal. Nov. 17, 2017); *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10-cv-03461, ECF 158 (S.D.N.Y. June 8, 2015). In many of the cases Defendants cite, the parties had stipulated to or the plaintiff did not otherwise oppose a sur-reply. *See AMI v. Alphabet Inc.*, No. 23-cv-01186, ECF 149 (N.D. Cal. Apr. 2, 2026); *In re NIO, Inc. Sec. Litig.*, No. 19-cv-1424, ECF 124 (E.D.N.Y. Jan. 26, 2023); *Shupe v. Rocket Co., Inc.*, No. 21-cv-11528, ECF 143 (E.D. Mich Mar. 15, 2024.).